UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

MICHAEL T. FLYNN,

Defendant

Crim. No. 17-232 (EGS)

## PROTECTIVE ORDER GOVERNING DISCOVERY

Upon the unopposed motion of the government, pursuant to Fed. R. Crim. P. 16(d), it is hereby ORDERED:

1. All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this protective order and may be used by defendant, defendant's counsel, legal experts, administrative personnel, investigators, data or accounting analysts and database processors (defined as the Defense) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court. Before materials are provided to any member of the Defense, each must be provided with a copy of this Order, and that person must agree in writing to abide by the terms of this Order.

2. The Defense shall not share or provide the materials or their contents directly or indirectly to any person or entity other than persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom

the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense, but may not retain copies or create copies without prior permission of the Court.

3.  The Defense shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by the Defense. Such copies and reproductions shall be treated in the same manner as the original materials.

4.  The Defense and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, and all such notes or records are to be treated in the same manner as the original materials.

5.  Before providing materials to an authorized person, the Defense must provide the authorized person with a copy of this Order, and that person must agree in writing to abide by the terms of this Order.

## Sensitive Materials

6.  The United States may produce materials containing personally identifiable information, including information identified in Rule 49.1 of the Federal Rules of Criminal Procedure ("sensitive materials"), to defense counsel. Sensitive materials shall be plainly marked as "sensitive" by the United States prior to disclosure.

2

7.     No sensitive materials, or the information contained therein, may be disclosed to any persons other than the defendant, defense counsel, persons employed to assist the defense, or the person to whom the sensitive information solely and directly pertains, without prior notice to the United States and authorization from the Court. Absent prior permission from the Court, information marked as sensitive shall not be included in any public filing with the Court, and instead shall be submitted under seal (except if the defendant chooses to include in a public document sensitive information relating solely and directly to the defendant).

8.     Sensitive materials must be maintained in the custody and control of defense counsel. Defense counsel may show sensitive materials to the defendant as necessary to assist in preparation of the defense; however, defense counsel may not provide a copy of sensitive materials to the defendant. Moreover, if defense counsel does show sensitive materials to the defendant, defense counsel may not allow the defendant to write down any personally identifiable information that is contained in the sensitive materials.

9.     The procedures for use of designated sensitive materials during any proceeding in this matter shall be determined by the parties and the Court in advance of the proceeding. No party shall disclose designated sensitive documents in open court without prior consideration by the Court.

10.    Absent statutory authority for filing under seal, a filing filed with the intention of it being sealed must be filed by electronic means in a manner authorized

3

by the Clerk and shall be accompanied by a motion to seal. The filing will be treated as sealed, pending the outcome of the Court's ruling on the motion

11.   Upon conclusion of this criminal case, all of the materials and all copies made thereof shall be disposed of in one of two ways, unless otherwise ordered by the Court. The materials may be (1) destroyed or (2) returned to the United States. By no later than 60 days following the conclusion of the criminal case, the defense shall certify to the Court that the materials were (1) destroyed, or (2) returned to the United States.

12.   To the extent any material is produced by the United States to the Defense by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within seven days of such a request, the Defense shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

13.   The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials.

4

14. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

SO ORDERED the \_\_\_\_\_ of February, 2018

_____
The Honorable Emmet G. Sullivan
United States District Judge

SO STIPULATED:

Date: 2/20/18

_____
Brandon L. Van Grack
Senior Assistant Special Counsel

Date: 2/20/18

_____
Zainab N. Ahmad
Senior Assistant Special Counsel

Date: 2/16/18

_____
Robert K. Kelner
Attorney for the defendant

Date: 2/16/18

_____
Stephen P. Anthony
Attorney for the defendant

Date: 2/16/18

_____
Alexandra Langton
Attorney for the defendant

6