# ATTACHMENT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Crim. No. 17-232 (EGS) |
| : | |
| MICHAEL T. FLYNN, : | ~~UNDER SEAL, EX PARTE~~ |
| : | |
| : | Sentencing: December 18, 2018 |
| Defendant. : | |

## ADDENDUM TO GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

This Addendum to the Government's Memorandum in Aid of Sentencing describes the significance and usefulness of defendant Michael T. Flynn's assistance to the government, and the timeliness of that assistance. As described herein, the defendant's assistance to the government was substantial and merits consideration at sentencing.

I.  **Significance and Usefulness of the Defendant's Assistance**

The defendant has assisted with several ongoing investigations: a criminal investigation in the Eastern District of Virginia that is likely to result in criminal charges, the Special Counsel's Office's ("SCO") investigation concerning any links or coordination between the Russian government and individuals associated with the campaign of President Donald J. Trump, ███████████████████████████████████████████████████████████████

███████████████████ As part of his assistance with these investigations, the defendant participated in 19 interviews with the SCO or attorneys from other Department of Justice ("DOJ") offices, provided documents and communications ███████████████████ While this addendum seeks to provide a comprehensive description of the benefit the

-1-

government has thus far obtained from the defendant's substantial assistance, some of that benefit may not be fully realized at this time because the investigations in which he has provided assistance are ongoing. The defendant and the government agree that sentencing at this time is nonetheless appropriate because sufficient information is available to allow the Court to determine the import of the defendant's assistance to his sentence.

A. <u>Eastern District of Virginia Criminal Investigation</u>

The defendant has provided substantial assistance in a criminal investigation of Bijan Rafiekian, Ekim Alptekin ███████ being conducted by the U.S. Attorney's Office for the Eastern District of Virginia ("EDVA") and the DOJ National Security Division ("NSD"), for violating the Foreign Agents Registration Act ("FARA"), acting as agents of a foreign government without notifying the Attorney General (18 U.S.C. § 951), and making materially false statements to the federal government (18 U.S.C. § 1001). Part of the SCO's investigation concerned work that the defendant, Rafiekian, and their company performed with Alptekin for the principal benefit of the Republic of Turkey ("Turkey project"). On December 1, 2017, as part of his Statement of Offense, the defendant stipulated and agreed that he violated FARA by making materially false statements in the documents that Rafiekian and he filed with DOJ about that work for the Republic of Turkey. *See* Statement of Offense, *United States v. Flynn*, No. 17-cr-232 (D.D.C. Dec. 1, 2017) (Doc. 4) ("SOF") at ¶ 5. The SCO subsequently referred that investigation to EDVA and NSD.

According to prosecutors in EDVA and NSD, the defendant's cooperation and assistance have been critical to their investigation. The EDVA and NSD prosecutors have interviewed the defendant ███████████████████████████████████████



B. <u>The Special Counsel's Office's Investigation</u>

The defendant has also assisted with the SCO investigation concerning links or coordination between the Russian government and individuals associated with the Trump campaign. *See* Office of the Deputy Att'y Gen., Order No. 3915-2017, *Appointment of Special Counsel to Investigate Russian Interference with the 2016 Presidential Election and Related Matters*, May 17, 2017 ("ODAG Order"). The defendant assisted the SCO's investigation on a range of issues, including interactions between individuals in the Presidential Transition Team and Russia, discussions within the campaign about WikiLeaks' release of emails, and potential efforts to interfere with the SCO's investigation. A non-exhaustive summary of the relevant information the defendant provided is described below to aid the Court's assessment of the defendant's assistance.

*i. Interactions Between the Transition Team and Russia*

The defendant provided firsthand information about the content and context of interactions between the transition team and Russian government officials. For example, after the election, the defendant communicated with the Russian ambassador to the United States as a

-3-

representative of the transition team on two sensitive matters: a United Nations Security Council vote on a resolution calling for Israel to cease settlement activities in Palestinian territory and the Obama Administration's imposition of sanctions and other measures on Russia for interfering in the 2016 election. Several senior members of the transition team publicly repeated false information conveyed to them by the defendant about communications between him and the Russian ambassador regarding the sanctions. The defendant provided details on which transition team officials he conferred with before communicating with the Russian ambassador, who on the transition team was aware the communications were occurring, and who on the transition team was informed about what he and the Russian ambassador discussed.

    *ii.*    *WikiLeaks' Release of Emails During the Presidential Campaign*

The defendant also provided useful information concerning discussions within the campaign about WikiLeaks' release of emails. WikiLeaks is an important subject of the SCO's investigation because a Russian intelligence service used WikiLeaks to release emails the intelligence service stole during the 2016 presidential campaign. On July 22, 2016, WikiLeaks released emails stolen from the Democratic National Committee. Beginning on October 7, 2016, WikiLeaks released emails stolen from John Podesta, the chairman of Hillary Clinton's 2016 presidential campaign. The defendant relayed to the government statements made in 2016 by senior campaign officials about WikiLeaks to which only a select few people were privy. For example, the defendant recalled conversations with senior campaign officials after the release of the Podesta emails, during which the prospect of reaching out to WikiLeaks was discussed.

    *iii.*    *Potential Efforts to Interfere with the Special Counsel's Office's Investigation*

The defendant assisted the SCO's investigation into potential efforts to interfere with or

otherwise obstruct its investigation. *See* ODAG Order (authorizing the Special Counsel to investigate "any other matters within the scope of 28 C.F.R. § 600.4(a)"). The defendant informed the government of multiple instances, both before and after his guilty plea, where either he or his attorneys received communications from persons connected to the Administration or Congress that could have affected both his willingness to cooperate and the completeness of that cooperation. The defendant even provided a voicemail recording of one such communication. In some of those instances, the SCO was unaware of the outreach until being alerted to it by the defendant.

[redacted]

## II.     Timeliness of the Defendant's Assistance

The usefulness of the defendant's assistance is connected to its timeliness. The defendant began providing information to the government not long after the government first sought his cooperation. His early cooperation was particularly valuable because he was one of the few people with long-term and firsthand insight regarding events and issues under investigation by the SCO. Additionally, the defendant's decision to plead guilty and cooperate likely affected the decisions of related firsthand witnesses to be forthcoming with the SCO and cooperate. In some instances, individuals whom the SCO interviewed before the defendant's guilty plea provided

additional, relevant details about their knowledge of key events after his cooperation became public.

                Respectfully submitted,

                ROBERT S. MUELLER, III
                Special Counsel

By:     /s/
       Brandon L. Van Grack
       Zainab N. Ahmad
       Senior Assistant Special Counsels
       Special Counsel's Office
       U.S. Department of Justice
       950 Pennsylvania Avenue NW
       Washington, D.C. 20530
       (202) 616-0800