```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA      :
                              :
           Plaintiff,         :   Criminal Action
                              :   No. 17-232
v.                            :
                              :
MICHAEL FLYNN,                :   June 24, 2019
                              :   12:30 p.m.
                              :
                              :
           Defendant.         :   Washington, D.C.
                              :
.............................:
```

**TRANSCRIPT OF STATUS CALL PROCEEDINGS
BEFORE THE HONORABLE EMMET G. SULLIVAN,
UNITED STATES DISTRICT COURT JUDGE**

APPEARANCES:

For the United States:   **Brandon Lang Van Grack, Assistant U.S. Attorney**
U.S. DEPARTMENT OF JUSTICE
Special Counsel's Office
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 616-0800
Email: Bvg@usdoj.gov

**Deborah A. Curtis, Assistant U.S. Attorney**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 Fourth Street, NW
Washington, DC 20530
(202) 252-6920
Email: Deborah.curtis@usdoj.gov

APPEARANCES:  Cont.

**For the Defendant:**          **Sidney Powell, Esq.**
                                SIDNEY POWELL, P.C.
                                2911 Turtle Creek Blvd. #300
                                Dallas, TX 75219
                                (214)707-1775

                                **Jesse R. Binnall, Esq.**
                                HARVEY & BINNALL, PLLC
                                717 King Street
                                Suite 300
                                Alexandria, VA 22314
                                (703) 888-1943
                                Email: Jbinnall@harveybinnall.com

                                **W. William Hodes, Esq.**
                                THE WILLIAM HODES LAW FIRM
                                3658 Conservation Trail
                                The Villages, FL 32163
                                (352) 399-0531
                                Fax: (352) 240-3489
                                Email: Wwh@hodeslaw.com


Court Reporter:                 **Scott L. Wallace, RDR, CRR**
                                Official Court Reporter
                                Room 6503, U.S. Courthouse
                                Washington, D.C. 20001
                                202.354.3196
                                scottlyn01@aol.com

Proceedings reported by machine shorthand, transcript produced by computer-aided transcription.

**MORNING SESSION, JUNE 24, 2019**

(12:41 p.m.)

    THE COURTROOM CLERK: Your Honor, this is Criminal Case 17-232, *United States of America versus Michael Flynn*. Will all parties please come forward to this lectern and identify yourselves for the record.

    MS. POWELL: Good afternoon, Your Honor. Sidney Powell, Jesse Binnall and William Hodes for Michael Flynn, who is present.

    THE COURT: All right. Good afternoon to everyone. Mr. Flynn, how are you?

    THE DEFENDANT: Great.

    MR. VAN GRACK: Good afternoon, Your Honor. Brandon Van Grack and Deborah Curtis on behalf of the United States.

    THE COURT: All right. Good morning. Good to see you both again. I firmly believe in transparency, so I'm going to put this on the record. Although I don't think I'm obligated to do so, I will put it on the record.

    In 2014, I received a copy of a book, it's titled *License to Lie*. It's written by Attorney Sidney Powell. She sent it to me at the courthouse, and on the third page she wrote, "Judge Emmet Sullivan, to all those who seek, hallow, and do Justice. With the greatest respect and gratitude for your honorable service, Sidney Powell, April 24th, 2014," and there are at least two very complimentary sections in the book about the Stevens

1 trial that I presided over and me and things that happened in the
2 trial, and the saga continued after trial. And I'm embarrassed
3 to say, I've not read the entire book, Ms. Powell. I did read
4 the chapters about me and the Ted Stevens trial, but I just
5 thought I would put that on the record. I asked a colleague, I
6 said, Does that mean I have to recuse? And the colleague said,
7 If everyone who said nice things about you appeared before you --
8 If everyone who appeared before you said nice things about you,
9 you wouldn't have a caseload. And I said, Well, that's very
10 interesting. Maybe that's the way I should look at it not to
11 have a caseload. Anyway, thank you. I appreciate it. At some
12 point I'm sure I'll get a chance to read the entire book. If
13 anyone has any problems with that, speak now, please. I'm
14 flattered, but I just thought, in the spirit of transparency,
15 especially in this day and age, I should put that on the record,
16 but thank you for the book.
17     So, let me hear from Ms. Powell and her colleagues. How
18 would you like to proceed?
19     MS. POWELL: Well, Your Honor, we filed a status report
20 and requested 60 days to do another status report. There are
21 more moving pieces in this representation than there are the
22 movements in an old fashioned Swiss watch and a lot of
23 information to process that I've only recently -- actually not
24 completely even obtained possession of yet. So, I would think,
25 frankly, that 90 days would be more realistic for the next status

1  report.  We'd also like to proceed to get security clearances so
2  that we may fully converse with our client, and --
3          THE COURT:  Let me stop you in that regard, because we do
4  have a classified information security officer present today.
5          Good morning.  How are you this morning?  And I'm going to
6  leave it -- I'm not getting involved in whatever discussions, but
7  I thought the question may come up, and we're very fortunate to
8  have one of the outstanding security officers present, and I
9  encourage you to speak, you and your colleagues, to speak with
10 her because that can add some time to an attorney's
11 consideration.  And I'm not saying that you need clearance,
12 because I don't know what the information is that's been turned
13 over.
14         MS. POWELL:  I don't either.
15         THE COURT:  Right.  So -- but it's -- it's a subject I
16 wanted to broach, though, because that could impact time as well
17 and your review.
18         I have one question.  At this point, my understanding is
19 that your client intends to testify for the government in a
20 proceeding before, I think, Judge Trenga in Virginia.
21         MS. POWELL:  Yes, sir.
22         THE COURT:  Is that still the plan?  Although the
23 attorneys need to -- need more time within which to get up to
24 speed to represent him, is that still the plan?
25         MS. POWELL:  Oh, yes, sir, yes, sir.  That cooperation is

