UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal Case No. 1:17-cr-00232 (EGS) |
| MICHAEL T FLYNN, | |
| Defendant. | |

DEFENDANT'S RESPONSE
TO THE COURT'S ORDER OF JULY 9
AND GOVERNMENT'S FILING OF JULY 10

The documents unsealed in *United States v. Rafiekian*, Criminal Case No. 1:18-cr-00457, in the Eastern District of Virginia ("EDVA"), in which Mr. Flynn has long been cooperating with the government, should have no negative impact on the proceedings before this Court now or in the future. The government agrees that sentencing should continue to be delayed.

Despite intimations in the Government's Response that it will try to increase Mr. Flynn's sentence depending on his testimony, if any, for the defense or otherwise (Dkt. 97), there is no basis to do so. Regardless of who might call Mr. Flynn as a witness, his testimony remains consistent with his grand jury testimony—which the government used to obtain the Rafiekian indictment. Furthermore, the government has already acknowledged Mr. Flynn's substantial assistance.

Judge Trenga's opinion of July 9, 2019, explains much, and we outline additional reasons for this Court below. There are even more reasons, but we are not yet sufficiently informed to brief them for this Court. In sum:

1

1. We do not yet have the entire file from prior counsel, and Covington & Burling, LLP ("Covington") (former counsel) has advised it will be several weeks before all the information can be transferred.

2. The time the Court is giving new counsel to begin to digest the massive file in this case is even more important than we initially realized. While new counsel for Mr. Flynn has barely scratched the surface, counsel has identified crucial and troubling issues that should concern any court.

3. We are not yet near a position to brief the Court on the significant issues we are uncovering, because we have spent virtually all of our time and effort cooperating—preparing for and assisting the government in preparation for what would have been Mr. Flynn's testimony on its behalf in the EDVA as well participating in preparation sessions of Mr. Flynn's prior counsel, who are listed as the government's witnesses in the EDVA case and who are only able to testify because of Mr. Flynn's limited privilege waiver (another example of his cooperation).

4. Mr. Flynn has been fully cooperating with the government for almost two years. In the EDVA alone, he has spent more than 30 hours with the prosecution and been forced to incur hundreds of thousands of dollars in legal fees and other costs in the process.

5. The government's remarkable effort to reverse its direct, affirmative judicial admissions to the EDVA Court and representations to counsel that Mr. Flynn was not considered a co-conspirator in the Rafiekian case does not diminish his extraordinary cooperation and assistance to the government. Judge Trenga ruled the government has not even proffered sufficient evidence of any "conspiracy" to allow co-conspirator hearsay into evidence—much less a conspiracy involving Mr. Flynn. Yesterday afternoon, July 10, Judge Trenga noticed a hearing for

Friday, July 12, which may more specifically address the issue regarding Mr. Flynn. EDVA Dkt. 295.

6.  Mr. Flynn's continued cooperation in the EDVA case was for whatever "extra credit" it might afford him with this Court in lessening his sentence. Special Counsel had already recommended probation to this Court based on his extensive cooperation as of December 18, 2018. His cooperation with Special Counsel pursuant to his plea agreement was complete.[1]

7.  As new counsel for Mr. Flynn briefed for Judge Trenga, the government raised new questions, to which Mr. Flynn gave truthful answers the prosecutors did not like; however, Mr. Flynn's testimony remains consistent with his grand jury testimony, and it is truthful. The government's attempted retraction of its judicial admissions that Mr. Flynn is not a co-conspirator appears to be in retaliation for Mr. Flynn's truthful testimony because it is contrary to Mr. Van Grack's "view" of the matter—the mere suggestion of which prompted his angry outburst.[2]

8.  Finally, the government assured Mr. Flynn and his counsel on at least two occasions that the outcome of the EDVA case would have no effect on the government's sentencing recommendation for Mr. Flynn.[3]

**I.   The Defense Still Needs Significant Time To Review The Case.**

The defense is now in possession of more than four hard drives of information we have barely begun to review. It now exceeds 253 gigabytes of documents. New defense counsel has not yet received the full production from former counsel. Indeed, counsel for Mr. Flynn just

---

[1] Hearing Tr. 36:19-37:13, Dec. 18, 2018.

