IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MICHAEL T. FLYNN,<br><br>    Defendant. | Criminal Action No. 1:17-cr-00232<br>(EGS) |

## DECLARATION OF LINDSAY R. MCKASSON

I, Lindsay R. McKasson declare:

1. I am an attorney at Harvey & Binnall, PLLC.

2. On June 27, 2019, I participated in a trial preparation session at the United States Attorney's Office for the Eastern District of Virginia in which General Flynn was being prepared for his testimony by the United States Attorneys.

3. On that day, I wrote contemporaneous notes during the meeting. A true and correct copy of those notes are attached hereto as **Exhibit 1**.

4. Later that afternoon, I transcribed my handwritten notes into types notes. A true and correct copy of those typed notes are attached hereto as **Exhibit 2**.

I swear that the foregoing is true and correct under the laws of the District of Columbia on this 10th day of July, 2019.

_____
Lindsay R. McKasson

# EXHIBIT 1

EDVA

6/27/19    AUSA Mtg

- Jim Gillis
- Neil Hammerstrom
- Evan Turgeon — Nat'l Sec. Division
- John _____

- Testimony → consistent
- Cooperate
- Grave production
- Walk-through → Reviewing production

Neil: • Were the atty's who prepared FARA filing the one who were in the mtgs

- Evan: what's the point you are trying to make [re: Gillen packet]

- Evan:

- [Brandon joined]

- Confidence / Truth piece → always about Gulen
    - Focus never changed
    - 4 ≤ (6)
    - Bijan / Ekim came up →
    - Whence U.S. got back to Turkey
    - Change in name only
    - Stmt is false

Sidney • Nothing in stmt → willfully/knowingly
             — re FARA

Brandon • Doesn't make this an offense → r
          - First time client or counsel has made
            stmt like that
          - No representation ≠ would have been
            falsity in ~~~ mitigated
          - Omissions → facts about officials in
            Turkey
          - Looks like you & have reviewed notes
          - things he told us before
          - one thing: well One thing not to go
            through first; another thing that he
            didn't know
                  - he provided them misleading/
                    false information
          - want to be clear: no false/misleading
            stmts

Sidney: You're asking client to lie

Brandon   No one is asking your client to lie
           → be careful about what you say
           • other ppl listening to this call →
                     on the line

Jim:   Factual discussion

- Specifically typed up notes → email them to us
  - Contemporaneous, typed up notes from discussions w/ Gen. Flynn
    - yes?
    - email those to us

Sidney — I dont think there are any

- Area of male associate

Sidney: We are going to need some time

Brandon: We can talk after

# EXHIBIT 2

AUSA EDVA Notes
6/27/19, 9:30 a.m. [notes were hand-written at time of interview and typed on the same day]

Attendance:
- Jim Gillis
- Neil Hammerstorm
- Evan Turgeon – Nat. Sec.
- John _____ (AUSA)
- Sidney
- Jesse
- Lindsay
- Bill

Sidney: testimony is consistent, he will cooperate…[gave production]

- Walk through production

Evan: what's the point you are trying to make [re Gulen report/packet]

Neil: Were the atty's who prepared the FARA filing the ones who were in the meetings [that are reflected in the notes]?

Sidney: Yes

[Brandon joined the call]

John: confidence/truth project – always about Gulen
- We know that the focus never changed
- Paragraph 5(b) must be what you're talking about [Stmt of Offense]
- Bijan/Ekim came up these lies, but in reality they were trying to get Gulen back to Turkey
- Project name change, was a change in name only
- The statement is false

Jesse: Covington had accurate information pre-filing

Sidney: review the FARA in totality, from appellate perspective = where the hell is your case?
- look at the whole filing
- send prison for 15 years for writing op-ed?

Bill: some ambiguous or false/misleading information
- Did not intentionally make false statements

- He did not knowingly make the statements that he knew were wrong
- Gave the information to his lawyers and figured they would get it right

John: Statement given was that the Turkey project was on business relations
- That's the story they portrayed
- When in reality, during the General's telling, he admits that the highest levels of GoT (Govt of Turkey) were involved
- Telling FARA unit that this about business relations – that is a false statement

Neil: why not raise it in colloquy?

Brandon: This agreement was extensive
- He was part of the discussions
- This is the language your client agreed to
- Statement of Offense
- He was aware false statement
- General pushed back on some language, but not this language
- Did not willfully – why not say something?
- You are reviving conversations that already occurred
- He did not say anything in front of judge

Sidney: nothing in statement says willfully/knowingly re FARA

Brandon: [very heated]
- Without willfully/knowingly it doesn't make this an offense
- First time your client or counsel has made any statement like what you are saying
- No representation that this [what you're saying is the case] – would have been factor in mitigation
- Omissions – the facts about officials in Turkey
- Looks like you have reviewed the notes
- Things he told us before
- It's one thing to say that he did not go line by line through the FARA, it's another thing to say he didn't know
    - He provided them misleading/false information
- Want to be clear – you are saying that he did not provide any false/misleading statements to Covington?

Sidney: You are asking my client to lie
- Everything I have seen is consistent – if you have seen something, show us

Brandon: No one is asking your client to lie
- Be careful about what you say

- o  Other people are listening on this call [on the line][1]

Jim: Let's go back to having a factual discussion
- o  What he believes to be true – it is difficult for us to believe that [what you're saying]
- o  I know sometimes when drilling down on facts that stories may evolve a bit
- o  I don't want him [General] to say anything but the truth
- o  And I am not changing that one bit
- o  We need to absorb what you have given us
- o  I think I know what Brandon was saying – clarify that your position is that he [General] never gave false information to any lawyers at Covington or to [Kristen?] whether orally or through documents?

Sidney: we have seen nothing to indicate that

Jim: You should go back to Covington lawyers
- o  Have you asked them for typed up versions?
- o  These specific interviews [before FARA filing]
- o  Are there no typed up interviews with them? [Sidney: I don't believe so]
- o  Ask them direct yes or no from them re their notes
- o  Have you confronted them with this? No
- o  Ask them for their typed up notes from that time period
- o  Their typed up notes would be contemporaneous notes
- o  Our experience → they [Covington] had associate furiously typing away
- o  You should ask them specifically re the typed up notes and ask them to email the notes to you
- o  Contemporaneous, typed up notes from discussions between Covington and Gen. Flynn

Sidney: I don't think there are any

Jim: two associates taking notes, Alex and a male

Sidney: we are going to need some time

Brandon: we can talk after [to the AUSA team]

---

[1] I also remember Sidney saying in response to this: Put the world on – just put the world on!