UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL T. FLYNN,<br><br>     **Defendant** | Crim. No. 17-232 (EGS) |

## JOINT STATUS REPORT

  The United States of America, by and through the U.S. Attorney for the District of Columbia, and Mr. Flynn through his counsel, file this joint status report to provide the Court with the current status of this matter.

  On June 24, 2019, the Court ordered the parties to file another joint status report by no later than August 30, 2019. On August 21, 2019, the Court instructed that the status report address four topics: (1) the status of the defendant's cooperation; (2) whether the case is ready for sentencing; (3) suggested dates for the sentencing hearing, if appropriate; and (4) whether there are any issues that would require the Court's resolution prior to sentencing.

  The parties are unable to reach a joint response on the above topics. Accordingly, our respective responses are set forth separately below. Considering these disagreements, the government respectfully requests that the Court schedule a status conference. Defense counsel suggests that a status conference before 30 days would be too soon, but leaves the scheduling of such, if any, to the discretion of the Court. The government is available on September 4th, 5th, 9th or 10th of 2019,

or thereafter as the Court may order. Defense counsel are not available on those specific dates.

### I.     Counsel for the defendant advises the following:

1.     Mr. Flynn's cooperation is complete. He not only cooperated extensively with the Special Counsel's office, but also with the prosecutors in the Eastern District of Virginia in the Rafiekian case. This cost Mr. Flynn more than 100 hours of his time and hundreds of thousands of dollars in additional legal fees. He even waived the attorney-client privilege and the protection of the work-product doctrine to enhance his cooperative effort.

2.     The case is not ready for sentencing. As new counsel, we have only recently received the entire file, which occupies 13 hard drives, comprised of more than 300,000 documents, and we are still working with prior counsel to tie up some loose ends. The last of those hard drives was just uploaded to our document review system within the last 30 days. Despite our best efforts, it will still take a significant amount of time to complete our review. More troubling, there is much information that we do not have—and neither did prior counsel. Thus, the defense requests an additional 90 days before the next status report.

3.     For the reasons set out above, the defense does not have any dates to suggest for sentencing.

4.     There are serious issues to be addressed by the Court before we can proceed further. First, the government continues to deny our request for security

clearances. Our attempts to resolve that issue with the government have come to a dead end, thus requiring the intervention of this Court.

Our client held the highest security clearance the government provides. We know—but not in any detail because of our lack of clearance—that he briefed and debriefed the DIA about his foreign contacts and travel. All that material is relevant to the charges against him, and it is most likely *Brady* material to boot. Although Mr. Flynn was a civilian at the time, that information remains classified-- or at a minimum withheld from the defense.

There is other information relevant to the defense that is either classified or being suppressed by the government, not the least of which are the transcripts and recordings of the phone calls that supposedly underpin the charges against Mr. Flynn. The government has steadfastly refused to produce those – even to this Court. The Inspector General of the Department of Justice has completed one or more relevant reports that include classified sections, and he is completing additional reports that reportedly will include a large classified section – a significant portion of which will almost certainly relate to Mr. Flynn. We must have access to that information to represent our client consistently with his constitutional rights and our ethical obligations.

Second, the government has also failed to produce, among other things, the original or first draft of the FBI 302 of the interview of Mr. Flynn on January 24, 2017, and the 1A file which we have repeatedly requested, and any records or documents that show everyone who made changes to that 302.

We expect to identify more issues for the Court promptly, and we will file the appropriate motions to address those issues as soon as possible. In the interest of efficiency, we will certainly continue to review the materials we do have simultaneously with addressing these additional issues.

**II.    The government advises the following:**

1. The defendant's cooperation has ended.

2. The case is ready for sentencing, and the government proposes the following dates for a sentencing hearing: October 21-23, 2019, or November 1-15, 2019.

3. The government is not aware of any issues that require the Court's resolution prior to sentencing.

4. We take very seriously our discovery and disclosure obligations, to include those specifically imposed by the Court in this case. As we have previously communicated to defense counsel, discovery and disclosure of classified national security information, as defined under Executive Order 13526 and its predecessor Executive Orders, is governed by the procedures set forth under the Classified Information Procedures Act, 18 U.S.C. App. III. Sections 1-16 ("CIPA"), and specifically CIPA Section 4. A defendant and his/her cleared counsel in a criminal prosecution may only obtain access to classified U.S. government information when such classified material is deemed both "relevant" and "helpful to the defense." *See United States v. Yunis*, 867 F.2d 617, 623-24 (D.C. Cir. 1989).

The government has exceeded its discovery and disclosure obligations in this matter, including those imposed pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and the Court's Standing Brady Order dated February 16, 2018. That includes the provision to the defendant of over 22,000 pages of documents. Among those documents are all versions in the government's possession of the FBI report of the January 24, 2017 interview of the defendant and the interviewing agents' notes. The defendant and his prior counsel were in possession of those notes and draft reports of the January 24 interview before his scheduled sentencing on December 18, 2018. The government has not provided any classified information to the defendant or his counsel, and the government is not aware of any classified information that requires disclosures to the defendant or his counsel under *Brady* or the Court's Standing *Brady* Order.

Respectfully submitted,

JESSIE K. LIU
U.S. Attorney for the District of Columbia

BRANDON L. VAN GRACK
Special Assistant U.S. Attorney

DEBORAH CURTIS
JOCELYN BALLANTINE
Assistant United States Attorneys

SIDNEY POWELL
JESSE BINNALL
Attorneys for Defendant