## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **Plaintiff,** | |
| **v.** | **Criminal Action No. 17-232-EGS** |
| **MICHAEL T. FLYNN,** | **SEALED** |
| **Defendant.** | |

## MOTION TO COMPEL THE PRODUCTION OF *BRADY* MATERIAL AND FOR AN ORDER TO SHOW CAUSE

Michael T. Flynn ("Mr. Flynn") requests this Court (i) order the prosecutors to show cause why they should not be held in contempt for their repeated refusals to comply with this Court's *Brady* order and their constitutional, legal, and ethical obligations; (ii) compel the government to produce to Mr. Flynn evidence relevant and material to his defense as identified in this Motion; (iii) compel the government to produce to the defense any additional information that has come to the attention of the Inspector General, the FBI, or any other member of the Department of Justice that bears on the government's own conduct or its allegations against Mr. Flynn; and (iv) order the government to preserve all emails, documents, texts and other material relevant to the investigation of Mr. Flynn including by Special Counsel.

### I.       Background

As explained more fully in Mr. Flynn's accompanying brief, *Brady v. Maryland* and its progeny require the government to produce all evidence "material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87

1

(1963). Because the government is supposed to pursue justice—not merely convictions—its responsibility to produce *Brady* material is a grave one, its scope wide-ranging, and its duration ongoing. Indeed, this Court has entered both an initial Standing Order to produce *Brady* material, on December 12, 2017, and an updated Order on February 16, 2018, making it clear to the government that its duty to produce exculpatory evidence exists independently of Mr. Flynn's guilty plea, and that that duty has not expired.

Yet, when undersigned new counsel for Mr. Flynn requested a detailed list of outstanding *Brady* material immediately upon taking over from prior counsel, Mr. Van Grack glibly responded a few weeks later, on June 26, 2019, writing:

> [t]he government has exceeded its discovery and disclosure obligations in this matter, including those imposed pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and the Court's Standing Order dated February 16, 2018. Additionally, in the plea agreement that your client signed on November 30, 2017, your client waived the right to any further discovery or disclosures of information. As such, the government does not anticipate providing additional information in response to your letter.[1]

Given the material defense counsel has requested, which remains outstanding, Mr. Van Grack's denial that further *Brady* material exists is patently absurd.  It demonstrates arrogance and utter contempt for the letter and the spirit of this Court's explicit order, the rule of *Brady v. Maryland*, and the protections guaranteed to defendants by the U.S. Constitution. In fact, just last week, Mr. Van Grack produced an additional 330 pages that included information that any reasonable attorney would understand as *Brady* evidence in light of Special Counsel's investigation and assertions that Mr. Flynn was an undisclosed "agent of Russia" or an "agent of

---

[1]     On July 12, 2019, Mr. Van Grack again refused our request for *Brady* material, again suggesting that Mr. Flynn's plea ended the prosecutors' *Brady* obligation while touting the government's supposedly extensive production.  It has reiterated its position in the Status Report just filed.

Turkey."[2]  That production also shows that Mr. Flynn passed his polygraph test in 2016 and his security clearance was renewed.   This was at the same time the FBI seems to have been investigating him under the pretext that he was an "agent of Russia" and/or of Turkey. Interestingly, the new production also shows that James Clapper refused to assist in the investigation for Mr. Flynn's security clearance, which Mr. Flynn received after a full investigation despite Mr. Clapper's actions.

Yet again, in the Status Report filed today, the prosecutors exude arrogance in their flat denials of both our request for security clearances and the production of *Brady* material. Production of obvious *Brady* material while repeatedly and stoutly denying any such material exists prompts questions of how much *more* is still outstanding and whether these prosecutors are *willing* or *able* to recognize it when they see it.   The only alternative explanation is even worse.

**II. The Government Must Be Compelled to Produce and Should be Held in Contempt for Failing to Produce *Brady* Evidence the Defense Has Long Requested**.

