# APPENDIX A

Below are the government's specific responses to each request. Where possible, the government has attempted to respond to the requests by assuming that they are intended to obtain exculpatory information among the listed materials, to the extent such materials exist. The government's responses are not intended to, and should not be read to, indicate that any requested information exists within the government's holdings.

- Request #1:  Not relevant. The government is not aware of information that Christopher Steele provided that is relevant to the defendant's false statements to the Federal Bureau of Investigation ("FBI") on January 24, 2017, or to his punishment.

- Request #2: Already provided.  The government has already provided responsive information to the defendant, including the January 24 interview report, all drafts of the interview report, and the handwritten notes of the interviewing agents.  The government has also provided to the defendant reports of interviews with the second interviewing agent, who attests to the accuracy of the final January 24 interview report.

- Request #3: Not relevant. The government is not aware of any information that Nellie Ohr may have provided that is relevant to the defendant's false statements to the FBI on January 24, 2017, or to his punishment. The government's response includes consideration of the defendant's September 23, 2019 amendment.

- Request #4: Not relevant. The government is not aware of information relating to the listed persons that is relevant to the defendant's false statements to the FBI on January 24, 2017, or to his punishment.  The government's response includes consideration of the defendant's September 23, 2019 amendment.

- Request #5:  Item does not exist.  The reference in the Report of the Special Counsel on Russian Interference in the 2016 Election ("Special Counsel Report") to an interview of the defendant dated January 19, 2017, is a typographical error.  It should read "January 19, 2018," which is an interview of the defendant at which the defendant's counsel were present.

- Request #6: Already provided. The government has already provided the defendant with access to text messages between former FBI attorney Lisa Page and former FBI Deputy Assistant Director ("DAD") Peter Strzok, including text messages pertaining to the defendant that are not publicly available.

- Request #7: Already provided. The government has already provided any information that could reasonably be construed as favorable and material to sentencing.

- Request #8:  Not relevant. The topic is not relevant to the defendant's false statements to the FBI on January 24, 2017, or to his punishment. The government's response includes consideration of the defendant's September 23, 2019 amendment.

- Request #9: Already provided. The government has already provided the defendant with access to any text messages between Page and DAD Strzok that could reasonably be construed as favorable and material to sentencing.

- Request #10: Already provided. The government has already provided the defendant with access to text messages between Page and DAD Strzok that could reasonably be construed as favorable and material to the sentencing.  The government's production to the defendant on March 13, 2018, occurred shortly after the Court issued the Protective Order Governing Discovery, *United States v. Flynn*, 17-cr-232 (D.D.C. Feb. 21, 2018) (Doc. 22), and over eight months before the defendant reaffirmed his guilt before this Court.

- Request #11:  Not relevant. The topic is unrelated to the defendant's false statements to the FBI on January 24, 2017, or to his punishment.

- Request #12:  Already provided/not relevant. The government has already provided any information from interview reports of former FBI Director James Comey that could reasonably be construed as favorable and material to sentencing.

- Request #13:  To the extent the defendant is referring to Director Comey's congressional testimony after he was fired, the government does not possess unredacted copies of such testimony that is not publicly available.

- Request #14: Already provided.  The government has already provided any information from the interview of Director Comey dated November 15, 2017, that could reasonably be construed as favorable and material to sentencing.

- Request #15: The government is not aware of any information in possession of the Defense Intelligence Agency that is favorable and material to sentencing, including the information that the government provided on August 16, 2019.  Specifically, the information of which the government is aware, including that August 16 production, is either inculpatory or has no relevance to the defendant's false statements to the FBI on January 24, 2017, or to the FARA Unit.

- Request #16:  Not relevant. The topic is unrelated to the defendant's false statements to the FBI on January 24, 2017, or to his punishment.  The government appreciates the correction included in the defendant's September 23, 2019 amendment.

- Request #17:  Not relevant. Any briefings or meetings that occurred after January 24, 2017, among the listed individuals are not relevant to whether defendant made false statements to the FBI on January 24, 2017, or to his punishment.

- Request #18: Already provided. The government has already provided the defendant with information from former National Security Division Acting Assistant Attorney General Mary McCord's interview report that could reasonably be construed as favorable and material to sentencing.

- Request #19: Already provided. The government has already provided the defendant with information from former Department of Justice ("DOJ") Deputy Attorney General Sally Yates' interview report that could reasonably be construed as favorable and material to sentencing. The meetings Deputy Attorney General Yates had with persons in the White House after the January 24 interview are not relevant to whether defendant made false statements to the FBI on January 24, 2017, or to his punishment.  The government has already provided the defendant with all drafts in its possession of the January 24 interview.

- Request #20: Already provided/not relevant. The government has already provided the defendant with information from the internal DOJ document about the defendant not being "an agent of Russia." That information, however, is not relevant to whether defendant made false statements to the FBI on January 24, 2017.  The defendant is not charged with and has not been accused by the government in this case of being "an agent of Russia."

- Request #21: Not relevant. The government is not aware of information that Department of State Deputy Assistant Secretary Kathleen Kavalec may have provided that is relevant to the defendant's false statements to the FBI on January 24, 2017, or to his punishment.

- Request #22: Already provided. The government has already provided extensive evidence to the defendant disproving this allegation, including statements from both interviewing agents.  The government is not aware of evidence that former FBI Deputy Director Andrew McCabe said "First we f**k Flynn, then we f**k Trump," or words to that effect.

- Request #23:  Not relevant. The topic is unrelated to the defendant's false statements to the FBI on January 24, 2017, or to his punishment.

- Request #24: The request is overly broad, and does not pertain to information that would be favorable and material to sentencing.

