IN THE UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL T. FLYNN,<br><br>Defendant. | Criminal Action No. 17-232-EGS<br><br>SEALED |

### MOTION TO FILE PROPOSED REDACTED
### REPLY BRIEF AND BRIEF IN SUPPORT THEREOF

Michael T. Flynn ("Mr. Flynn") requests this Court order the filing of his proposed redacted Reply on the public docket. There is little reason for the Exhibits attached to Mr. Flynn's brief to be sealed at all, but Mr. Flynn agrees that the Exhibits can remain sealed longer if truly needed by the government. Mr. Flynn's brief itself, however, contains very little material quoting those Exhibits, and Mr. Flynn has already redacted from the attached proposed Reply, filed under seal, the names that the government itself redacted from Mr. Flynn's Motion to Compel. As always, the defense has attempted to resolve this issue without requesting intervention from this Court—to no avail. As this Court has repeatedly noted, "'There is a strong presumption in favor of public access to judicial records. *See, e.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ('It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.')."

### ARGUMENT

Mr. Flynn filed his Reply to the Government's Opposition to the Motion to Compel by noon on October 22, 2019, completely under seal because of its minimal references to materials

1

produced under the Protective Order. The defense expected it could quickly resolve the issue with government counsel given the government's previous redactions of the Motion to Compel. We advised the prosecution on Saturday, October 19, 2019, of every document the defense intended to cite that was produced under the Protective Order and requested the government approve them to be unsealed. Shortly after filing the Reply yesterday, counsel for Mr. Flynn sent the government a copy of the brief with light redactions that mirrored those redactions the government made in the original Motion to Compel. Counsel requested that the government propose any further redactions so the brief could be quickly filed for the public—preferably by the close of business on October 22. Ex. 1.

The government replied that it "would request more redactions beyond" what the defense proposed, but it provided no reason whatsoever. Given that the government has not provided defense counsel any classified information, this seems inexplicable. The defense also requested that the government promptly provide a copy with all its requested redactions, and it has not. The proposed redacted Reply the defense attaches here under seal includes redactions of the names the government previously redacted and all quotations of any material covered by the Protective Order.[1]

Much of the information in the Flynn Reply is legal argument and authorities, or factual information and analysis developed in the defense's own investigation. As the government has stated repeatedly, it has not given the defense "any classified information."

---

[1] The Flynn 302 should not need to be sealed as the government has already filed a redacted copy on the public docket at 62-1; and it also filed a more redacted version of Ex. 6 publicly at Dkt. 77. The only exhibits to the Reply for which the defense knows of any reason to remain under seal are 5, 6, 9, 10, 11, and 12. Further, if those are not unsealed by November 7, 2017, the argument of counsel on the Motion would be truncated or presumably the courtroom would have to be sealed.

From June 6, 2019, as evidenced by defense counsel's confidential letter to the Deputy Attorney General, the government attached in its response, new lead counsel for Mr. Flynn has given the government every opportunity to dismiss this case in the interest of justice on its own because of the rampant wrongdoing of government agents from the inception of the "investigation" and prosecution of Mr. Flynn.  Instead of doing so, the government has continued to defy its constitutional, ethical and legal obligations to this Court and to the defense, and to hide evidence that it knows exonerates Mr. Flynn.  As is the essence of the problem here, instead of protecting its citizens, the "government" is protecting its own criminal conduct and operatives.  The only real "equity holder" in this case is Michael T. Flynn, whose career was deliberately and maliciously destroyed by outrageous government conduct documented in our brief in reply.  The American public is entitled to see that now.

Mr. Flynn served this country for over thirty-three years, in which time he rose to the pinnacle of his field in intelligence and national security.  He is recognized as one of the foremost intelligence officers of his generation.[2]  He was deliberately targeted for destruction by certain elements in the government for many reasons—not the least of which was his publicly expressed intent to audit the "intelligence agencies" where billions of taxpayer dollars are unaccounted for. The allegations made against Mr. Flynn precipitated his removal from the administration of a newly elected president in a time of great tension in this country.

In the American legal tradition, legal proceedings are open: "the courts are public institutions that best serve the public when they do their business openly and in full view." *Nat'l*

---

[2] James Kitfield, *How Mike Flynn Became America's Angriest General*, POLITICO (Oct. 16, 2016) (quoting a colleague remarking that "Mike Flynn is the best intelligence officer of his generation, and he and Stan McChrystal are the principle reason we have not suffered a half-dozen 9/11-type attacks since 2001"), https://www.politico.com/magazine/story/2016/10/how-mike-flynn-became-americas-angriest-general-214362.

*Children's Ctr.*, 98 F.3d at 1408 and public inspection of court filings is the default in the United States justice system both because it promotes justice for the defendant, and also because transparency is critical to public confidence in the rule of law.

