UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**MICHAEL T. FLYNN,**<br><br>**Defendant** | **Crim. No. 17-232 (EGS)** |

### GOVERNMENT'S NOTICE OF CLAIMS RAISED AND RELIEF SOUGHT FOR THE FIRST TIME IN A REPLY BRIEF

Pending before this Court is defendant Michael Flynn's Motion to Compel the Production of *Brady* Material and For an Order to Show Cause, *United States v. Flynn*, 17-cr-232 (D.D.C. Aug. 30, 2019) ("*Brady* Motion"). On October 1, 2019, the government filed its response to the *Brady* Motion, arguing that it has complied with its discovery and disclosure obligations, including those imposed by *Brady* and this Court's Standing Order. On October 22, 2019, the defendant filed a document with the Court ostensibly styled as a reply to the government's response. *See* Reply in Support of His Motion to Compel Production of *Brady* Material and to Hold the Prosecutors in Contempt, *United States v. Flynn*, 17-cr-232 (D.D.C. Oct. 22, 2019) ("Reply"). This "Reply," however, seeks new relief and makes new claims, based on new arguments and new information.

In an extraordinary reversal, the defendant now claims that he is innocent of the criminal charge in this case. *See, e.g.*, Reply at 2 ("When the Director of the FBI, and a group of his close associates, plot to set up an innocent man and create a crime . . . ."). For the first time, the defendant represents to this Court that he "was honest with the agents [on January 24, 2017] to the best of his recollection at the time." Reply at 23. He makes this claim despite having

admitted his guilt, under oath, before two federal judges (including this Court). The defendant also argues—based almost entirely on evidence previously provided in discovery—that the government engaged in "conduct so shocking to the conscience and so inimical to our system of justice that it requires the dismissal of the charges [sic] for outrageous government conduct." Reply at 2. The Reply then seeks a new category of relief, that "this Court . . . dismiss the entire prosecution for outrageous government misconduct."[1] Reply at 32.

To the extent the defendant refers to potential *Brady* material, the subject of the original motion, he raises numerous arguments and claims for the first time in his Reply. For example, he asserts, *inter alia*, that the government had an obligation to provide *Brady* material to him prior to charging him in a criminal case (Reply at 4, 18-20); that the government suppressed the "original 302" of his January 24, 2017 interview with the Federal Bureau of Investigation ("January 24 interview") (Reply at 23-24); that the government fabricated certain January 24 interview notes and reports documenting his false statements (Reply at 23-24); that the government suppressed text messages that "would have made a material difference" to the defendant (Reply at 6); that the defendant's false statements were not material (Reply at 27-28); that the defendant's attorneys were acting under an "intractable conflict of interest," which the government exploited to extract a guilty plea (Reply at 17-18); and that the "FBI had no factual or legal basis for a criminal investigation" (Reply at 14-16). Each new argument or claim is unsupported by fact or law.

"Issues may not be raised for the first time in a reply brief." *See United States v. Apodaca*, 251 F. Supp. 3d 1, 5 (D.D.C. 2017); *see also Rollins Envtl. Servs. (NJ) Inc. v. EPA*,

---

[1] Local Criminal Rule 47(a) specifically requires that "[e]ach motion <u>shall</u> include or be accompanied by a statement of the specific points of law and authority that support the motion, including where appropriate a concise statement of the facts" (emphasis added). The defendant now seeks relief from this Court for claims that he has not properly raised.

937 F.2d 649, 652 n.2 (D.C. Cir. 1991)). The Federal Rules of Criminal Procedure do not contemplate surreply motions; nor do the local criminal rules. However, by making new arguments for the first time in his Reply, the defendant has potentially placed this Court in the position of reviewing novel assertions and arguments that the defendant claims are essential to his cause without the benefit of the government's factual responses and legal analysis. *See, e.g., McBride v. Merrell Dow and Pharm., Inc.*, 800 F.2d 1208, 1211 (D.C. Cir. 1986) ("Considering an argument advanced for the first time in a reply brief . . . is not only unfair to [a non-movant], but also entails the risk of an improvident or ill-advised opinion on the legal issues tendered." (citations omitted)).

Federal Rule of Civil Procedure 7(b) has been construed to permit the filing of a surreply where, as here, a party raises issues for the first time in a reply brief. "The standard for granting a leave to file a surreply [in a civil case] is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001). "A surreply may be filed ... only to address new matters raised in a reply, to which a party would otherwise be unable to respond." *Gonzalez-Vera v. Townley*, 83 F. Supp. 3d 306, 315 (D.D.C. 2015) (citing *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F.Supp.2d 270, 276 (D.D.C. 2002)). In cases in this Circuit, "district court[s] routinely grant[] such motions" when this standard is satisfied. *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003).

In light of the new claims raised in the Reply, the government was prepared to file a motion seeking leave to file a surreply. On October 28, 2019, however, the Court issued a minute order stating, "In view of the parties' comprehensive briefing concerning [109] Defendant's Motion to Compel Production of Brady Material, the Court cancels the motion hearing previously scheduled for November 7, 2019." In light of this minute order, it may be

3

that the Court intends to strike any arguments or claims raised for the first time by the defendant in his Reply. And it may be that the Court plans to require the defendant to raise any new claims for relief in a properly pled motion to which the government can respond fully.

Accordingly, the government is filing this Notice and seeking guidance from the Court. Should the Court wish to address the claims raised for the first time in the Reply, the government respectfully requests the opportunity to file a surreply that concisely addresses only newly-raised *Brady* issues, such as those identified above. The government would be prepared to file a surreply within 48 hours.

          Respectfully submitted,

          JESSIE K. LIU
          United States Attorney
          D.C. Bar No. 472845

          By:       /s/

          Brandon L. Van Grack
          Special Assistant U.S. Attorney
          950 Pennsylvania Ave., NW
          Washington, DC 20530
          (202) 233-0968

          Jocelyn Ballantine
          Assistant United States Attorney
          555 4th Street, NW
          Washington, D.C. 20530
          (202) 252-7252

Dated: October 29, 2019

**CERTIFICATE OF SERVICE**

    I, Jocelyn Ballantine, certify that I caused to be served a copy of the foregoing by electronic means on counsel of record for the defendant on October 29, 2019.

        /s/
Jocelyn Ballantine
Assistant United States Attorney
555 4th Street, NW
Washington, D.C. 20530
(202) 252-7252

*Attorney for the United States of America*