UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL T. FLYNN,<br><br>Defendant. | Criminal Action No. 17-232-EGS |

### REPLY IN SUPPORT OF MR. FLYNN'S
### MOTION TO PRODUCE NEWLY DISCOVERED *BRADY* EVIDENCE

On October 15, 2019, Mr. Flynn filed a Motion to Produce Newly Discovered *Brady* Evidence and Brief in Support Thereof, which requested data and metadata from two cellphones that were used by Joseph Mifsud. Dkt. 124. On October 29, 2019, the government replied to Mr. Flynn's motion with yet another blanket denial. Dkt. 130. Indeed, it does not even admit that the government has possession of the phones. Remarkably, without having the phones, these prosecutors still manage to claim that the evidence they likely contain is neither favorable nor material to Mr. Flynn's defense. Even if they were capable of knowing the content of devices they deny possessing, as the prosecutors should already know, and as counsel for Mr. Flynn briefed thoroughly, their assertion that the information is not material is most likely not true. Although the phones may not be in the possession of *these two prosecutors*, there is reason to believe they are indeed in the possession of "the government"—here United States Attorney John Durham; and prosecutors "ha[ve] a duty to learn of any favorable evidence known to [] others acting on the government's behalf." *Kyles v. Whitley*, 514 U.S. 419, 437 (1995). At a minimum, this Court

should require the government to confirm that information to the Court and Mr. Flynn and produce it to this Court.

The government boldly contends Mifsud "has no connection to the defendant's communications with the Russian Ambassador in December 2016, or to the defendant's work on behalf of the Republic of Turkey, and the defendant offers no argument or facts to the contrary." Dkt. 130 at 2. The government continues to ignore the current issue in this case—egregious government misconduct in targeting Mr. Flynn. As counsel for Mr. Flynn has alleged and comprehensively briefed, the government had no lawful basis to investigate Mr. Flynn—much less to interview him about conversations for which they had recordings and transcripts and the government's work to create a false basis began long before the agents conducted the January 24, 2017, interview at Mr. Flynn's White House office. Counsel for Mr. Flynn alerted leadership at the Department of Justice that she would pursue the truth behind this prosecution before she was even the attorney of record for Mr. Flynn.

There is evidence that Mr. Mifsud was one of what Peter Strzok and Lisa Page referred to in their texts as "OCONUS lures"—"outside continental U.S." persons tasked by American intelligence, perhaps even through the British or Italians—to spy on Americans or lure them into contacts with Russians that could be used against them later. Stefan Halper was also one of these people. Any evidence that Mifsud's phones trace back to the FBI or the CIA or evidence of his assignments in the data on those phones could be crucial to Mr. Flynn's defense. Mr. Mifsud's involvement in this entire scheme is likely the reason Attorney General Barr and United States Attorney John Durham recently made two trips to Italy, and why what the government called Mr. Flynn's "conspiracy theory" and "fishing expedition" is now the subject of a Department of Justice criminal investigation.

In Ms. Powell's June 6, 2019, letter to the Attorney and Deputy Attorneys General, which government prosecutors have seen and even attached to one of their filings, she clearly informed the government that upon assuming the position of Mr. Flynn's counsel, she would pursue the facts on "when, how, and on what basis the first investigation of General Flynn began." Dkt. 122-2, 2. Items 4 and 5 of that early list submitted to the Department provide the context for Mr. Flynn's Mifsud request—"Western intelligence" operatives were active overseas creating or attempting to create context and bases for government surveillance and illegal investigations. *Id.* at 4-5. In item 13, Ms. Powell specifically asked the Department to provide information about Joseph Mifsud's involvement in the December 2015 RT dinner in Moscow.

After the government ignored that letter and denied there was further *Brady* material, the *Brady* requests were made formally to this Court in Mr. Flynn's August 30 Motion to Compel. Dkt. 111, at #16. Mr. Flynn's October 22 Reply provided additional context and relevance of the Mifsud data at footnote 12, explaining reports that Mifsud was present at the RT dinner in Moscow in 2015 where, for a few minutes, Vladimir Putin sat next to Mr. Flynn at the head table. This dinner, coupled with a slanderous allegation by known CIA/FBI operative Stefan Halper that Mr. Flynn was conducting an affair with a Russian academic, was part of the "pretext" various government agents publicly cited to attempt to justify their purely pretextual interview of Mr. Flynn and slander him as an "agent of Russian." This lie was promoted by Stefan Halper, as explained in our brief at Dkt. 129.

Because the data and metadata on any devices used by Joseph Mifsud may provide evidence that he acted on behalf of the American government to concoct a pretext on which to launch an illegal investigation of the President's incoming National Security Advisor, Mr. Flynn

respectfully asks this Court to compel the requested production—if not to the defense, then at least to this Court.

Dated: November 1, 2019

Respectfully submitted,

<u>Jesse R. Binnall</u>
Jesse R. Binnall, VSB # 79292
Lindsay R. McKasson
Harvey & Binnall, PLLC
717 King Street, Suite 300
Alexandria, VA 22314
Tel: (703) 888-1943
jbinnall@harveybinnall.com

<u>Sidney Powell</u>
Sidney Powell
Molly McCann
Sidney Powell, P.C.
2911 Turtle Creek Blvd., Suite 300
Dallas, Texas 75219
Tel: (214) 07-1775
sidney@federalappeals.com
*Admitted Pro Hac Vice*

<u>W. William Hodes</u>
The William Hodes Law Firm
3658 Conservation Trail
The Villages, Florida 32163
Tel: (352) 399-0531
wwh@hodeslaw.com
Admitted *Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2019, a true and genuine copy of Mr. Flynn's Reply In Support of Mr. Flynn's Motion to Produce Newly Discovered *Brady* Evidence was filed using the Court's CM/ECF system, which will serve a copy of the filing upon all counsel and record.

Jessie K. Liu, U.S. Attorney for the District of Columbia
Brandon L. Van Grack, Special Assistant U.S. Attorney
Deborah Curtis, Assistant U.S. Attorney
Jocelyn Ballantine, Assistant U.S. Attorney
555 4th Street, NEW
Washington, D.C. 20530

/s/ Jesse R. Binnall
Jesse R. Binnall, VSB # 79292
Harvey & Binnall, PLLC
717 King Street, Suite 300
Alexandria, VA 22314
Tel: (703) 888-1943
jbinnall@harveybinnall.com
