| ALLEGED FALSE STATEMENT #1: ||
|---|---|
| FLYNN INTEL GROUP, INC. DID NOT KNOW WHETHER OR TO THE EXTENT TO WHICH THE REPUBLIC OF TURKEY WAS INVOLVED WITH ITS RETENTION BY INOVO FOR THE THREE-MONTH PROJECT ||
| **Actual FARA Filing 03/07/17** | Flynn Intel Group does not know whether or the extent to which the Republic of Turkey was involved with its retention by Inovo for the three-month project. Flynn Intel Group is aware that Mr. Alptekin consulted with officials of the Republic of Turkey regarding potential work by Flynn Intel Group, and Mr. Alptekin introduced officials of the Republic of Turkey to Flynn Intel Group officials at a meeting on September 19, 2016, in New York. |
| **Prosecution Statement of Offense 12/01/17** | "FIG did not know whether or to the extent to which the Republic of Turkey was involved in the Turkey project" |
| **Government Sentencing Memorandum 01/07/2020** | "The filings affirmatively stated that FIG did not know whether or the extent to which the Republic of Turkey was involved in the Turkey project." |
| **FACTS:** | The government excised the language "with its retention by Inovo for the three-month project". |

1

| | **ALLEGED FALSE STATEMENT #2:**<br><br>**THE CONTRACT WAS FOCUSED ON IMPROVING U.S. BUSINESS ORGANIZATIONS' CONFIDENCE REGARDING DOING BUSINESS IN TURKEY** |
|---|---|
| **Actual FARA Filing 03/07/17** | In August 2016, Flynn Intel Group entered into a contract with Inovo, a consulting firm based in the Netherlands. The contract provided that Flynn Intel Group would perform research, engage a public relations firm and a filming and production crew to potentially distribute the results of its research, and hold weekly calls with the client to discuss progress on the project. Flynn Intel Group understood the engagement to be focused on improving U.S. business organizations' confidence regarding doing business in Turkey, particularly with respect to the stability of Turkey and its suitability as a venue for investment and commercial activity. Inovo has represented, through its counsel, that no part of the fees paid to Flynn Intel Group by Inovo was provided by any foreign government. |
| **Prosecution Statement of Offense 12/01/17** | "[T]he Turkey project was focused on improving U.S. business organizations' confidence regarding doing business in Turkey" |
| **Government Sentencing Memorandum 01/07/2020** | "The filings affirmatively stated that FIG 'understood the engagement to be focused on improving U.S. business organizations' confidence regarding doing business in Turkey." |
| **FACTS:** | "The government omits "particulary with respect to the stability of Turkey and its suitability as a venue for investment and commercial activity."<br><br>See ECF No. 150-5 at 4 and 150-6 at 2 (Kelner 302s); ECF No. 98-3 at Ex. 7 (Entitled Statement of the Problem "How do we restore confidence in the government of the Republic of Turkey and expose the Fethullah Gulen cult in the United States"); ECF No. 98-3 at Ex. 8 and Ex. 8-A (Covington Feb. 22, 2017 Notes: Commercial Activity → Crystalized→ Gulen). |

| ALLEGED FALSE STATEMENT #3: |  |
|---|---|
| **AN OP-ED BY FLYNN PUBLISHED IN *THE HILL* ON NOVEMBER 8, 2016, WAS WRITTEN AT HIS OWN INITIATIVE** | |
| **Actual FARA Filing 03/07/17** | 13. In addition to the above described activities, if any, have you engaged in activity on your own behalf which benefits your foreign principal(s)?   Yes ☒    No ☐<br><br>If yes, describe fully.<br>Because of its expertise, Flynn Intel Group officials frequently write, speak, and give interviews on issues related to national security. Although not undertaken at the direction or control of a foreign principal, it is possible that such activities may have an indirect benefit to a principal. On his own initiative, Michael T. Flynn published an op-ed in The Hill on November 8, 2016, that related to the same subject matters as the Flynn Intel Group work for Inovo BV. Neither Inovo BV, nor any other person requested or directed publication of the op-ed. |
| **Prosecution Statement of Offense 12/01/17** | "[A]n op-ed by Flynn published in *The Hill* on November 8, 2016, was written at his own initiative" |
| **Government Sentencing Memorandum 01/07/2020** | "The filings affirmatively stated that the defendant published the op-ed "on his own initiative;" and it was not undertaken at the direction or control of a foreign principal." |
| **FACTS:** | "RAFIEKIAN worked with an editor, Hank COX, to write the op-ed on GULEN." ECF No. 150-5 at 7.<br><br>"FLYNN informed SMITH it was his idea to write an op-ed. However RAFIEKIAN, wrote the first draft of the op-ed about GULEN." ECF No. 150-5 at 7.<br><br>ECF No. 98-3 at Ex. 8 and Ex. 8-A ("Push for placement of article was for campaign reasons. (fighting until the end to show that Trump campaign was serious on fighting Islamic extremism).").|

## ALLEGED FALSE STATEMENT #4:

## FAILURE TO STATE TURKISH OFFICIALS PROVIDED DIRECTION OR CONTROL OVER PROJECT

| | |
|---|---|
| **Actual FARA Filing 3/07/17** | No statement |
| **Prosecution Statement of Offense 12/01/17** | Alleges FARA filing is false:<br><br>"by omitting that officials from the Republic of Turkey provided supervision and direction over the Turkey project" |
| **Government Sentencing Memorandum 01/07/2020** | The FARA filing DOES NOT contain any statement asserting that the Republic of Turkey provided supervision and direction over the contract/project at issue. |
| **FACTS:** | *See* Judge Trenga's Memorandum Opinion, *United States v. Rafiekian*, Case No. 1:18-CR-00457-AJT, ECF No. 372 at 30, "There is no evidence, not even in the hearsay statements from Alptekin to Rafiekian, that Alptekin, Inovo, or anyone associated with the Turkish government directed or controlled the work performed by FIG or Sphere personnel."<br><br>During that meeting [in New York with the Turkish Officials], there was no discussion concerning any work that FIG was doing or of FIG's relationship with Inovo or the Turkish government, nor was there any request from the Turkish officials or Alptekin for FIG to do anything. See Ex. 10 (McCauley *Rafiekian* testimony).<br><br>*See* Judge Trenga's Memorandum Opinion, *United States v. Rafiekian*, Case No. 1:18-CR-00457-AJT, ECF No. 372 at 8, "Alptekin was not pleased with the scope or substance of what was presented to him, which included a presentation by McCauley summarizing the findings of the investigation into Gulen and a mockup of the Gulenopoly board game conceived by Sphere." |