

U.S. Department of Justice

Jessie K. Liu
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

January 13, 2020

**_Via Email & FedEx_**
Sidney Powell
3831 Turtle Creek Blvd. #5B
Dallas, TX 75219

Jesse Binnall
Harvey & Binnall, PLLC
717 King Street
Suite 300
Alexandria, VA 22314

      Re:    *United States v. Michael T. Flynn*, 17-cr-00232 (EGS)

Dear Counsel:

      We write to provide a response to your request for our position regarding your suggested amended sentencing dates in this case. In short, we do not oppose a continuance of the due date for your supplemental sentencing memorandum and the date of sentencing. In light of your request, we also ask that the Court schedule a due date for a government reply memorandum one week after the date upon which your supplemental sentencing memorandum is due.

      In addition, in light of the fact that you cite our "recent change in position on sentencing" as one of several factors justifying a continuance, we think it would be helpful to clarify that position. As set forth in our submission, we believe that a sentence within the applicable Guidelines range – which includes a possible sentence of probation – is appropriate in this case. Although we assess that the assistance provided by your client does not rise to the level of "substantial assistance" within the meaning of Section 5K1.1 under the totality of the circumstances, as we made clear in both our original and our supplemental sentencing filings, we acknowledge that the Court should take into account your client's timely assistance to the Special Counsel's Office (SCO) on a range of issues through the course of 20 interviews as well as his initial cooperation in the *Rafiekian* case, which we described in detail in our December 2018 Addendum. We note that your client's applicable Guidelines range would be 0 to 6 months of incarceration with or without credit for acceptance of responsibility, and with or without credit for

substantial assistance. Accordingly, there appears to be no dispute as to the applicable sentencing range or the fact that a non-incarceratory sentence would be a reasonable sentence within that range.

Further, as we acknowledged in our filing, your client's lengthy history of military service to the United States is an additional important mitigating factor that we have asked the Court to consider in determining where within the applicable Guidelines range to sentence your client, and we expect that you will continue to provide additional information regarding your client's personal history and characteristics that would be relevant to sentencing under Title 18, United States Code, Section 3553(a)(1). We of course will give careful consideration to that information, and any other relevant information you bring to our attention, in advance of sentencing.

Please do not hesitate to contact us if you have any additional questions.

                    Sincerely,

                    JESSIE K. LIU
                    United States Attorney

By:                    
                    Brandon L. Van Grack
                    *Special Assistant United States Attorney*

                    Jocelyn Ballantine
                    *Assistant United States Attorney*