# Re: PRIVILEGED & CONFIDENTIAL -- Covington Engagement

| | |
|---|---|
| **From:** | MTFLYNN <rpatriot@mailsol.net> |
| **To:** | "Anthony, Stephen" <santhony@cov.com> |
| **Cc:** | "Kelner, Robert" <rkelner@cov.com>, LORI-IV <flynnlmmm@mailsol.net> |
| **Date:** | Mon, 20 Nov 2017 12:00:38 -0500 |

Steve,

Thanks for laying this out. It is very clearly stated.

As we've discussed, Lori and I are very confident in you and Rob (and the rest of the team) and, we've felt from day one, Covington, with both of your leadership and guidance, have counseled beyond what we could imagine.

We're good going forward with you all and very much trust that you will continue to guide us through this difficult time.

Thank you.

Mike


Michael T Flynn

Lt. Gen. (R), U.S. ARMY


On Nov 19, 2017, at 13:13, Anthony, Stephen <santhony@cov.com<mailto:santhony@cov.com>> wrote:

PRIVILEGED & CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION

Mike,

As you know, the Special Counsel's Office (SCO) is challenging the accuracy of the FARA filing that Covington prepared and filed on behalf of you and FIG Inc. This brings to a head a topic that we raised and discussed with you on August 30 and in subsequent discussions with you.

As we have discussed, under the D.C. rules of professional conduct, we are required to advise a client if a representation involves a conflict of interest between our firm and the client, so that the client can decide whether to proceed with the representation. This email summarizes in writing our previous explanation of our firm's potential conflict in handling this matter. By this email we seek your informed consent to the conflict.

When someone (here, the SCO) challenges the work product of a law firm, that challenge raises the potential of a conflict of interest between the client for whom the work was done (you) and the law firm that did the work (us). For example, the client might take the position that he gave the lawyers the correct information and that the lawyers made a mistake that shouldn't be attributed to the client.

The SCO's stance toward you also raises the prospect that the SCO may obtain the testimony of Rob (and/or other Covington attorneys) as a fact witness regarding what you told him and what you didn't tell him. The SCO could seek to penetrate the attorney-

client privilege and compel Rob to testify about your communications with Covington. The SCO could then use that testimony against you – for example, to argue that you lied to your lawyers, thereby causing a false FARA filing.

Additionally, we discussed with you the proposition that, any time a law firm's work product is challenged, the lawyers potentially have two interests in mind: (a) the client's interest, and (b) the lawyers' own interest in defending their own prior work. Put another way, it raises the prospect that we will be looking over our shoulder at the same time as we are defending you going forward. You should know that our awareness that our own prior work is being called into question could – even unconsciously – color our advice to you regarding whether to be interviewed by the SCO about the FARA filing, and regarding what to do going forward.

Under Rule 1.7 of the D.C. rules of professional conduct, a lawyer shall not represent a client if there is a significant risk that the representation will be materially limited by a personal interest of the lawyer, unless the client gives informed consent. As described above, our continued representation of you creates a potential conflict under Rule 1.7, because it involves prior work of our law firm, namely our preparation of the FARA filing. Defending a client in a criminal investigation raising issues regarding a law firm's prior legal work may generate a conflict of interest when there is a plausible claim that the prior work was deficient, especially if there are alternative strategies for handling the matter, and one strategy is better for the law firm and a different strategy is better for the client. In that instance, the potential exists that the law firm will pursue the criminal defense strategy that is better for the firm so as to protect its prior work from blame. In this situation, it could be argued that any deficiencies in the FARA filing are (wholly or partly) the fault of Covington. Conceivably, the firm could handle the defense of the criminal investigation so as to minimize that issue. For example, the firm could recommend strategies that avoid criticism of the decisions it made in preparing the FARA filing.

The most likely alternative to your consenting to our continued representation of you in SCO investigation is that you will need to identify and engage other lawyers to handle the SCO matter. Although Covington's continued defense of you in the SCO investigation creates a potential conflict, as described above, we do not believe that our commitment, dedication, and ability to effectively represent you will be adversely affected by our own interests, and we believe that we will be able to provide you with competent and diligent representation.

Nevertheless, in deciding whether to consent to the conflict, you should consider carefully how our prior work for you and our desire to protect our firm's interests may affect you. Although there is no requirement that you do so, because this is an important decision, you may want to consult independent counsel before deciding whether to consent.

As we previously told you, we cannot advise you regarding a conflict of interest between you and us. We therefore recommended on August 30 that you obtain advice from a lawyer independent of Covington. In a later conversation with you, we suggested the name of Tom Mason of Harris, Wiltshire & Grannis LLP (direct dial: (202) 730-1302), a respected lawyer who practices in the area of lawyers' professional duties. As we mentioned, Tom has told us he has determined his firm has no conflicts, and he is willing to be engaged by you for a reduced, fixed fee.

You have decided not to seek independent advice from Tom or from another lawyer. We respect that that's your decision to make.

Now that your discussions with the SCO have progressed to the point where you are prepared to answer questions about the FARA filing, we wanted to put in writing the understandings between us. We ask you to confirm that we have alerted you to the existence of an actual or potential conflict of interest between you and us, that we suggested you seek advice from an independent lawyer about this, and that you have decided to consent to any such conflict and wish to continue moving forward with us as your counsel.

Steve

Stephen Anthony

Privileged/Attorney Work Product

Flynn_File_Transfer_00008284

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5105 | santhony@cov.com<mailto:santhony@cov.com>
www.cov.com<http://www.cov.com>

<image001.jpg>
This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.