```
                                                                    1

 1                      UNITED STATES DISTRICT COURT

 2                           DISTRICT OF NEVADA

 3

 4  UNITED STATES OF AMERICA,       )
                                    )
 5             Plaintiff,           )
                                    ) Case No. 2:16-cr-046-GMN-PAL
 6       vs.                        )
                                    ) Las Vegas, Nevada
 7  CLIVEN D. BUNDY (1),            ) Monday, January 8, 2018
    RYAN C. BUNDY (2),              ) Courtroom 7C, 9:28 a.m.
 8  AMMON E. BUNDY (3),             )
    RYAN W. PAYNE (4),              ) MOTION TO DISMISS
 9                                  )
               Defendants.          )
10  _____) C E R T I F I E D  C O P Y

11

12                     TRANSCRIPT OF PROCEEDINGS
                 BEFORE THE HONORABLE GLORIA M. NAVARRO
13                UNITED STATES DISTRICT CHIEF JUDGE

14   APPEARANCES:

15   For the Plaintiff:

16          UNITED STATES ATTORNEY'S OFFICE
            BY:  STEVEN W. MYHRE
17               DANIEL R. SCHIESS
                 NADIA JANJUA AHMED
18          501 Las Vegas Boulevard South, Suite 1100
            Las Vegas, Nevada 89101
19          (702) 388-6336

20

21   (Appearances continued on Page 2)

22   Court reporter:  Heather K. Newman, RPR, CRR, CCR #774
                      333 South Las Vegas Boulevard
23                    Las Vegas, NV 89101
                      (702) 471-0002  HN@nvd.uscourts.gov
24

25   Proceedings reported by machine shorthand, transcript produced
     by computer-aided transcription.
```

1         However, defendant Payne argues that the Double

2    Jeopardy Clause still bars retrial "where the government

3    conduct in question is intended to 'goad' the defendant into

4    moving for a mistrial," quoting *Oregon v. Kennedy*.  Considering

5    what has occurred throughout the trial up to this point, the

6    Court finds no evidence that the government's failure to

7    disclose evidence was a strategy decision on the prosecution's

8    part to abort the trial.  Rather, it appears the government has

9    attempted to provide the defense with the identified *Brady*

10   evidence in order to move forward with trial and not to

11   purposely goad the defense into moving for mistrial.

12        For these reasons, the Court finds the Double

13   Jeopardy Clause does not bar retrial.

14        Next we have the claim of outrageous government

15   conduct and that a dismissal is appropriate for either --

16   either under a due process violation theory or under the

17   Court's supervisory powers.

18        "A district court may dismiss an Indictment on the

19   ground of outrageous government conduct if the conduct amounts

20   to due process violation," quoting from *Simpson*, Ninth Circuit

21   case.  If the conduct does not rise to the level of a due

22   process violation, the Court may nonetheless dismiss a case for

23   outrageous government misconduct under its supervisory powers.

24        So turning first to the due process violation

25   allegation.

1  government's conduct had at least some impact on the verdict
2  and thus redounded to the defendant's prejudice.
3          In order for the Court to dismiss an Indictment under
4  the supervisory powers, the Court must find that there has been
5  flagrant prosecutorial misconduct, substantial prejudice to the
6  defendants, and that no lesser remedial action is available.
7          The Court found previously that there had been
8  multiple *Brady* violations because the government failed to
9  produce evidence that bolstered the defense and was useful to
10 rebut the government's theory.  Additionally, the Court
11 concluded that the government willfully failed to disclose
12 potentially exculpatory, favorable and material information,
13 including, but not limited to, the following documents and
14 their contents:
15         The FBI Law Enforcement Operation order; the FBI
16 Burke 302 about Agent Egbert; the FBI 302 about BLM Agent
17 Delmolino authored by FBI Agent Willis; the FBI 302 about BLM
18 Special Agent Felix observing the LP/OP, the Listening
19 Post/Operation Post; the FBI 302 about BLM Racker and his
20 assignment to the LP/OP; the unredacted FBI TOC log; and the
21 various threat assessments created by different agencies,
22 including the BLM and FBI.
23         It seems no coincidence that most, if not all, of
24 these documents are authored by the FBI.
25         I do need to make one correction.  Apparently I

--oOo--

COURT REPORTER'S CERTIFICATE

I, Heather K. Newman, Official Court Reporter, United States District Court, District of Nevada, Las Vegas, Nevada, do hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true, complete, and correct transcript of the proceedings had in connection with the above-entitled matter.

DATED:  1-9-2018         /s/ Heather K. Newman
                         Heather K. Newman, CCR #774
                         OFFICIAL FEDERAL REPORTER