UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> MICHAEL T. FLYNN, <br><br> **Defendant** | Crim. No. 17-232 (EGS) |

### UNITED STATES' REPLY TO DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its Reply to Defendant's Supplemental Sentencing Memorandum. On January 24, 2017, while serving as National Security Advisor, defendant Flynn willfully and knowingly made multiple material false statements to two Federal Bureau of Investigation ("FBI") agents conducting an investigation into the Russian government's efforts to interfere in the 2016 presidential election. On December 1, 2017, the defendant entered a plea of guilty to a single count of "willfully and knowingly" making material false statements to the FBI, in violation of 18 U.S.C. § 1001(a)(2). *See* Information; SOF at ¶¶ 3-4.[1] On December 18, 2018, the defendant reaffirmed his guilty plea to this Court. *See* 12/18/2018 Hearing Tr. at 16. Defendant Flynn currently is scheduled to be sentenced by this Court on February 27, 2020. Also pending before the Court is the defendant's motion to withdraw his plea, which the government will address in a separate filing. *See* Motion to Withdraw Plea of Guilty (Doc. 151) ("Def. Initial Withdrawal Mot."). Notably, with respect to the matter at hand, none of the issues raised in the

---

[1] The short form citations herein conform to the full citations and their associated short form citations set forth in the Government's Supplemental Memorandum in Aid of Sentencing (Doc. 150) ("Gov't Supp. Sent'g Mem.").

Defendant's supplemental sentencing submission alter the applicable Guidelines range of 0 to 6 months of incarceration. As set forth below, the government maintains that a sentence within the Guidelines range – to include a sentence of probation – would be appropriate and warranted in this case.

## Argument

The task at hand is to impose an appropriate sentence for the defendant's criminal conduct in lying to the FBI about his conversations with the Russian Ambassador. Defendant Flynn has affirmed his guilt of this crime on multiple occasions, before multiple district judges, and he does not directly contest it in his supplemental sentencing memorandum. *See* Defendant's Supplemental Sentencing Memorandum at 1 (Doc. 156) ("Def. Supp. Sent'g Mem."). Accordingly, the relevant facts are before the Court to impose an appropriate sentence for the offense of conviction, consistent with the Guidelines and the statutory sentencing factors.

### A. None of the Contested Sentencing Issues Affects the Applicable Guidelines Range

The Supreme Court has "recognized that, in the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 109 (2007) (quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)). It is uncontested that, under the Guidelines, a base offense level of 6 applies to the defendant's violation of 18 U.S.C. § 1001, which, in combination with the defendant's criminal history category of I, results in a Guidelines range of 0 to 6 months of incarceration.

The defendant devotes most of his supplemental sentencing memorandum to contesting the falsity of his previously-admitted "materially false statements and omissions" in his FARA filings, which omitted the operative fact that the Government of Turkey provided direction and supervision

2

over the Turkey Project. *Compare* SOF ¶ 5 *with* Gov't Supp. Sent'g Mem., Att. 1, Ex. 56 (Registration Statement, Paras. 7-8, 11-12); Ex. 58 (Registration Statement, Exhibit A); Ex. 61 (Supplemental Statement). The defendant now characterizes his conduct with respect to the FARA filings as being "neither criminal or culpable." Def. Supp. Sent'g Mem. at 6.² As an initial matter, the defendant has not been convicted of a FARA violation. While the government concedes that the Statement of the Offense is silent as to his state of mind at the time the filings were made, the facts relevant to the defendant's FARA false statements include the defendant's plea statement, his grand jury testimony, the record before this Court, and the government's supplemental sentencing memorandum. Importantly, regardless of whether or not the Court considers the defendant's FARA false statements in fashioning its sentence, the applicable Guidelines range is still 0 to 6 months of incarceration.

Similarly, the government's determination, in its sole discretion, that the defendant is not entitled to a downward departure for "substantial assistance" has no impact on the applicable Guidelines range. The Guidelines provide for a downward departure, upon "motion of the government," if the "defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense." U.S.S.G. § 5K1.1. The plea

---

² The defendant claims, incorrectly, that the government previously represented to the Court that the defendant "was not culpable for false FARA statements or conspiring to cause false FARA statements." Def. Supp. Sent'g Mem at 8. In support, the defendant selectively weaves together two lines from the December 18, 2018 hearing. *Id.* But the entire exchange on this topic shows just the opposite—that the government affirmed that the defendant was "culpable" for the false FARA statements and conspiring to cause false FARA statements. *See* 12/18/2018 Hearing Tr. at 27-28 (Court: "[c]ould [Flynn] have been charged in that [Rafiekian] indictment?" Government: "Your Honor, the answer is yes, and the reason for that is that in the Statement of Offense in this case, the defendant refers to false statements in that FARA filing that are part of the indictment filed in the Eastern District of Virginia.") The government's statement that the defendant was "not culpable" referred to counts three through six of the Rafiekian indictment, which charged Alptekin with making false statement to the FBI in May 2017 (for which the defendant was not present).