*Scott L. Wallace, RDR, CRR, Official Court Reporter*
*(202)354-3196 * scottlyn01@aol.com*

1  fully ongoing.
2          THE COURT:  All right.  Is it anticipated that your client
3  will testify in that matter?
4          MS. POWELL:  Yes, Your Honor.
5          THE COURT:  It is anticipated.  And there's a firm trial
6  commencement date?
7          MS. POWELL:  It is set for -- I think it's around July
8  15th, although there are a number of pending motions, and some
9  might even be dispositive of parts of it, so I don't know that
10 that's going to go on as scheduled, but that's what the schedule
11 is right now.
12         THE COURT:  Has anyone asked for a continuance or
13 postponement?
14         MS. POWELL:  No, sir, I don't think so.
15         THE COURT:  Great.  You know what, I don't have any
16 problems with the 90 days.  I'll hear from government counsel.
17 Are there other issues that we need to focus on this afternoon?
18         MS. POWELL:  There is one other thing I would like to
19 bring up.
20         THE COURT:  Sure.
21         MS. POWELL:  If we could get some relief, at least, from
22 his travel restrictions.  I have offices in -- not in Washington
23 or Rhode Island where he's currently limited, and he also has
24 family in California.  As the Court knows, he returned from Korea
25 despite knowing that he is facing a term of imprisonment pursuant

*1* to his guilty plea, and if he could be allowed to at least travel
*2* to North Carolina, Texas, and California, that would be a big
*3* help.
*4*   THE COURT: Here's what I'm going to do, and it's not to
*5* punish your client, but I'm going to treat him like I would treat
*6* anyone else before the Court. So I'm going to say no, but there
*7* are no impediments to him traveling as long as he -- and I don't
*8* want to misspeak, but pretrial has procedures in place. You have
*9* to let them know a certain number of days or hours beforehand.
*10* There are -- they aren't going to -- they're not going to impede
*11* on his ability to travel, but I want -- it's a high profile case,
*12* there are many eyes watching this case, and I would prefer that
*13* no one raise an issue that he's being treated with a certain
*14* preference or privilege than others. So, I'm going to deny the
*15* request, but I'm certainly not impeding his ability to travel,
*16* but he just needs to follow the procedures like everyone else,
*17* so....
*18*   MS. POWELL: Certainly.
*19*   THE COURT: All right. Okay. Anything further? How else
*20* can we accommodate you and your new attorneys? You're new to the
*21* case. You mentioned at the last hearing that -- there was a
*22* hearing involving the Washington Post -- I think you mentioned or
*23* either I read it, that there are three hard drives of
*24* information.
*25*   MS. POWELL: Yes, sir, and I just learned yesterday --

*1* THE COURT: I had to go back and ask my law clerks, I
*2* said, What does that mean? How many books is that?
*3* MS. POWELL: I hate to even think how many boxes that
*4* would translate into were it in boxes, so, yes, it's a massive
*5* amount of information, and I'm working on a special way to handle
*6* it because of the protective order and the sensitivity of it, so
*7* it's complicated.
*8* THE COURT: All right. Any way that the Court can -- you
*9* have access to -- Well, actually, you don't know whether you need
*10* a SCIF or not, but you can cross that bridge -- just speak with
*11* the classification information officer.
*12* MS. POWELL: Okay.
*13* THE COURT: And to the extent that the Court needs to
*14* accommodate the parties, the Court will, as it normally does, in
*15* providing a SCIF -- I think access to the SCIF facilities, I
*16* think.
*17* Again, I don't want to misspeak. Any other matters? Any
*18* other way that the Court can accommodate you? I know it's
*19* difficult getting into a case at this late date, so I want to
*20* give you the time that you need to get up to speed.
*21* MS. POWELL: Thank you very much.
*22* THE COURT: And I'll hear from government counsel, but
*23* anything else that we can do?
*24* MS. POWELL: I think that's it, Your Honor.
*25* THE COURT: Sure.

1       MS. POWELL:  Thank you.

2       THE COURT:  Let me hear from government counsel.

3       MR. VAN GRACK:  Thank you, Your Honor.

4       THE COURT:  Sure.

5       MR. VAN GRACK:  Two points, I think, to clarify.  First
6  is, there is no classified discovery provided to defense counsel.

7       THE COURT:  See, I didn't know that.  I just wanted to
8  raise it because if there were, then people would have to get
9  clearances.

10       MR. VAN GRACK:  We never put that on the record, so
11  there's no reason for the Court to know that, but there is no
12  classified discovery in this case.

13       THE COURT:  Let me just say one thing.  I mentioned at the
14  last hearing, the Court issued a *Brady* order in this case, and
15  for the simple reason that it issues *Brady* orders in every case,
16  and that was the only reason.  The courts never get copies of
17  whatever is disclosed.  Thank goodness we don't get copies of the
18  voluminous information.  I have no way of knowing what's been
19  disclosed, and no one raised any questions about that, but I just
20  want to put that on the record in this case because there have
21  been some theories that, you know, maybe the Court knows
22  something that other people don't.  Believe me, I don't.  I just
23  issued it because that's what the Court does -- that's what this
24  Court does in every case.  And so, I just wanted to put that on
25  the record in this case.