[2] Ex. A: Declaration of Lindsay R. McKasson and contemporaneous notes.

[3] This is reflected in prior counsel's notes on 01/28/2019 and current counsels' notes on 06/25/2019.

received an additional 7,300 documents last week. Additionally, former counsel advised they expect to do rolling productions of "many more" tranches over the next several weeks.

Counsel for Mr. Flynn are also fielding demands for production of documents and testimony from multiple Congressional committees despite huge productions Covington made to four committees back in March of this year.

Most important, the Flynn team has spent almost all our time to date cooperating with the EDVA prosecutors: answering questions, reviewing materials, and assisting the government with Mr. Flynn's expected testimony in the EDVA – as well as attending interviews of Mr. Flynn's prior counsel, which we must monitor as our client holds the privilege.[4] Mr. Flynn has spent approximately 30 hours with the prosecutors in the EDVA alone. His cooperation entailed countless hours of preparation, extensive travel, the frequent rearrangement of the schedules of several people, and extraordinary expense. *See infra*, § IV.

**II.      The Government's Attempt to Renege On Its Judicial Admissions Should Have No Effect On Proceedings In This Court.**

The government, of course, has every right to decide who it will call as it attempts to prove its case in the EDVA, but that decision should not affect Mr. Flynn's status before this Court. The government advised the Court at the hearing on December 18, 2019 that Mr. Flynn completed his cooperation with the Special Counsel, and the government recommended a sentence of probation. Mr. Van Grack also said that Mr. Flynn had already provided assistance in the EDVA that was used to obtain the indictment in the Rafiekian case. Hearing Tr. 27:1-22, Dec. 18, 2018.

---

[4] Ex. B: the dates, hours, and attendees at the nine sessions Mr. Flynn has had with prosecutors in the Eastern District alone—not to mention those with his attorneys and other people.

As detailed more, *infra*, Mr. Flynn has continued to assist the government, and its decision not to call him as a witness in its case in chief—for whatever reason—does not diminish what Mr. Flynn has done to date. *See* § IV, *infra*. The government's obfuscatory response to this Court's order seeks to amplify its leverage over Mr. Flynn in advance of any testimony he may give at trial.

Furthermore, as we briefed for Judge Trenga, the government, which "is no ordinary party to a controversy,"[5] should be bound by its repeated representations to the court and to counsel. These are judicial admissions. United States Attorneys are fully empowered to bind the government, which authority is "incidental to [their] statutory authority to prosecute crimes." *Thomas v. I.N.S.*, 35 F.3d 1332, 1340 (9th Cir. 1994). The Fourth Circuit held that in settling disputes between a defendant and the government over the latter's commitments, it relies heavily on commercial contract law, enhanced by two factors that favor the defendant (and presumably others whose penal interests are at stake). *United States v. Harvey*, 791 F.2d 294, 300 (4th Cir. 1986). The first factor stems from the inherent rights of the defendant, which are "constitutionally based and therefore reflect[] concerns that differ fundamentally from and run wider than those of commercial contract law." *Id*. The second concern, applicable to federal prosecutions, considers the "honor of the government, public confidence in the fair administration of justice, and the effective administration of justice in a federal scheme of government." *Id*. These two factors—the "constitutional and supervisory concerns"—"require holding the [g]overnment to a greater degree of responsibility" for the representations it makes within the course of litigation. *Id*.

---

[5] *Berger v. United States*, 295 U.S. 78, 88 (1935).