Since June 6, 2019, immediately upon accepting Mr. Flynn's defense, new counsel for Mr. Flynn has requested the following information in unredacted form pursuant to *Brady* and its progeny. Thoroughly stymied in our efforts to obtain this information from the government, despite its obligations to produce it, we necessarily enlist the aid of this Court in enforcing its Standing Order.

1. A letter delivered by the British Embassy to the incoming National Security team after Donald Trump's election, and to outgoing National Security Advisor Susan Rice (the

---

[2]   The most recent production demonstrated that Mr. Flynn briefed the Defense Intelligence Agency on the people he was likely to meet on the Turkey project and the subject of that scheduled meeting before it happened.   These prosecutors are still suppressing evidence that he did so on all his foreign contacts from the time he left DIA.

letter apparently disavows former British Secret Service Agent Christopher Steele, calls his credibility into question, and declares him untrustworthy).

2.  The original draft of Mr. Flynn's 302 and 1A-file, and any FBI document that identifies everyone who had possession of it (parts of which may have been leaked to the press, but the full original has never been produced).  This would include information given to Deputy Attorney General Sally Yates on January 24 and 25, 2017.

3.  All documents, notes, information, FBI 302s, or testimony regarding Nellie Ohr's research on Mr. Flynn and any information about transmitting it to the DOJ, CIA, or FBI.

4.  All payments, notes, memos, correspondence, and instructions by and between the FBI, CIA, or DOD with Stefan Halper—going back as far as 2014—regarding Michael Flynn, Svetlana Lokhova, Mr. Richard Dearlove (of MI6), and Professor Christopher Andrew (connected with MI5) and Halper's compensation through the DOD Office of Net Assessment as evidenced by the whistleblower complaint of Adam Lovinger, addressed in our brief. This includes David Shedd (former Deputy Director of DIA) and Mike Vickers, who were CIA officers; James H. Baker; former DIA Director LTG Stewart; former DIA Deputy Director Doug Wise; and the DIA Director of Operations (DOD).   This  should  also  include  any  communications  or correspondence of any type arising from the investigation or alleged concerns about Mr. Flynn that contained a copy to (as a "cc" or "bcc") or was addressed directly to the DNI James Clapper and his senior staff; to CIA Director Brennan and his senior staff; or to FBI Director Comey, his Deputy Andrew McCabe and senior staff.

5.  The Flynn 302 dated January 19, 2017, mentioned in the Mueller Report.

6.  All and unredacted Page-Strzok text messages.  Mr. Van Grack's October 4, 2018, letter asserts: "To the extent the text messages appear to be incomplete or contain gaps, we do not possess additional messages that appear to fill such gaps."  The government should be compelled to identify to whom "we" refers, where the originals are, and whether any of the gaps have been filled or accounted for.

7.  All documents, reports, correspondence, and memoranda, including any National Security letter or FISA application, concerning any earlier investigation of Mr. Flynn, and the basis for it. (The existence of these earlier investigations was disclosed in the Mueller Report; see Vol. II at pp. 24, 26.)

8.  All transcripts, recordings, notes, correspondence, and 302s of any interactions with human sources or "OCONUS lures" tasked against Mr. Flynn since he left DIA in 2014.

9.  The unredacted Page-Strzok text messages as well as text messages, emails and other electronic communications to, from, or between Andrew McCabe, James Comey, Rod Rosenstein, Bruce Ohr, Nellie Ohr, John Carlin, Aaron Rouse, Carl Ghattas, Andrew Weissmann, Tashina Gauhar, Michael Steinbach, ████████, and Zainab Ahmad, regarding Mr. Flynn or the FISA applications or any surveillance (legal or illegal) that would have reached Mr. Flynn's communications.

10. All evidence concerning notification by the Inspector General of the DOJ to the Special Counsel of the Strzok-Page text messages, including the actual text of any messages given to the Special Counsel, and the dates on which they were given. Although the Inspector General notified Special Counsel of the tens of thousands of text messages between Peter Strzok and Lisa Page no later than July 2017—the prosecutors did not produce a single text message to the defense until March 13, 2018.