3

- Request #25: Not relevant. The government is not aware of information relating to DOJ attorney Bruce Ohr that is relevant to the defendant's false statements to the FBI on January 24, 2017, or to his punishment.

- Request #26: The request is overly broad, and does not pertain to information that would be favorable and material to sentencing.

- Request #27: The request is overly broad, and does not pertain to information that would be favorable and material to sentencing.

- Request #28: Not relevant. The request is unrelated to the defendant's false statements to the FBI on January 24, 2017, or to his punishment.

- Request #29:  As described in the Special Counsel Report, after the defendant pleaded guilty on December 1, 2017, former Deputy National Security Advisor K.T. McFarland stated in an interview that the defendant relayed to her that he had conversations with the Russian Ambassador in December 2016, about which the defendant made false statements to the FBI on January 24, 2017. *See* SPECIAL COUNSEL ROBERT S. MUELLER III, REPORT ON THE INVESTIGATION INTO RUSSIAN INTERFERENCE IN THE 2016 PRESIDENTIAL ELECTION (Mar. 2019) ("Special Counsel Report"), Vol. I. at 169-73.

- Request #30: Not relevant. The topic is unrelated to the defendant's false statements to the FBI on January 24, 2017, or to his punishment.

- Request #31: Not relevant. The request is unrelated to the defendant's false statements to the FBI on January 24, 2017, or to his punishment.

- Request #32: Not helpful. Whether or not such information exists, it does not pertain to information that would be favorable and material to sentencing.

- Request #33: Already provided.  The government has already provided the defendant with all *Brady* material; it is not obligated to provide *Giglio* material pursuant to the Court's Standing Order, *United States v. Flynn*, 17-cr-232 (D.D.C. Feb. 16, 2018) (Doc. 20).

- Request #34: Not helpful. Whether or not such information exists, it does not pertain to information that would be favorable and material to sentencing.

- Request #35: Not relevant. Former Director of National Intelligence James Clapper had no role in the criminal investigation of the defendant, and the government is not aware of information relating to Director Clapper that is relevant to the defendant's false statements to the FBI on January 24, 2017, or to his punishment.

- Request #36: Not helpful. The request does not pertain to information that would be favorable and material to sentencing. The government also notes that the Special Counsel Report states that the Acting Attorney General confirmed, in memoranda, the Special Counsel's authority to investigate the defendant. *See* Special Counsel Report, Vol. I at 11-12.

- Request #37: Not relevant/not helpful. The request is unrelated to the defendant's false statements to the FBI on January 24, 2017, or to his punishment.

- Request #38. Not helpful. The government is not aware of information from Jim Woolsey that would be favorable and material to sentencing.

- Request #39: The first part of the request concerns internal, deliberative Department of Justice communications that are not discoverable. As for notes of the interactions between the Department of Justice and the defendant's counsel, defendant's counsel participated in those interactions and possess their own notes.

- Request #40: Not helpful. The government has already provided the defendant with the interviewing agents' handwritten notes of the January 24 interview. The limited redactions of those notes do not refer to information that would be favorable and material to sentencing.

- Request a.: Already provided. The government has already provided any information from interviews with Deputy Director McCabe that could reasonably be construed as favorable and material to sentencing.

- Request b.: Already provided/not helpful. As discussed above, debriefings/meetings that occurred before the January 24 interview are not favorable and material to sentencing for making false statements to the FBI on January 24, 2017. Nevertheless, the government has already provided to the defendant any information that could reasonably be construed as favorable and material to sentencing about such pre-interview discussions, including the language quoted in the request.

- Request c.: Already provided/not helpful. The government has already provided any information about such post-interview debriefings that could reasonably be construed as favorable and material to sentencing.

- Request d.: Already provided. The government has already provided any information from former Principle Associate Deputy Attorney General Matthew Axelrod's interview report that could reasonably be construed as favorable and material to sentencing.

- Request e.: Already provided. The government has already provided any information from Acting Assistant Attorney General McCord's interview report that could reasonably be construed as favorable and material to sentencing, including the information quoted in the request.

- Request f.: Already provided. The government has already provided any information from Deputy Attorney General Yates' interview report that could reasonably be construed as favorable and material to sentencing, including the information quoted in the request.

- Request g.: The requested information pertains to information that is inculpatory, and not helpful to the defendant. As the government communicated to the defendant on May 25, 2018, the Special Counsel's Office ("SCO") conducted interviews and reviewed documents that referenced statements the defendant made to White House and transition officials about the defendant's conversations with the Russian Ambassador. That investigative activity yielded information consistent with the defendant's publicly reported statements and his statements to the SCO, in which the defendant initially denied having discussed sanctions with the Russian Ambassador. Those are the same denials that the defendant made to the FBI on January 24, 2017. After February 8, 2017, however, the defendant stated that he could not be certain that sanctions never came up in his conversations with the Russian Ambassador.

- Request h.: Already provided/not helpful. The government had previously provided information from the interview reports of the listed persons pertaining to the defendant's desire to register "the right way" with the DOJ. The only listed person who made such a statement was Brian McCauley; the quoted language in the request comes from a government disclosure about McCauley. That prior disclosure is consistent with McCauley's public testimony at trial in United States v. Rafiekian, 18-457 (E.D. Va. July 23, 2019), as well as interviews conducted by prosecutors in the Eastern District of Virginia. To the government's knowledge, McCauley is the only listed person who indicated that the defendant expressed a desire to register "the right way." The government, however, has not accused the defendant of willfully failing to register under FARA. Rather, the defendant willfully made false statements and omissions in his FARA filings.

- Request i.: Already provided/not helpful. The government has already provided any information from the interview of Director Comey dated November 15, 2017, that could reasonably be construed as favorable and material to sentencing.