Open trials have been a bedrock of the American system for generations. The Supreme Court has more than once examined the history of open trials, tracing this tradition from our predecessors in medieval England to the early American colonies to today's modern system, and consistently concluded that "[f]rom this unbroken, uncontradicted history, supported by reasons as valid today as in centuries past, it must be concluded that a presumption of openness inheres in the very nature of a criminal trial under this Nation's system of justice." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 573 (1980). As a result, "it is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "[A]ccess to records serves the important functions of ensuring the integrity of judicial proceedings in particular and of the law enforcement process more generally." *United States v. Hubbard*, 650 F.2d 293, 314–15 (D.C. Cir. 1980), and that with respect to a criminal trial, there is a "strong presumption in favor of public access to judicial proceedings." *Nat'l Children's Ctr. Inc.*, 98 F.3d at 1409 (internal citations omitted).

The right of the public to observe is concomitant with the right of an accused to an open trial. The Supreme Court has held that "no right ranks higher than the right of the accused to a fair trial," but that "the primacy of the accused's right is difficult to separate from the right of everyone in the community to attend." *Press-Enterprise Co. v. Superior Ct. of Ca, Riverside*, 464 U.S. 508 (1984). The Court noted that the virtue and necessity of open trials springs from the attendant "confidence that standards of fairness are being observed," the "assurance that established

procedures are being followed and that deviations will become known." *Id*. Therefore, not only is the "basic fairness of the criminal trial" enhanced, but the "appearance of fairness so essential to public confidence in the system" is preserved. *Id.* For, as the Court noted, "[p]eople in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing." *Id.* at 509.

In the case at bar, the need for quick public access to the documents is clear and of the highest importance. First, because Mr. Flynn, like all defendants in our system, is entitled to that age-old tradition of transparency that gives assurance "that others [are] able to observe the proceedings" and justice will be done. *Press-Enterprise Co.*, 464 U.S. at 507. But in addition to Mr. Flynn's claim to regular proceedings, is the public's concern for the welfare of the justice system generally. Mr. Flynn's case has captivated the attention of the nation, and public debate about the case and the circumstances surrounding it have raised serious questions about the nature of the investigation and the legitimacy of the charges. Suspicions that grave misconduct has occurred—at the highest levels of our nation's most prominent federal agencies—have scandalized the public and seriously undermined trust in the rule of law—the bedrock of our society. It is imperative that the public has the chance to speedily examine these filings for themselves and make conclusions about the activities of their own government, whatever those conclusions might be.

## **CONCLUSION**

Transparency is crucial: "[a] popular Government without popular information, or the means of acquiring it, is but a Prologue to a Farce or a Tragedy: or perhaps both.... A people who mean to be their own Governors, must arm themselves with the power which knowledge gives." *Metlife, Inc. v. Fin. Stability Oversight Council, Inc.*, 865 F.3d 661, 665 (D.C. Cir. 2017) (quoting

5

James Madison).   The American public have a right to stay informed on these issues and this case, and to examine and discuss the contents of the documents quickly.   Counsel respectfully requests the Court order the filing of the attached proposed redacted Reply on the public docket, pending a more complete disclosure once the government's "equity holders" have agreed.

Dated: October 23, 2019.

Respectfully Submitted,

Sidney Powell

<u>Jesse R. Binnall</u>
Jesse R. Binnall, VSB # 79292
Lindsay R. McKasson
Harvey & Binnall, PLLC
717 King Street, Suite 300
Alexandria, VA 22314
Tel: (703) 888-1943
jbinnall@harveybinnall.com

<u>Sidney Powell</u>
Sidney Powell
Molly McCann
Sidney Powell, P.C.
2911 Turtle Creek Blvd., Suite 300
Dallas, Texas 75219
Tel: (214) 07-1775
sidney@federalappeals.com
*Admitted Pro Hac Vice*

<u>W. William Hodes</u>
The William Hodes Law Firm
3658 Conservation Trail
The Villages, Florida 32163
Tel: (352) 399-0531
wwh@hodeslaw.com
Admitted *Pro Hac Vice*

**CERTIFICATE OF CONFERENCE**

I hereby certify that the parties have conferred on the above Motion. As we were finalizing the motion, the government further responded, still without proposed redactions: "[w]e appreciate, and share, your interest to get the reply and exhibits on the public docket as soon as possible. We currently have resolved all but one issue with respect to redactions to your filing. That one issue, however, is particularly sensitive and will not be resolved by 5pm today. We expect that it will be resolved by sometime tomorrow, but until we get further direction and approval from the equity holder we cannot provide any greater specificity. We also expect to have an update on the issue by later this evening."

/s/ Sidney Powell
Sidney Powell, P.C.
2911 Turtle Creek Blvd.,
Suite 300
Dallas, Texas 75219
Tel: 214-707-1775
sidney@federalappeals.com
Admitted *Pro Hac Vice*