3

agreement is explicit on that point, stating that the "[g]overnment determines" whether the defendant "has provided such substantial assistance" to merit a departure, and that such a determination "is within the *sole* discretion of the Government and not reviewable by the Court." Plea Agmt at 9 (emphasis added).  Here, the applicable Guidelines range already encompasses a potential penalty of probation and there is no lower possible penalty for the offense of conviction. Thus, the issue of whether the defendant is entitled to the benefit of a downward departure has no impact on the applicable Guidelines range.  Moreover, as the government made clear in both its original and supplemental sentencing filings, the Court is entitled to consider the defendant's assistance to the Special Counsel's Office on "a range of issues" during 20 interviews, as well as his early entry of a plea in this case, and his initial cooperation in the *Rafiekian* case, under the statutory sentencing factors, discussed further below.

The defendant's assertions that the government attempted to pressure him to lie about the falsity of FARA statements in the *Rafiekian* case are incorrect, unsupported and unavailing here. *See generally United States v. Bijan Rafiekian*, No. 18-cr-457 (E.D. Va.).  Indeed, as the defendant's own submission makes clear, the government explicitly stated that it did not want the defendant to lie and was only interested in presenting the defendant's truthful testimony in the *Rafiekian* case.  *See* Def. Initial Withdrawal Mot., Att. 2,  at 5-6, 10-11 (Doc. 151-2, Notes of Lindsay R. McKasson).  The government intends to respond more fully to this false allegation in its opposition to the defendant's motion to withdraw his plea.  Although it is true that the defendant ultimately did not provide "substantial assistance" to the government within the meaning of Section 5K1.1, the government is not asking the Court to find that the specific circumstances of the defendant's efforts to cooperate are an aggravating factor in determining the defendant's appropriate sentence.  In short, the government appropriately and responsibly exercised its discretion not to call the defendant as a witness at the *Rafiekian* trial, and similarly appropriately

4

and responsibly exercised its discretion to withdraw its motion for a downward departure based on Section 5K1.1. In addition, as noted above, the government acknowledges that the defendant deserves consideration for assistance he provided.

With respect to consideration for acceptance of responsibility, as of the date of this filing, the defendant is hard pressed to justify a two-level reduction while at the same time seeking to withdraw his guilty plea. Indeed, the plea agreement specifically permits the government to "seek denial of the adjustment for acceptance of responsibility . . . should [the defendant] move to withdraw [his] guilty plea after it is entered." *See* Plea Agmt at 2, ¶ 4.B. But again, this makes no difference to the applicable Guidelines range – a two-level reduction in his base offense level would still result in a range of 0 to 6 months of incarceration. Accordingly, the contested sentencing issues have no effect on the applicable Guidelines range.

### B.      Analysis of Factors Enunciated in 18 U.S.C. §3553(a)(1)

As the government has noted in each of its sentencing submissions, and as it again acknowledges here specifically in reply to the defendant's submission, the defendant's lengthy military service to the United States is an important mitigating factor for the Court to consider when assessing the Section 3553(a) factors – the history and characteristics of the defendant. Specifically, the government recognizes the defendant's 33-year history with the United States Army, where he served for 16 years as a paratrooper, including in the 82nd Airborne Division, and qualified as an elite U.S. Army Ranger, making more than 150 combat training jumps during the course of his career. The defendant eventually served as the senior intelligence officer for the 82nd Airborne Division and for the 18th Airborne Corps; Director of Intelligence for U.S. Forces in Afghanistan (in 2002 and again in 2009-10); Director of Intelligence for the Joint Special Operations Command, including service in Iraq and Afghanistan; Director of Intelligence for the U.S. Central Command; Director of Intelligence for the Joint Chiefs of Staff; Assistant Director

of National Intelligence, in the Office of the Director of National Intelligence; and finally, Director of the Defense Intelligence Agency. There is no dispute that the defendant has an unusually strong record of public service.

In terms of comparative sentences in cases involving arguably similarly-situated defendants, we note that there are several cases involving high-ranking government officials where probationary sentences were imposed. Former National Security Advisor Sandy Berger stole classified information from the National Archives, destroyed that information, and then lied to the government about his conduct. At the government's recommendation, based in part on Berger's cooperation with the government, he received a probationary sentence. *See* Gov't Sent'g Mem. at 9, *United States v. Berger*, No. 05-mj-00175 (D.D.C. Sept 6. 2005) (Doc. 13); *see also* Factual Basis for Plea (D.D.C. Apr. 1, 2005) (Doc. 6). Likewise, after General David Petraeus pleaded guilty to the unauthorized retention and removal of classified documents, in violation of 18 U.S.C. § 1924, he received a probationary sentence. *United States v. Petraeus,* No. 15-cr-47 (W.D.N.C.). Here, the Court should consider these and other arguably analogous cases, along with all of the other relevant facts in this case, in fashioning a sentence that is "sufficient but not greater than necessary" to satisfy the statutory sentencing requirements under Title 18, United States Code, Section 3553(a).

## CONCLUSION

Based on all of the relevant facts and for the foregoing reasons, the government submits that a sentence within the Guidelines range of 0 to 6 months of incarceration is appropriate and warranted in this case, agrees with the defendant that a sentence of probation is a reasonable sentence and does not oppose the imposition of a sentence of probation.

                                                  Respectfully submitted,

                                                  JESSIE K. LIU
United States Attorney
D.C. Bar No. 472845

By: _____/s/_____

Brandon L. Van Grack
Special Assistant U.S. Attorney
950 Pennsylvania Ave., NW
Washington, DC 20530
(202) 233-0968

Jocelyn Ballantine
Assistant United States Attorney
555 4th Street, NW
Washington, D.C. 20530
(202) 252-7252

Dated:  January 29, 2020