*1*      MR. VAN GRACK: And, Your Honor, just to provide
*2* additional clarity on discovery, in response to the Court's
*3* standing *Brady* order, the government produced just over 20,000
*4* documents in discovery, and I put that on the record just
*5* because --
*6*      THE COURT: 20,000?
*7*      MR. VAN GRACK: Over 20,000, and I put that on the record,
*8* not to speculate on what's in those 20,000, but in terms of
*9* addressing defense counsel's concern. The government's not aware
*10* of what information defense counsel is reviewing. There's
*11* information beyond discovery that, I suppose and would expect,
*12* that defense counsel would want to review, but in terms of the
*13* cause for delay and sort of logistics, just to be clear, we're
*14* not talking terabytes of data or millions of records from the
*15* government, it was just over 20,000 documents -- or 20,000 pages
*16* of documents, I should clarify, as opposed to 20,000 documents.
*17*      THE COURT: Right, right.
*18*      MR. VAN GRACK: So that's just one point of clarification.
*19* The other piece, and I don't think the government and defense
*20* counsel or even the Court have significant differences, the
*21* reason why the government particularly had suggested 60 days for
*22* a status report is only -- not because in 60 days, necessarily,
*23* the Court or defense counsel or the government would be ready for
*24* a sentencing hearing, just that it seems very clear, based on the
*25* progression of the EDVA case, that cooperation would be complete

1  at that point and would necessitate or be appropriate to have
2  another discussion about the preparations of defense counsel and
3  whether there are any other issues, either in terms of the Court
4  or the government, that needed to be addressed.
5      THE COURT: Right, right. So, I'm sorry, what's your
6  position on the 90 days?
7      MR. VAN GRACK: So, I mean, the government would still
8  submit that 60 days for a status report is appropriate, but not
9  to opine on the appropriate time to have a sentencing hearing,
10 because in 60 days we'll all be better positioned to know the
11 preparations of defense counsel to be able to represent their
12 client and also the status of the defendant's cooperation.
13     THE COURT: All right, all right. Thank you, counsel.
14 Ms. Powell, what about that? I think that makes eminently good
15 sense, a status report -- it's not binding, but a status report
16 in 60 days from today's date. In your status report, you may
17 say, Judge, we need more time, and, in all likelihood, you'll get
18 the time.
19     MS. POWELL: Yes, Your Honor. Well, that's why we agreed
20 and filed it as a joint status report agreeing to the 60 days,
21 but, to be realistic, it's going to take the 60 days to deal with
22 the issues in the Eastern District of Virginia with the trial
23 anticipated -- Well, not quite 60, but close to it, with the
24 trial scheduled to go through close to the end of July, and all
25 my attention between now and then is going to be focused on the

*1* issues related to that.

*2* THE COURT: Sure. Why don't I just make it the last day
*3* in August, then?

*4* MS. POWELL: That would be great.

*5* THE COURT: All right. And then, you know, if there's a
*6* need for modification, of course the Court's going to be
*7* sensitive to any request to modify.

*8* MS. POWELL: And I do think most of the information I will
*9* need to review may be classified. I don't know for sure, but out
*10* of an abundance of caution and to have --

*11* THE COURT: Notwithstanding the government's
*12* representations?

*13* MS. POWELL: That's with regards to what they produced.
*14* There is other information.

*15* THE COURT: Oh. All right. Now you've piqued the
*16* government's interest.

*17* MR. VAN GRACK: Your Honor, again, I'm not -- again, in
*18* terms of the information the government produced, there's nothing
*19* that the government produced that's classified, and so -- I
*20* mean -- to the extent --

*21* THE COURT: But you'd like to know what this other
*22* information is, too.

*23* MR. VAN GRACK: Obviously, there would need to be some
*24* sort of -- I would assume the Court would want some specificity
*25* in terms of the basis for getting a security clearance from the

```
 1   government, which is in possession of the classified information,
 2   and is indicating there is no --
 3           THE COURT:  You raise a good point, counsel.
 4           Can I speak to the classified information security officer
 5   at the bench for a second, please.
 6           (Following further sidebar discussion sealed by order of
 7   the Court.)
```



*1* █████████████████████████████████

*2* ███████████████████████████████████████████

*3* ███████████████████████████████████████████

*4* (Previously designated sidebar discussion concluded and

*5* the following further proceedings were held in open court:)

*6*                                                         * * * * *

*7* THE COURT: Thank you very much. Here's what I'm going to

*8* do. I don't know what the information is, the government doesn't

*9* know, and at this point, rather than get involved in this issue,

*10* I'm going to leave it up to defense counsel, government's

*11* counsel, and our classified information security officer to

*12* determine next steps, and if the Court needs to get involved, the

*13* Court will get involved. But, you know, I wouldn't have a clue

*14* as to what information -- and I'm not so sure I need to know, so

*15* I think that's the best approach. But thank you, thank you very

*16* much.

*17* So, at the end of this hearing, you can -- maybe everyone

*18* can exchange cards with our security officer and go from there.

*19* MS. POWELL: Thank you very much.

*20* THE COURT: Okay. But that's a good point. Anything

*21* else?