### III. The FARA Filing Was Substantially Correct And Done By Expert Counsel Who Had More Information Than Mr. Flynn.

The documents, only a few of which Mr. Flynn provided to Judge Trenga, demonstrate the FARA division, including Mr. David Laufman, Department of Justice National Security Division, Chief, Counterintelligence and Export Control Section, were putting unprecedented pressure on Covington to complete and file the FARA registration for Flynn Intel Group ("FIG"). Mr. Laufman directed this effort despite the fact he tendered his resignation just days before his high-pressure phone call to Covington (the same day of Mr. Flynn's resignation as National Security Advisor) in which it would appear that Mr. Laufman was threatening subpoenas before Covington even filed.[6] Indeed, the FARA unit was so eager to have FIG's filing that Ms. Heather Hunt—then head of the FARA section—responded to Covington at 10:50 pm the night it was filed.[7]

Former counsel interviewed many people—none in the presence of Mr. Flynn. Should the government's case here fail, it will not be because of anything Mr. Flynn did or did not do. The fault will lie at the feet of the prosecutors themselves and choices made by former counsel in consultation with the FARA unit itself. Former counsel had the documents on which the prosecution relies, and made judgment as to the information to be included in the filing, which is why Judge Trenga will allow their opinion work-product into evidence—if the government chooses to proceed with its prosecution despite the many findings and implications of Judge Trenga's opinion.[8]

---

[6] Ex. C-3: notes of Covington partner Brian Smith of phone call on 2-14-2017 with Mr. Flynn and counsel (the entire filing at EDVA Dkt. 270 is attached hereto as Exhibit C; however, counsel redacted irrelevant portions of Exhibit 11. Transcript by Defendant's undersigned counsel is attached for the raw notes of 1/2/2017 (Ex. C-2) as Exhibit H).

[7] Ex. D: Email of March 7, 2017.

[8] Ex. E: Trenga Op. at EDVA Dkt. 292.

To the extent there were some errors or omissions in, or preferable wording for, the FARA filing, Mr. Flynn accepted responsibility in the Statement of Offense for those inaccuracies. Nowhere, however, did he sign or recite that he willfully allowed the filing to proceed—knowing and intending it to deceive or mislead. Neither he, nor the Statement of Offense, recited that he authorized the filing knowing or intending it to be false. He cannot acquiesce to the government's demand for that testimony, because it is not true. His former lawyers' own notes reveal that he instructed them to "Be precise."[9] He cannot and will not testify otherwise.[10]

### A. Judge Trenga Held The Government Has Not Proffered Evidence Sufficient To Establish A Conspiracy For Admission of Co-conspirator Statements.

In his order of July 9, 2019, Judge Trenga held: "The United States at this point has not presented or proffered evidence sufficient to establish by a preponderance of the evidence a conspiracy for the purposes of admitting against the Defendant [Rafiekian] the hearsay statements of alleged co-conspirators pursuant to Fed. R. Evid. 801(d)(2)(E)."[11] Judge Trenga will hold a hearing tomorrow specifically on the filings regarding Mr. Flynn. Supposedly, the government's only reason for claiming Mr. Flynn is a "co-conspirator" is to obtain admission of a single document in its case in chief.

But lack of evidence of a conspiracy as to Rafiekian would apply in spades to any involvement of Mr. Flynn. Significantly, despite Mr. Flynn's endless cooperation, Judge Trenga recognized that the government proffered nothing from Mr. Flynn to establish the existence of any

---

[9] Ex. C-3 at 2.

[10] Indeed, much of Mr. Flynn's understanding of the events in this prosecution arose in the process of it and with the benefit of hindsight.