11. All evidence of press contacts between the Special Counsel Office, including Andrew Weissmann, Ms. Ahmad, and Mr. Van Grack from the departure of Peter Strzok from Special Counsel team until December 8, 2017, regarding Mr. Flynn.

12. Unredacted copies of all memos created by or other communications from James Comey that mention or deal with any investigation, surveillance, FISA applications, interviews, or use of a confidential human source or "OCONUS lures" against Mr. Flynn.

13. An unredacted copy of all of James Comey's testimony before any Congressional committees.

14. The James Comey 302 for November 15, 2017, and all Comey 302s that bear on or mention Mr. Flynn.

15. Notes and documents of any kind dealing with any briefings that Mr. Flynn provided to DIA after he left the government.

16. Any information, including recordings or 302s, about Joseph Mifsud's presence and involvement in engaging or reporting on Mr. Flynn and Mifsud's presence at the Russia Today dinner in Moscow on December 17, 2015.

17. All notes, memoranda, 302s, and other information about the McCabe-Strzok meeting or meetings with Vice President-Elect or Vice President Pence (these meetings were referenced in the Mueller Report at Vol II, p. 34).

18. All Mary McCord 302s or interviews, including when she knew that Mr. Flynn did not have "a clandestine relationship with Russia."

19. Any Sally Yates 302s or other notes that concern Mr. Flynn, including treatment of her meetings with FBI Agents on January 24 and 25, 2017, her meetings with anyone in the White House, and the draft 302 of the Flynn interview on January 24 she reviewed or was read into.

20. An internal DOJ document dated January 30, 2017, in which the FBI exonerated Mr. Flynn of being "an agent of Russia."

21. All information provided by Kathleen Kavalec at the Department of State to the FBI regarding Christopher Steele prior to the first FISA application.

22. Any and all evidence that during a senior-attended FBI meeting or video conference, Andrew McCabe said "First we fuck Flynn, then we fuck Trump," or words to that effect.

23. The two-page Electronic Communication (EC) that allegedly began the "Russia Collusion" investigation.

24. All information that underlies the several FISA applications, including any information showing that any of the assertions in the applications were false, unverified, or unverifiable.

25. All documents, notes, information, FBI 302s, or testimony regarding any debriefing that Bruce Ohr gave to anyone in the FBI or Department of Justice regarding Christopher Steele.

26. Testimony, interviews, 302s, notes of interviews of all persons who signed FISA applications regarding Mr. Flynn or anyone that would have reached Mr. Flynn's communications, without regard to whether those applications were approved or rejected.

27. All FISA applications since 2015 related to the Russia matter, whether approved or rejected, which involve Mr. Flynn or reached his communications with anyone.

28. Information identifying reporters paid by Fusion GPS and/or the Penn Quarter group to push "Russia Collusion," communications regarding any stories about Mr. Flynn, and any testimony or statements about how the reporters were used by the government regarding Mr. Flynn.

29. FBI 302s of KT McFarland, notes of interviews of her or her own notes, and text messages with Mr. Flynn from approximately December 27, 2016, until Flynn's resignation.

30. Any information regarding the SCO's and DOJ's destruction of the cell phones of Peter Strzok and Lisa Page (after being advised of the thousands of text messages that evidenced their bias) that has been classified or otherwise not available to the public from the published Inspector General Report.

31. Any information regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ eradication of cell phone data, texts, emails, or other information belonging to Peter Strzok and Lisa Page that created the "gap" identified by the IG.

32. Information about any parts of any polygraph examinations failed by Peter Strzok after Mr. Flynn was first the subject of any FBI investigation—authorized or unauthorized.

33. *Brady* or *Giglio* material newly discovered by the government (and by the Inspector General in his separate investigations) in the last two years.

34. A full unredacted and copies of the recordings of Mr. Flynn's calls with Ambassador Kislyak or anyone else that were reviewed or used in any way by the FBI or SCO in its evaluation of charges against Mr. Flynn.

35. All FBI 302s, notes, memoranda of James Clapper regarding Mr. Flynn, and the cell phone and home phone records of Mr. Clapper and David Ignatius between December 5, 2016, and February 24, 2017.