*22* MS. POWELL: No, sir.

*23* THE COURT: Anything else, anything from the government's

*24* position?

*25* MR. VAN GRACK: Not from the government.

*1*       THE COURT:  Okay.  Excuse me one second.

*2*       (Brief pause in proceedings.)

*3*       THE COURT:  All right.  All right.  Thank you.  I have

*4* nothing else to say.  Thank you very much, and I'll issue an

*5* order that requires the filing of another status report the last

*6* day of August.  If there's a need for modification, let me know

*7* and I'll be happy to modify it.  And you folks can speak freely

*8* with the classified information security officer.  I'm not

*9* getting involved in that.  If there's a need for the Court to

*10* involve itself at some point, I'll do so.  It's good to see

*11* everyone.  Thank you.  No need to stand.  Thank you.  The parties

*12* are excused.

*13*       (Proceedings adjourned at 12:57 p.m.)

*14*

                    **C E R T I F I C A T E**

*15*

*16*       I, Scott L. Wallace, RDR-CRR, certify that
the foregoing is a correct transcript from the record of
*17* proceedings in the above-entitled matter.

*18*

    /s/ Scott L. Wallace               6/24/19
*19* ----------------------------    ----------------
    **Scott L. Wallace, RDR, CRR**        **Date**
*20*     **Official Court Reporter**

*21*

*22*

*23*

*24*

*25*

| # | 7 | aware [1] - 10:9 |
|---|---|---|
| #300 [1] - 2:4 | 703 [1] - 2:8<br>717 [1] - 2:7<br>75219 [1] - 2:4 | **B**<br>based [1] - 10:24<br>basis [1] - 12:25<br>BEFORE [1] - 1:11<br>beforehand [1] - 7:9<br>behalf [1] - 3:14<br>bench [1] - 13:5<br>best [1] - 14:15<br>better [1] - 11:10<br>between [1] - 11:25<br>beyond [1] - 10:11<br>big [1] - 7:2<br>binding [1] - 11:15<br>Binnall [2] - 2:6; 3:8<br>BINNALL [1] - 2:6<br>Blvd [1] - 2:4<br>book [5] - 3:19, 25; 4:3, 12, 16<br>books [1] - 8:2<br>boxes [2] - 8:3<br>Brady [3] - 9:14; 10:3<br>Brandon [2] - 1:13; 3:13<br>bridge [1] - 8:10<br>Brief [1] - 15:2<br>bring [1] - 6:19<br>broach [1] - 5:16<br>bvg@usdoj.gov [1] - 1:17 |
| **/** | **8** | |
| /s [1] - 15:18 | 888-1943 [1] - 2:8 | |
| **1** | **9** | |
| 12:30 [1] - 1:6<br>12:41 [1] - 3:2<br>12:57 [1] - 15:13<br>15th [1] - 6:8<br>17-232 [2] - 1:4; 3:4 | 90 [3] - 4:25; 6:16; 11:6<br>950 [1] - 1:15 | |
| **2** | **A** | |
| 20,000 [7] - 10:3, 6-8, 15<br>20001 [1] - 2:16<br>2014 [2] - 3:19, 24<br>2019 [2] - 1:6; 3:1<br>202 [2] - 1:16, 21<br>202.354.3196 [1] - 2:17<br>20530 [2] - 1:16, 21<br>214)707-1775 [1] - 2:5<br>22314 [1] - 2:8<br>24 [2] - 1:6; 3:1<br>240-3489 [1] - 2:12<br>24th [1] - 3:24<br>252-6920 [1] - 1:21<br>2911 [1] - 2:4 | ability [2] - 7:11, 15<br>able [1] - 11:11<br>above-entitled [1] - 15:17<br>abundance [1] - 12:10<br>access [2] - 8:9, 15<br>accommodate [3] - 7:20; 8:14, 18<br>Action [1] - 1:4<br>add [1] - 5:10<br>additional [1] - 10:2<br>addressed [1] - 11:4<br>addressing [1] - 10:9<br>adjourned [1] - 15:13<br>afternoon [4] - 3:7, 10, 13; 6:17<br>age [1] - 4:15<br>agreed [1] - 11:19<br>agreeing [1] - 11:20<br>aided [1] - 2:19<br>Alexandria [1] - 2:8<br>allowed [1] - 7:1<br>America [1] - 3:4<br>AMERICA [1] - 1:3<br>amount [1] - 8:5<br>anticipated [3] - 6:2, 5; 11:23<br>anyway [1] - 4:11<br>APPEARANCES [2] - 1:12; 2:1<br>appeared [2] - 4:7<br>appreciate [1] - 4:11<br>approach [1] - 14:15<br>appropriate [3] - 11:1, 8<br>April [1] - 3:24<br>Assistant [2] - 1:13, 18<br>assume [1] - 12:24<br>attention [1] - 11:25<br>Attorney [3] - 1:14, 19; 3:20<br>attorney's [1] - 5:10<br>ATTORNEY'S [1] - 1:19<br>attorneys [2] - 5:23; 7:20<br>August [2] - 12:3; 15:6<br>Avenue [1] - 1:15 | **C**<br>California [2] - 6:24; 7:2<br>CALL [1] - 1:10<br>cards [1] - 14:18<br>Carolina [1] - 7:2<br>Case [1] - 3:3<br>case [11] - 7:11, 21; 8:19; 9:12; 14-15, 20, 24-25; 10:25<br>caseload [2] - 4:9, 11<br>caution [1] - 12:10<br>certain [2] - 7:9, 13<br>certainly [2] - 7:15, 18<br>certify [1] - 15:16<br>chance [1] - 4:12<br>chapters [1] - 4:4<br>clarification [1] - 10:18<br>clarify [2] - 9:5; 10:16<br>clarity [1] - 10:2<br>classification [1] - 8:11<br>classified [9] - 5:4; 9:6, 12; 12:9, 19; 13:1, 4; 14:11; 15:8<br>clear [2] - 10:13, 24<br>clearance [2] - 5:11; 12:25<br>clearances [2] - 5:1; 9:9<br>CLERK [1] - 3:3<br>clerks [1] - 8:1<br>client [5] - 5:2, 19; 6:2; 7:5; 11:12 |
| **3** | | |
| 300 [1] - 2:7<br>32163 [1] - 2:11<br>352 [2] - 2:12<br>3658 [1] - 2:11<br>399-0531 [1] - 2:12 | | |
| **5** | | |
| 555 [1] - 1:20 | | |
| **6** | | |
| 6/24/19 [1] - 15:18<br>60 [9] - 4:20; 10:21; 11:8, 10, 16, 20-21, 23<br>616-0800 [1] - 1:16<br>6503 [1] - 2:16 | | |