[11] Ex. E at 2.

conspiracy.[12] Notably, the government's proffer was made long before Mr. Flynn's new counsel took over his representation.[13]

Judge Trenga reviewed the prosecutors' filings in detail and all the exhibits.[14] Significantly, Judge Trenga noted the indictment "does not allege that Rafiekian was acting under the direction and control of the Turkish government when he made the alleged false statements to Covington. . ." and, it found those "alleged false statements are not a sufficient basis for a Section 951 charge that Rafiekian acted as a foreign agent with respect to some activity other than a legal commercial transaction."[15]

### B. Judge Trenga Held The FARA Filing Does Not Evidence A Conspiracy.

Judge Trenga also found "similarly, the FARA statement and related filings do not reflect the existence of the alleged conspiracy to act as undisclosed Turkish agents or to cause the filing of a false FARA statement, or Rafiekian's knowing participation in any such conspiracy. The government contends that the FARA statement contains materially false statements, attributable to Rafiekian."[16] The court also held that the disclosures in the FARA statement itself do not "allow any inference of the alleged conspiracies."[17]

---

[12] Ex. E at 28.

[13] Ex. E at 28 and n.17: Judge Trenga points to the government's filings at EDVA Dkt. 173 and 182 with dates May 30 and 31, 2019.

[14] Ex. E at 27-28.

[15] Ex. E at n. 14 and 28-29.

[16] Ex. E at 29.

[17] Ex. E at 29-30 and at n. 20.

### C. Former Counsel Had All Information The Government Complains Proves A Conspiracy When Counsel Made The FARA Filing.

Mr. Flynn's potential "coconspirator" status is more troubling in light of the government's sudden change of position with respect to his testimony. Judge Trenga found the government did not contend or proffer any evidence that "Covington (which was concededly not part of any conspiracy), wrote and filed the FARA disclosures without the benefit of the emails and other documents the government contends reflects the alleged conspiracy." [18]

Instead, former counsel had all the emails and information that the government claims supports a "conspiracy" and more when they completed the FARA filing.[19] Moreover, according to Covington's own notes, and consistent with what they told Mr. Flynn, prior counsel admittedly "did not necessarily go through every doc; were trying to capture high-level info of who client was and nature of work."[20]

### IV. Mr. Flynn's Has Fully Cooperated With The Government.

Judge Trenga himself outlined some of Mr. Flynn's cooperation, noting, he "turn[ed] over to [law enforcement] . . . any and all evidence of crimes about which [he] is aware."[21] Mr. Flynn's

---

[18] Ex. E at 31.

[19] Ex. E at 31. Furthermore, as Judge Trenga's opinion makes plain, there are multiple issues with "the substance of the allegations in light of the substantial evidence that has been submitted in connection with the other pending motions, which raise substantial factual issues as to the Superseding Indictment's allegations pertaining to falsity, materiality, scienter, and agency." Ex. E at 24, n. 13.

[20] *Compare* Ex. C-11: 05/29/19 former counsel's typed notes of Kelner interview with EDVA pp.8-9 to Ex: C-3: notes of phone call 02/14/17 *with* Mr. Flynn, Ms. Verderame and former counsel.

[21] Ex. E at 12.

former Covington lawyers[22] also represented to the Court that "[Flynn] cooperated extensively with the Special Counsel's Office, and, pursuant to his plea agreement, he continues to cooperate with the U.S. Attorney's Office in connection with this criminal case. [Doc. No. 76] at 2." [23]

And, there is considerably more cooperation cited in Judge Trenga's opinion:

> As part of his cooperation, Flynn, in his capacity as CEO and Chairman of FIG's Board of Directors, (1) authorized Covington to share with the U.S. Attorney's Office certain information concerning the preparation of the FARA filing; (2) authorized FIG's former in-house General Counsel to be interviewed regarding the legal advice he provided to FIG before Covington's retention regarding FIG's obligation to file under FARA; (3) submitted to interviews by the U.S. Attorney's Office about the FARA submission and the factual information he and others shared or did not share with Covington lawyers who were working on preparing the FARA filing; and (4) authorized Covington to disclose to the U.S. Attorney's Office the factual representations made to them by FIG personnel in connection with the FARA filing; the source of those factual representations; information concerning who reviewed drafts of the FARA filing and their comments, corrections, or questions thereto; and how they received communications from FIG personnel concerning the contents of the FARA filing. See Ex. G to Mot. to Exclude Privileged Information.[24]

Even that is not the end of it. Mr. Flynn has spent more than a hundred hours, traveling to meet with the EDVA prosecutors, preparing for those sessions, and attending those sessions. Most of his travel from Rhode Island for each of these meetings has been at his own expense. In addition, he has incurred hundreds of thousands of dollars of legal fees attributable solely to his cooperation with the government.[25]

---

[22] Ex. E at 12, n. 4: "Flynn is no longer represented by Covington and has obtained new counsel in this matter. *See* Doc. Nos. 210–11."