 Although not previously requested, the government should be compelled to produce:

36. Unredacted scope memos written for the Special Counsel and any requests by Special Counsel that mention Mr. Flynn or his son.

37. All FBI 302s or any notes of interviews of David Ignatius or any other reporter regarding the publication of information concerning Mr. Flynn and/or the reporters' contacts with James Clapper, Andrew McCabe, John Brennan, Michael Kortan, or anyone in the FBI, DNI, DOD, DOJ, or CIA regarding Mr. Flynn.

38. FBI 302s and interview notes of Jim Woolsey, including notes by SCO members of conversations with Woolsey about Mr. Flynn, Flynn Intel Group, the Turkey project, and his separate meeting with officials of Turkey after the meeting that was the subject of the FIG FARA filing.

39. All communications between Mr. David Laufman, Ms. Heather Hunt and any other member of the National Security Division regarding the FARA registration for Mr. Flynn and FIG and notes, reports or recordings of their interaction with Covington & Burling with regards to the filing and its contents. See Def.'s Resp. to the Ct.'s Order of July 9 & Gov.'s Filing of July 10, Ex. D, July 11, 2019, No. 17-232-EGS.

40. Unredacted notes of the ██████████ and Strzok from the interview of Mr. Flynn on January 24, 2017.

## IV.   The Defense Requests Production of Actual Documents the Government Has Referred to Only in "Summaries" in its Production Letters.

In its letters submitted pursuant to the Protective Order in this case, the government has admitted that it possesses information and documents for which it has provided only "summaries."   Remarkably, it has refused to produce the actual evidence for evaluation by lawyers dedicated to serving the defendant's interests, as is required in our constitutional system. Therefore, Mr. Flynn demands the unredacted 302 reports and any notes or recordings in any form of the following meetings or interviews:

a. Former Deputy Director Andrew McCabe, regarding Mr. Flynn, his calls with Ambassador Kislyak, members of the White House discussing those, and his discussions, planning session, and debriefing session with agents before and after the Flynn interview on January 24, 2017.

b. Recordings, notes, and memoranda by any and all persons who participated in the planning session for the interview of Mr. Flynn, at which it was decided that the agents would not inform him that it was an actual interview or that he was under investigation—so as to keep him "relaxed.".   (These persons include David Bowdich, Jen Boone, ██████████, Peter Strzok, Lisa Page, Trish Andersen, and Andrew McCabe.)

c. Recordings, notes, and memoranda by any and all persons who participated in the debriefing sessions following the interview of Mr. Flynn, including ██████ ██████, Peter Strzok, Jon Moffa, Andrew McCabe, Bill Priestap, David Bowdich, ██████████, Trish Andersen, and James Comey.

d. Former Principal Associate Deputy Attorney General Matthew Axelrod regarding Mr. Flynn.

e. Former Acting Assistant Attorney General Mary McCord regarding the FBI's decision not to give Mr. Flynn a Title 18, Section 1001 warning, and the decision not to re-interview him despite the general practice of the FBI to give subjects that opportunity.

f. Former Acting Attorney General Sally Yates, regarding her opinion that the January 24, 2017, surprise interview of Mr. Flynn was problematic and her lack of clarity of the FBI's purpose in investigating Mr. Flynn.

    g.   White House and transition officials regarding Mr. Flynn's conversations with Ambassador Kislyak.

    h.   Michael Boston, Phil Oakley, Carl Pilgrim, Graham Miller, regarding Flynn Intel Group and Mr. Flynn, and Brian McCauley, regarding Mr. Flynn's desire to file FIG's FARA registration "the right way" with the DOJ.

    i.   The entire report of the SCO's interview of James Comey, provided *in camera* to the Court, but only summarized to defense counsel in the SCO's letter of December 14, 2018.