**close** [2] - 11:23
**clue** [1] - 14:13
**colleague** [2] - 4:5
**colleagues** [2] - 4:17; 5:9
**COLUMBIA** [2] - 1:1, 20
**commencement** [1] - 6:6
**complete** [1] - 10:25
**completely** [1] - 4:24
**complicated** [1] - 8:7
**complimentary** [1] - 3:25
**computer** [1] - 2:19
**computer-aided** [1] - 2:19
**concern** [1] - 10:9
**concluded** [1] - 14:4
**Conservation** [1] - 2:11
**consideration** [1] - 5:11
**Cont** [1] - 2:1
**continuance** [1] - 6:12
**continued** [1] - 4:2
**converse** [1] - 5:2
**cooperation** [3] - 5:25; 10:25; 11:12
**copies** [2] - 9:16
**copy** [1] - 3:19
**correct** [1] - 15:16
**counsel** [14] - 6:16; 8:22; 9:2, 6; 10:10, 12, 20, 23; 11:2, 11, 13; 13:3; 14:10
**Counsel's** [1] - 1:15
**counsel's** [1] - 10:9
**course** [1] - 12:6
**court** [1] - 14:5
**Court** [22] - 2:15; 6:24; 7:6; 8:8, 13-14, 18; 9:11, 14, 21, 23-24; 10:20, 23; 11:3; 12:24; 13:7; 14:12; 15:9, 20
**Court's** [2] - 10:2; 12:6
**courthouse** [1] - 3:21
**Courthouse** [1] - 2:16
**COURTROOM** [1] - 3:3
**courts** [1] - 9:16
**Creek** [1] - 2:4
**Criminal** [2] - 1:4; 3:3
**cross** [1] - 8:10
**CRR** [3] - 2:15; 15:16, 19
**Curtis** [2] - 1:18; 3:14

**D**

**D.C** [2] - 1:8; 2:16
**Dallas** [1] - 2:4
**data** [1] - 10:14
**Date** [1] - 15:19
**date** [3] - 6:6; 8:19; 11:16
**days** [12] - 4:20, 25; 6:16; 7:9; 10:21; 11:6, 8, 10, 16, 20
**DC** [2] - 1:16, 21
**deal** [1] - 11:21
**Deborah** [2] - 1:18; 3:14
**deborah.curtis@usdoj.gov** [1] - 1:22
**DEFENDANT** [1] - 3:12

**Defendant** [2] - 1:8; 2:3
**defendant's** [1] - 11:12
**defense** [9] - 9:6; 10:9, 12, 19, 23; 11:2, 11; 14:10
**delay** [1] - 10:13
**deny** [1] - 7:14
**DEPARTMENT** [1] - 1:14
**designated** [1] - 14:4
**despite** [1] - 6:25
**determine** [1] - 14:12
**differences** [1] - 10:20
**difficult** [1] - 8:19
**disclosed** [2] - 9:17, 19
**discovery** [5] - 9:6, 12; 10:2, 4, 11
**discussion** [3] - 11:2; 13:6; 14:4
**discussions** [1] - 5:6
**dispositive** [1] - 6:9
**District** [1] - 11:22
**DISTRICT** [4] - 1:1, 11, 20
**documents** [4] - 10:4, 15
**drives** [1] - 7:23

**E**

**Eastern** [1] - 11:22
**EDVA** [1] - 10:25
**either** [3] - 5:14; 7:23; 11:3
**Email** [4] - 1:17, 22; 2:9, 13
**embarrassed** [1] - 4:2
**eminently** [1] - 11:14
**EMMET** [1] - 1:11
**Emmet** [1] - 3:22
**encourage** [1] - 5:9
**end** [2] - 11:24; 14:17
**entire** [2] - 4:3, 12
**entitled** [1] - 15:17
**especially** [1] - 4:15
**Esq** [3] - 2:3, 6, 10
**exchange** [1] - 14:18
**excuse** [1] - 15:1
**excused** [1] - 15:12
**expect** [1] - 10:11
**extent** [2] - 8:13; 12:20
**eyes** [1] - 7:12