[23] Ex. E at 12-13, n. 5.

[24] Ex. E at 13.

[25] Ex. B.

Mr. Flynn cooperated even further with the government in trying to clear up the prosecutors' misunderstanding of some crucial facts and in response to their questions and demands. Instead of seeking and confirming the truth, prosecutors doubled-down, putting prior counsel in conflict with his former client and his partner's own contemporaneous notes.[26] Then, the government made a sealed, *ex parte* filing, complete with a gag order that would not allow Mr. Flynn to discuss the developments even with his wife, and an FBI agent called Michael G. Flynn (Mr. Flynn's son) to question him despite knowing he was represented by counsel. They have now put his son on the witness list.

Mr. Flynn made a significant production to the government on June 27, 2019, for which he specifically waived attorney-client privilege and protections of the work-product doctrine with respect to contemporaneous notes and emails from prior counsel.[27] The notes show conclusively that even though one member of Mr. Flynn's former firm may not recall some points, another member's contemporaneous notes establish that Mr. Flynn's statements to former counsel were consistent with his testimony to the grand jury and EDVA prosecutors.

## CONCLUSION

For these reasons, and more to be briefed as we progress in our review of the case, there should be no negative change in Mr. Flynn's status before this Court because of anything in the EDVA. Counsel for Mr. Flynn expects to provide the Court with further information by the status report date of August 31, 2019, but also, to request additional time, as we anticipated originally.

---

[26] *Compare* Ex. C-11: 05/29/19 former counsel's typed notes of Kelner interview with EDVA pp.8-9 to Ex: C-3: notes of phone call 02/14/17 *with* Mr. Flynn, Ms. Verderame and former counsel.

[27] Ex. F: Mr. Flynn's non-privileged production to the Government; Ex G: Mr. Flynn's Privileged Production to the Government with waiver.

Dated: July 11, 2019                                    Respectfully submitted,

/s/ Jesse R. Binnall
Jesse R. Binnall, VSB No. 79292
Harvey & Binnall, PLLC
717 King Street, Suite 300
Alexandria, Virginia 22314
Tel: (703) 888-1943
Fax: (703) 888-1930
jbinnall@harveybinnall.com


/s/ Sidney Powell
Sidney Powell, P.C.
2911 Turtle Creek Blvd., Suite 300
Dallas, Texas 75219
Tel: 214-707-1775
sidney@federalappeals.com
Admitted *Pro Hac Vice*

W. William Hodes
The William Hodes Law Firm
3658 Conservation Trail
The Villages, Florida 32162
Tel: (352) 399-0531
Fax: (352) 240-3489
Admitted *Pro Hac Vice*

*Counsel for Defendant Michael T. Flynn*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2019, I filed the foregoing in the office of the Clerk, which will provide notice to all counsel of record, using the CM/ECF system.

Jessie K. Liu, U.S. Attorney for the District of Columbia
Brandon L. Van Grack, Special Assistant U.S. Attorney
Deborah Curtis, Assistant U.S. Attorney
Jocelyn Ballantine, Assistant U.S. Attorney
555 4th Street, NW
Washington, DC 20530

/s/ Jesse R. Binnall
Jesse R. Binnall, VSB # 79292
Harvey & Binnall, PLLC
717 King Street, Suite 300
Alexandria, VA 22314
Tel: (703) 888-1943
Fax: (703) 888-1930
jbinnall@harveybinnall.com

*Counsel for Non-Party Michael T. Flynn*