This prosecution and the circumstances surrounding it are unprecedented. The only way to achieve justice in this case is to provide transparency and the full disclosure of all information relevant to the defense of Mr. Flynn. Now, more than ever, the government must be held to the highest standards, as classically set out in *Berger v. United States*, 295 U.S. 78, 86 (1935) ("The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win the case, but that justice shall be done."); *United States v. Harvey*, 791 F.2d 294, 300 (4th Cir. 1986) (noting "both constitutional and supervisory concerns require holding the Government to a greater degree of responsibility").

For these reasons, Mr. Flynn requests that this motion be granted. The government should be ordered to produce the documents listed in this motion and to preserve all documents including phones, texts, and emails of all Special Counsel team members; that the government be ordered to show cause why the prosecutors in this matter should not be held in contempt for their failures to produce all information pursuant to this Court's Standing Order of February 16, 2018; and that after hearing and full consideration of the facts and law, this Court find the prosecutors

in contempt for their failure to respect and abide by this Court's order to produce all *Brady* evidence.

August 30, 2019

Respectfully submitted,


/s/ Sidney Powell
Sidney Powell
Molly McCann
**Sidney Powell, P.C**.
2911 Turtle Creek Blvd.,
Suite 300
Dallas, Texas 75219
Tel: 214-707-1775
sidney@federalappeals.com
Admitted *Pro Hac Vice*
molly@federalappeals.com
Admitted *Pro Hac Vice*

/s/ Jesse R. Binnall
Jesse R. Binnall
Lindsay R. McKasson
**Harvey & Binnall, PLLC**
717 King Street, Suite 300
Alexandria, VA 22314
Tel: (703) 888-1943
Fax: (703) 888-1930
jbinnall@harveybinnall.com
lmckasson@harveybinnall.com
Admitted *Pro Hac Vice*

W. William Hodes
The William Hodes Law Firm
3658 Conservation Trail
The Villages, Florida 32162
Tel: (352) 399-0531
Fax: (352) 240-3489
Admitted *Pro Hac Vice*

**CERTIFICATE OF CONFERENCE**

I hereby certify that the parties have conferred on the above Motion and Ms. Curtis advised that the government opposes this motion.

/s/ Sidney Powell
Sidney Powell, P.C.
2911 Turtle Creek Blvd.,
Suite 300
Dallas, Texas 75219
Tel: 214-707-1775
sidney@federalappeals.com
Admitted *Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on Friday, August 30, 2019, I filed a copy of the above and foregoing in the office of the Clerk via the CM/ECF system, which will provide notice to all counsel of record.

Jessie K. Liu, U.S. Attorney for the District of Columbia
Brandon L. Van Grack, Special Assistant U.S. Attorney
Deborah Curtis, Assistant U.S. Attorney
Jocelyn Ballantine, Assistant U.S. Attorney
555 4th Street, NEW
Washington, D.C. 20530

/s/ Sidney Powell
Sidney Powell, P.C.
2911 Turtle Creek Blvd.,

Suite 300
Dallas, Texas 75219
Tel: 214-707-1775
sidney@federalappeals.com
Admitted *Pro Hac Vice*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **Plaintiff,** | |
| **v.** | **Criminal Action No. 17-232-EGS** |
| **MICHAEL T. FLYNN,** | |
| **Defendant.** | |

## <u>ORDER</u>

The Court has carefully considered Mr. Michael T. Flynn's motion to show cause and to compel production of *Brady* material and it is hereby ORDERED that said motion is GRANTED.  The government is hereby ORDERED to show cause why it should not be held in contempt for its violations of this Court's Standing *Brady* Order.  The government is hereby ordered to provide all original documents requested by the defense for which the government has only provided summaries, including raw notes supporting those documents.

The government is also ordered to take all steps necessary to preserve all forms of electronic communications, cell phones, and computers of all members of Special Counsel team and the Department of Justice or FBI who communicated with Lisa Page and/or Peter Strzok, whose devices were destroyed.   The government is also ordered to preserve all documents that mention Mr. Flynn.

The government's response to Mr. Flynn's Motion is due September ___, 2019.

SO ORDERED this the _____ day of _____, 2019.


_____
**HONORABLE EMMET G. SULLIVAN, JR.**
**UNITED STATES DISTRICT COURT**