**F**

**facilities** [1] - 8:15
**facing** [1] - 6:25
**family** [1] - 6:24
**fashioned** [1] - 4:22
**Fax** [1] - 2:12
**filed** [2] - 4:19; 11:20
**filing** [1] - 15:5
**filmily** [1] - 3:16
**firm** [1] - 6:5
**FIRM** [1] - 2:10
**first** [1] - 9:5

**FL** [1] - 2:11
**flattered** [1] - 4:14
**Flynn** [3] - 3:4, 8, 11
**FLYNN** [1] - 1:6
**focus** [1] - 6:17
**focused** [1] - 11:25
**folks** [1] - 15:7
**follow** [1] - 7:16
**Following** [1] - 13:6
**following** [1] - 14:5
**FOR** [2] - 1:1, 19
**foregoing** [1] - 15:16
**fortunate** [1] - 5:7
**forward** [1] - 3:5
**Fourth** [1] - 1:20
**frankly** [1] - 4:25
**freely** [1] - 15:7
**fully** [2] - 5:2; 6:1

**G**

**goodness** [1] - 9:17
**government** [16] - 5:19; 6:16; 8:22; 9:2; 10:3, 15, 19, 21, 23; 11:4, 7; 12:18; 13:1; 14:8, 25
**government's** [5] - 10:9; 12:11, 16; 14:10, 23
**Grack** [2] - 1:13; 3:14
**GRACK** [11] - 3:13; 9:3, 5, 10; 10:1, 7, 18; 11:7; 12:17, 23; 14:25
**gratitude** [1] - 3:23
**great** [3] - 3:12; 6:15; 12:4
**greatest** [1] - 3:23
**guilty** [1] - 7:1

**H**

**hallow** [1] - 3:22
**handle** [1] - 8:5
**happy** [1] - 15:7
**hard** [1] - 7:23
**HARVEY** [1] - 2:6
**hate** [1] - 8:3
**hear** [4] - 4:17; 6:16; 8:22; 9:2
**hearing** [6] - 7:21; 9:14; 10:24; 11:9; 14:17
**held** [1] - 14:5
**help** [1] - 7:3
**high** [1] - 7:11
**Hodes** [2] - 2:10; 3:8
**HODES** [1] - 2:10
**Honor** [10] - 3:3, 7, 13; 4:19; 6:4; 8:24; 9:3; 10:1; 11:19; 12:17
**HONORABLE** [1] - 1:11
**honorable** [1] - 3:23
**hours** [1] - 7:9

Case 1:17-cr-00232-EGS   Document 94   Filed 06/26/19   Page 18 of 20

*18*

## I

**identify** [1] - 3:5
**impact** [1] - 5:16
**impede** [1] - 7:10
**impediments** [1] - 7:7
**impeding** [1] - 7:15
**imprisonment** [1] - 6:25
**indicating** [1] - 13:2
**information** [19] - 4:23; 5:4, 12; 7:24; 8:5, 11; 9:18; 10:10; 12:8, 14, 18, 22; 13:1, 4; 14:8, 11, 14; 15:8
**intends** [1] - 5:19
**interest** [1] - 12:16
**interesting** [1] - 4:10
**involve** [1] - 15:10
**involved** [5] - 5:6; 14:9, 12-13; 15:9
**involving** [1] - 7:22
**Island** [1] - 6:23
**issue** [3] - 7:13; 14:9; 15:4
**issued** [2] - 9:14, 23
**issues** [5] - 6:17; 9:15; 11:3, 22; 12:1
**itself** [1] - 15:10

## J

**jbinnall@harveybinnall.com** [1] - 2:9
**Jesse** [2] - 2:6; 3:8
**joint** [1] - 11:20
**JUDGE** [1] - 1:11
**Judge** [3] - 3:21; 5:20; 11:17
**July** [2] - 6:7; 11:24
**June** [1] - 1:6
**JUNE** [1] - 3:1
**JUSTICE** [1] - 1:14
**Justice** [1] - 3:22

## K

**King** [1] - 2:7
**knowing** [2] - 6:25; 9:18
**knows** [2] - 6:24; 9:21
**Korea** [1] - 6:24

## L

**Lang** [1] - 1:13
**last** [4] - 7:21; 9:14; 12:2; 15:5
**late** [1] - 8:19
**LAW** [1] - 2:10
**law** [1] - 8:1
**learned** [1] - 7:25
**least** [3] - 3:24; 6:21; 7:1
**leave** [2] - 5:6; 14:10
**lectern** [1] - 3:5
**License** [1] - 3:19
**Lie** [1] - 3:20

**likelihood** [1] - 11:17
**limited** [1] - 6:23
**logistics** [1] - 10:13
**look** [1] - 4:10

## M

**machine** [1] - 2:18
**massive** [1] - 8:4
**matter** [2] - 6:3; 15:17
**matters** [1] - 8:17
**mean** [4] - 4:6; 8:2; 11:7; 12:20
**mentioned** [3] - 7:21; 9:13
**MICHAEL** [1] - 1:6
**Michael** [2] - 3:4, 8
**might** [1] - 6:9
**millions** [1] - 10:14
**misspeak** [2] - 7:8; 8:17
**modification** [2] - 12:6; 15:6
**modify** [2] - 12:7; 15:7
**MORNING** [1] - 3:1
**morning** [3] - 3:15; 5:5
**most** [1] - 12:8
**motions** [1] - 6:8
**movements** [1] - 4:22
**moving** [1] - 4:21
**MR** [11] - 3:13; 9:3, 5, 10; 10:1, 7, 18; 11:7; 12:17, 23; 14:25
**MS** [23] - 3:7; 4:19; 5:14, 21, 25; 6:4, 7, 14, 18, 21; 7:18, 25; 8:3, 12, 21, 24; 9:1; 11:19; 12:4, 8, 13; 14:19, 22

## N

**necessarily** [1] - 10:22
**necessitate** [1] - 11:1
**need** [14] - 5:11, 23; 6:17; 8:9, 20; 11:17; 12:6, 9, 23; 14:14; 15:6, 9, 11
**needed** [1] - 11:4
**needs** [3] - 7:16; 8:13; 14:12
**never** [2] - 9:10, 16
**new** [2] - 7:20
**next** [2] - 4:25; 14:12
**nice** [2] - 4:7
**normally** [1] - 8:14
**North** [1] - 7:2
**nothing** [2] - 12:18; 15:4
**notwithstanding** [1] - 12:11
**number** [2] - 6:8; 7:9
**NW** [2] - 1:15, 20

## O

**obligated** [1] - 3:17
**obtained** [1] - 4:24
**obviously** [1] - 12:23
**OF** [5] - 1:1, 3, 10, 14, 20

**Office** [1] - 1:15
**OFFICE** [1] - 1:19
**officer** [6] - 5:4; 8:11; 13:4; 14:11, 18; 15:8
**officers** [1] - 5:8
**offices** [1] - 6:22
**Official** [2] - 2:15; 15:20
**old** [1] - 4:22
**one** [8] - 5:8, 18; 6:18; 7:13; 9:13, 19; 10:18; 15:1
**ongoing** [1] - 6:1
**open** [1] - 14:5
**opine** [1] - 11:9
**opposed** [1] - 10:16
**order** [5] - 8:6; 9:14; 10:3; 13:6; 15:5
**orders** [1] - 9:15
**outstanding** [1] - 5:8

## P

**P.C** [1] - 2:3
**p.m** [3] - 1:6; 3:2; 15:13
**page** [1] - 3:21
**pages** [1] - 10:15
**particularly** [1] - 10:21
**parties** [3] - 3:5; 8:14; 15:11
**parts** [1] - 6:9
**pause** [1] - 15:2
**pending** [1] - 6:8
**Pennsylvania** [1] - 1:15
**people** [2] - 9:8, 22
**piece** [1] - 10:19
**pieces** [1] - 4:21
**piqued** [1] - 12:15
**place** [1] - 7:8
**Plaintiff** [1] - 1:4
**plan** [2] - 5:22, 24
**plea** [1] - 7:1
**PLLC** [1] - 2:6
**point** [8] - 4:12; 5:18; 10:18; 11:1; 13:3; 14:9, 20; 15:10
**points** [1] - 9:5
**position** [2] - 11:6; 14:24
**positioned** [1] - 11:10
**possession** [2] - 4:24; 13:1
**Post** [1] - 7:22
**postponement** [1] - 6:13
**Powell** [7] - 2:3; 3:7, 20, 24; 4:3, 17; 11:14
**POWELL** [24] - 2:3; 3:7; 4:19; 5:14, 21, 25; 6:4, 7, 14, 18, 21; 7:18, 25; 8:3, 12, 21, 24; 9:1; 11:19; 12:4, 8, 13; 14:19, 22
**prefer** [1] - 7:12
**preference** [1] - 7:14
**preparations** [2] - 11:2, 11
**present** [3] - 3:9; 5:4, 8
**presided** [1] - 4:1
**pretrial** [1] - 7:8

*Scott L. Wallace, RDR, CRR, Official Court Reporter*
*(202)354-3196 * scottlyn01@aol.com*

**Previously** [1] - 14:4
**privilege** [1] - 7:14
**problems** [2] - 4:13; 6:16
**procedures** [2] - 7:8, 16
**proceed** [2] - 4:18; 5:1
**proceeding** [1] - 5:20
**Proceedings** [2] - 2:18; 15:13
**proceedings** [3] - 14:5; 15:2, 17
**PROCEEDINGS** [1] - 1:10
**process** [1] - 4:23
**produced** [5] - 2:18; 10:3; 12:13, 18
**profile** [1] - 7:11
**progression** [1] - 10:25
**protective** [1] - 8:6
**provide** [1] - 10:1
**provided** [1] - 9:6
**providing** [1] - 8:15
**punish** [1] - 7:5
**pursuant** [1] - 6:25
**put** [9] - 3:17; 4:5, 15; 9:10, 20, 24; 10:4, 7

### Q

**questions** [1] - 9:19
**quite** [1] - 11:23

### R

**raise** [3] - 7:13; 9:8; 13:3
**raised** [1] - 9:19
**rather** [1] - 14:9
**RDR** [3] - 2:15; 15:16, 19
**RDR-CRR** [1] - 15:16
**read** [4] - 4:3, 12; 7:23
**ready** [1] - 10:23
**realistic** [2] - 4:25; 11:21
**reason** [4] - 9:11, 15-16; 10:21
**received** [1] - 3:19
**recently** [1] - 4:23
**record** [11] - 3:6, 17-18; 4:5, 15; 9:10, 20, 25; 10:4, 7; 15:16
**records** [1] - 10:14
**recuse** [1] - 4:6
**regard** [1] - 5:3
**regards** [1] - 12:13
**related** [1] - 12:1
**relief** [1] - 6:21
**report** [10] - 4:19; 5:1; 10:22; 11:8, 15-16, 20; 15:5
**reported** [1] - 2:18
**Reporter** [3] - 2:15; 15:20
**represent** [2] - 5:24; 11:11
**representation** [1] - 4:21
**representations** [1] - 12:12
**request** [2] - 7:15; 12:7
**requested** [1] - 4:20
**requires** [1] - 15:5

**respect** [1] - 3:23
**response** [1] - 10:2
**restrictions** [1] - 6:22
**returned** [1] - 6:24
**review** [3] - 5:17; 10:12; 12:9
**reviewing** [1] - 10:10
**Rhode** [1] - 6:23
**Room** [1] - 2:16

### S

**saga** [1] - 4:2
**schedule** [1] - 6:10
**scheduled** [2] - 6:10; 11:24
**SCIF** [3] - 8:10, 15
**Scott** [4] - 2:15; 15:16, 18
**scottlyn01@aol.com** [1] - 2:17
**sealed** [1] - 13:6
**second** [2] - 13:5; 15:1
**sections** [1] - 3:25
**security** [8] - 5:1, 4, 8; 12:25; 13:4; 14:11, 18; 15:8
**see** [3] - 3:15; 9:7; 15:10
**seek** [1] - 3:22
**sense** [1] - 11:15
**sensitive** [1] - 12:7
**sensitivity** [1] - 8:6
**sent** [1] - 3:20
**sentencing** [2] - 10:24; 11:9
**service** [1] - 3:24
**SESSION** [1] - 3:1
**set** [1] - 6:7
**shorthand** [1] - 2:18
**sidebar** [2] - 13:6; 14:4
**Sidney** [4] - 2:3; 3:7, 20, 24
**SIDNEY** [1] - 2:3
**significant** [1] - 10:20
**simple** [1] - 9:15
**so...** [1] - 7:17
**sorry** [1] - 11:5
**sort** [2] - 10:13; 12:24
**Special** [1] - 1:15
**special** [1] - 8:5
**specificity** [1] - 12:24
**speculate** [1] - 10:8
**speed** [2] - 5:24; 8:20
**spirit** [1] - 4:14
**stand** [1] - 15:11
**standing** [1] - 10:3
**STATES** [3] - 1:1, 3, 11
**States** [3] - 1:13; 3:4, 14
**status** [11] - 4:19, 25; 10:22; 11:8, 12, 15-16, 20; 15:5
**STATUS** [1] - 1:10
**steps** [1] - 14:12
**Stevens** [2] - 3:25; 4:4
**still** [3] - 5:22, 24; 11:7
**stop** [1] - 5:3

**Street** [2] - 1:20; 2:7
**subject** [1] - 5:15
**submit** [1] - 11:8
**suggested** [1] - 10:21
**Suite** [1] - 2:7
**Sullivan** [1] - 3:22
**SULLIVAN** [1] - 1:11
**suppose** [1] - 10:11
**Swiss** [1] - 4:22

### T

**Ted** [1] - 4:4
**terabytes** [1] - 10:14
**term** [1] - 6:25
**terms** [5] - 10:8, 12; 11:3; 12:18, 25
**testify** [2] - 5:19; 6:3
**Texas** [1] - 7:2
**theories** [1] - 9:21
**third** [1] - 3:21
**three** [1] - 7:23
**titled** [1] - 3:19
**today** [1] - 5:4
**today's** [1] - 11:16
**Trail** [1] - 2:11
**TRANSCRIPT** [1] - 1:10
**transcript** [2] - 2:18; 15:16
**transcription** [1] - 2:19
**translate** [1] - 8:4
**transparency** [2] - 3:16; 4:14
**travel** [4] - 6:22; 7:1, 11, 15
**traveling** [1] - 7:7
**treat** [2] - 7:5
**treated** [1] - 7:13
**Trenga** [1] - 5:20
**trial** [7] - 4:1, 4; 6:5; 11:22, 24
**turned** [1] - 5:12
**Turtle** [1] - 2:4
**two** [2] - 3:25; 9:5
**TX** [1] - 2:4

### U

**U.S** [5] - 1:14, 18-19; 2:16
**UNITED** [3] - 1:1, 3, 11
**United** [3] - 1:13; 3:4, 14
**up** [5] - 5:7, 23; 6:19; 8:20; 14:10

### V

**VA** [1] - 2:8
**Van** [2] - 1:13; 3:13
**VAN** [11] - 3:13; 9:3, 5, 10; 10:1, 7, 18; 11:7; 12:17, 23; 14:25
**versus** [1] - 3:4
**Villages** [1] - 2:11
**Virginia** [2] - 5:20; 11:22

**voluminous** [1] - 9:18

### W

**Wallace** [4] - 2:15; 15:16, 18
**Washington** [6] - 1:8, 16, 21; 2:16; 6:22; 7:22
**watch** [1] - 4:22
**watching** [1] - 7:12
**William** [2] - 2:10; 3:8
**WILLIAM** [1] - 2:10
**written** [1] - 3:20
**wrote** [1] - 3:21
**wwh@hodeslaw.com** [1] - 2:13

### Y

**yesterday** [1] - 7:25
**yourselves** [1] - 3:6