UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL T. FLYNN,<br><br>Defendant | Crim. No. 17-232 (EGS) |

**UNITED STATES' MOTION FOR AN ORDER CONFIRMING WAIVER
OF THE ATTORNEY-CLIENT PRIVILEGE WITH RESPECT TO THE
DEFENDANT'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS AND
AUTHORIZING DISCLOSURE OF INFORMATION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this motion for an order confirming waiver of the attorney-client privilege with respect to the defendant's ineffective assistance of counsel claims and authorizing disclosure of information, and states as follows:

On December 1, 2017, the defendant entered a plea of guilty to "willfully and knowingly" making material false statements to the FBI on January 24, 2017, regarding his contacts with the Russian Ambassador. *See* Information; SOF at ¶¶ 3-4.[1] In addition, in the Statement of the Offense, the defendant admitted that he "made material false statements and omissions" in multiple documents that he filed on March 7, 2017, with the Department of Justice pursuant to FARA, which pertained to a project for the principal benefit of the Republic of Turkey. *See* SOF at ¶ 5.

On November 30, 2017, defendant Flynn signed the Statement of the Offense, acknowledging: "I have read every word of this Statement of the Offense, or have had it read to

---

[1] The short form citations herein conform to the full citations and their associated short form citations set forth in the Government's Supplemental Memorandum in Aid of Sentencing (Doc. 150) ("Gov't Supp. Sent'g Mem.").

me . . . . I agree and stipulate to this Statement of the Offense, and declare under penalty of perjury that it is true and correct." *See* SOF at 6.  During his initial plea hearing, defendant Flynn was shown this signature, and he acknowledged under oath that it was his. *See* Plea Tr. at 13-14, United States v. Flynn, No. 17-cr-232 (D.D.C. Dec. 1, 2017) ("12/01/2017 Plea Tr.").  Thereafter, the government read the Statement of the Offense into the record. *See id.* at 14-18.  The defendant was asked by the Court, "Is that factual summary true and correct?," and the defendant replied, "It is." *Id.* at 18.  The Court then asked whether the defendant believed the government could prove those facts at trial, to which the defendant replied "yes." *Id*. at 19.  Defendant Flynn was also asked at this hearing whether he had sufficient time to consult with his attorneys, to which he replied "yes," and whether he was satisfied with the services they had provided him, to which he also responded "yes." *Id.* at 6.

Defendant Flynn was originally scheduled to be sentenced on December 18, 2018.  Prior to that hearing, the government submitted a sentencing memorandum that described defendant Flynn's knowing and willful material false statements to the FBI, and his material false statements and omissions in multiple FARA filings. *See* Gov't Sent'g Memo at 2-5.  In his own filing, the defendant reiterated that he "d[id] not take issue" with the government's description of his conduct. *See* Def. Sent'g Mem at 7 (citing Gov't Sent'g Memo at 2-5).

On January 29, 2020, the defendant filed a Supplemental Motion to Withdraw Plea of Guilty and Brief in Support (Doc. 160).[2]  In that motion, the defendant claims that he is entitled to

---

[2]   The defendant filed an initial Motion to Withdraw his Plea of Guilty on January 14, 2020 (Doc. 151), and a Supplemental Brief in Support of this motion on January 16, 2020 (Doc. 153). On January 24, 2020, the Court ordered the defendant to file his supplemental motion no later than January 29, 2020, and to "address the following: (1) the standard in this Circuit for a defendant seeking to withdraw a guilty plea before sentencing; and (2) the need for an evidentiary hearing where the parties would present all testimony and evidence concerning the issue of whether Mr. Flynn can show that there is good cause to set aside his guilty pleas, *see United States v. Cray*, 47 F.3d 1203, 1206 (D.C. Cir. 1995), including testimony from Mr. Flynn

withdraw his guilty plea because of purported "multiple instances in which Mr. Flynn's former lawyers' conflicts of interest and actions fell completely short of professional norms, thus depriving him of the constitutionally mandated effective assistance of counsel, nullified (*sic*) his opportunity to make informed decisions about his own case, and it grossly prejudiced his defense." Def's Supp. Mot. To Withdraw Plea at 6-7.

Specifically, the defendant contends that (1) his attorneys did not disclose to him that the interviewing agents believed he had a "sure demeanor" and that he did not show signs of deception, and he would not have pleaded guilty if his attorneys had disclosed this to him (at 38-39); (2) his attorneys labored under an non-consentable "underlying work" conflict centering on the question of whether the false statements in the FARA filing were (a) the result of his attorneys' "misfeasance or malfeasance," or (b) the result of the defendant's lies to his attorneys (at 8-9, 29-33); and (3) even if this conflict was waivable, the defendant's waiver was not "informed" (at 34-36).

The law firm of Covington & Burling LLP ("Covington") represented the defendant both with respect to his FARA filings and with respect to his plea of guilty in this case. Robert Kelner and Brian Smith were the primary counsel involved with respect to the preparation and filing of the FARA registration documents; Kelner and Anthony were the primary counsel with respect to the guilty plea. The United States seeks to obtain from these counsel (and any other person acting on the defendant's behalf in this case) and provide to the Court documents, declarations, or affidavits responding to the claims of ineffective assistance in the defendant's Supplemental Motion to Withdraw his Plea of Guilty. To that end, the United States respectfully requests an Order that:

---

and other witnesses under oath, subject to cross-examination, to show any 'fair and just reason' for this Court to grant his motion to withdraw, Fed. R. Crim. P. 11(d)."

1. Confirms that, when he filed his Supplemental Motion to Withdraw claiming that Covington's representation was constitutionally ineffective, the defendant waived the attorney-client privilege with respect to matters relating to his ineffectiveness claims;

2. Concludes that the District of Columbia Rules of Professional Conduct, particularly Rule 1.6(e)(3), permit Covington, and any other person acting on the defendant's behalf in this case, to disclose to government counsel information needed to respond to the defendant's allegations of ineffective assistance, and to include that information in a declaration or an affidavit, even if there might otherwise be a duty to keep such information confidential; and

3. Authorizes Covington, and any other person acting on the defendant's behalf in this case, to take all actions necessary to prepare a response to the claims of ineffective assistance raised in the Supplemental Motion to Withdraw, including:

    (A) disclosing otherwise confidential or privileged information in communicating with government counsel about the representation of the defendant as it relates to the defendant's claims of ineffective assistance;

    (B) providing government counsel with any relevant documents or other records in their possession;

    (C) providing affidavits or declarations about the defendant's ineffective assistance allegations;

      (D)  testifying at an evidentiary hearing on the defendant's ineffective assistance allegations, if such a hearing is deemed necessary; and

      (E)  limiting the government's use of any information provided by Covington and any other person acting on the defendant's behalf in this case to any further litigation of the defendant's Supplemental Motion to Withdraw his Plea of Guilty, and to any appeal of the Court's ruling on that motion.

The order also should make clear that if the defendant's Supplemental Motion to Withdraw his Plea of Guilty is granted, the Court may consider additional questions of the limitation on the use of this information in any subsequent trial. This limitation on the use of information should not, however, preclude the government from prosecuting the defendant for perjury if any information that he provided to counsel were proof of perjury in this proceeding.

## **LEGAL ANALYSIS**

    When a defendant claims that his conviction should be vacated or his sentence reduced because his counsel's professional performance was so deficient that it violated the defendant's constitutional rights, it follows that the defendant must have waived his attorney-client privilege in that case. When a defendant's own action has vitiated the attorney-client privilege, it could be correctly and reasonably thought that defense counsel, generally, do not need the protection of the requested Order from this Court.  Nevertheless, the government believes it is prudent to move for an Order that makes it explicit that the Court has found that the defendant did waive his attorney-client privilege with respect to the ineffective assistance of counsel claims raised by the defendant in his motion.

It is well-settled that a defendant waives his attorney-client privilege by filing a motion to vacate a conviction based on ineffective assistance of counsel. See, e.g., In re Sealed Case, 676 F.2d 793, 818 (D.C. Cir. 1982) ("Any disclosure inconsistent with maintaining the confidential nature of the attorney-client relationship waives the privilege."); Byers v. Burleson, 100 F.R.D. 436, 440 (D.D.C. 1983) (finding that the plaintiff waived the attorney-client privilege in his legal malpractice case against his former lawyer because the information the defendant attorney sought in discovery was necessary to resolve the precise issue the plaintiff interjected into the case); United States v. Wiggins, 184 F. Supp. 673, 677-678 (D.D.C. 1960) (finding that where a client assails his attorney's conduct of his case, the privilege as to confidential communications is waived); see also Eldridge v. United States, 618 A.2d 690, 692 n.3 (D.C. 1992) (finding no error in trial court's decision to permit trial counsel to testify at a post-sentencing hearing, on the grounds that, "[b]ecause part of appellant's argument at the [post-sentencing] hearing was based on defense counsel's alleged ineffectiveness, we agree with the trial court that appellant implicitly waived his attorney-client privilege" (citing Doughty v. United States, 574 A.2d 1342, 1343 (D.C. 1990)).³

---

³  Cases from outside the District of Columbia are to the same effect. See e.g., United States v. Pinson, 584 F.3d 972, 978 (10th Cir. 2009) ("when a *habeas* petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim"), cert. denied, 559 U.S. 955 (2010); In Re Lott, 424 F.3d 446, 453 (6th Cir. 2005) ("The implied waiver in habeas proceedings [is] the result of a petitioner's assertion of his own counsel's ineffectiveness."), cert. denied, 547 U.S. 1092 (2006); Bittaker v. Woodford, 331 F.3d 715, 716-717 (9th Cir.) ("where a *habeas* petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer"), cert. denied, 540 U.S. 1013 (2003); Johnson v. Alabama, 256 F.3d 1156, 1178 (11th Cir. 2001) ("By alleging that his attorneys provided ineffective assistance of counsel in their choice of a defense strategy, [the petitioner] put at issue-and thereby waived-any privilege that might apply to the contents of his conversations with those attorneys to the extent those conversations bore on his attorneys' strategic choices."), cert. denied, 535 U.S. 926 (2002); Bloomer v. United States, 162 F.3d 187, 194 (2nd Cir. 1998) (where there is a claim of ineffective assistance of counsel, the allegedly "ineffective attorney should be afforded an opportunity to be heard and present evidence in the form of live testimony, affidavits, or briefs"); United States v. Bilzerian, 926 F.2d 1285, 1292 (2nd Cir.) ("A defendant may not use the [attorney-client] privilege to prejudice his opponent's case or to disclose

Similarly, when a defendant alleges ineffective assistance of counsel, counsel may disclose client confidences or secrets to respond to those claims pursuant to D.C. Rule of Professional Conduct 1.6(e)(3), which provides that:

> (e) A lawyer may use or reveal client confidences or secrets:
> . . .
>     (2)(A) when permitted by these Rules or required by law or court order;
> . . .
>     (3). . . to the extent reasonably necessary to respond to specific allegations by the client concerning the lawyer's representation of the client.

The District of Columbia Bar's Legal Ethics Committee has determined that a lawyer may disclose client confidences and secrets pursuant to Rule 1.6(e)(3) insofar as reasonably necessary to respond to the client's "specific allegations about the lawyer's representation." Opinion 364, at 1. The District of Columbia Bar's approach is amply supported by case law. See, e.g., Melo v. United States, 825 F. Supp.2d 457, 463 n.2 (S.D.N.Y. 2011) (attorney-client privilege waived by filing motion alleging ineffective assistance of counsel and stating that ABA Formal Opinion 10-456 does not preclude an attorney from providing to the government an affidavit that responds to a former client's ineffectiveness allegations); Dunlap v. United States, 2011 WL 2693915, *2 (D.S.C. 2011) (addressing ABA Formal Opinion 10-456 by requiring counsel to submit a pre-hearing affidavit addressing the petitioner's claims of ineffectiveness unless the petitioner chose to withdraw his motion claiming ineffective assistance of counsel); Mitchell v. United States, 2011 WL 338800, *3 (W.D. Wash. 2011) (attorney-client privilege and rule of client confidentiality

---

some selected communications for self-serving purposes. . . Thus, the privilege may implicitly be waived when defendant asserts a claim that in fairness require examination of protected communications."), cert. denied, 502 U.S. 813 (1991); Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974) (when the client calls into public question the competence of his attorney, the attorney-client privilege is waived), cert. denied, 419 U.S. 1125 (1975); Laughner v. United States, 373 F.2d 326, 327 & n. 1 (5th Cir. 1967) (client waives attorney-client privilege by attacking the attorney's performance of his duties).

waived by filing motion alleging ineffective assistance of counsel); Hudson v. United States, 2011 WL 3667602, *3-4 (S.D.W.Va 2011) (filing of motion alleging ineffective assistance of counsel waived the attorney-client privilege as to those claims; requiring a pre-hearing affidavit, under a protective order, addressing the specific allegations did not violate the attorney-client privilege or the West Virginia professional rules of conduct).

Here, by filing his Supplemental Motion to Withdraw his Plea of Guilty claiming that the performance of Covington was constitutionally ineffective, in certain respects, the defendant has put the representation of his former attorneys directly at issue. Therefore, the defendant has waived the attorney-client privilege and the non-disclosure provisions of Rule 1.6 with respect to his Covington's representation as it relates to his claims of ineffective assistance of counsel. To make certain and clear that counsel may take the necessary steps to vindicate their public reputation by addressing and defending against the defendant's claims of ineffective assistance of counsel, and equally to vindicate the integrity of this Court's previous proceedings, the government asks this Court to issue the attached proposed order.

**WHEREFORE**, the United States respectfully requests that this Court issue an Order: (1) confirming that the attorney-client privilege has been waived with respect to the defendant's allegations that Covington's representation of the defendant was constitutionally ineffective; (2) authorizing Covington, and any other person acting on the defendant's behalf in this case, to disclose to government counsel all matters related to the defendant's ineffective assistance of counsel claims in the defendant's Supplemental Motion to Withdraw his Plea of Guilty, to provide government counsel copies of any documents or other records relating to the defendant's ineffective assistance claims; to provide a declaration or an affidavit addressing the defendant's claims of ineffective assistance of counsel; and to testify at an evidentiary hearing with respect to

the defendant's claims of ineffective assistance of counsel; and (3) finding that any disclosures to government counsel made by the Covington that relate to the defendant's claims of ineffective assistance of counsel are authorized by D.C. Rule of Professional Conduct 1.6(e)(3).

    A proposed Order is attached.

                                            Respectfully submitted,

                                            TIMOTHY J. SHEA
                                            United States Attorney
                                            D.C. Bar No. 437437

                                            By: */s/* Jocelyn Ballantine

                                            Jocelyn Ballantine
                                            Assistant United States Attorney
                                            555 4th Street, NW
                                            Washington, D.C. 20530
                                            (202) 252-7252

Dated: February 9, 2020

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL T. FLYNN,<br><br>　　　　　Defendant | Crim. No. 17-232 (EGS) |

**[PROPOSED] ORDER**

On February 9, 2020, the government filed a Motion for an Order Confirming Waiver of the Attorney-Client Privilege With Respect to the Defendant's Ineffective Assistance of Counsel Claims and Authorizing Disclosure of Information. Upon consideration of the request, and for the reasons stated in the government's motion, it is hereby ORDERED that

　　　　1.　　When defendant Michael T. Flynn filed his Supplemental Motion to Withdraw claiming that Covington's representation was constitutionally ineffective, the defendant waived the attorney-client privilege with respect to matters relating to his ineffectiveness claims;

　　　　2.　　The District of Columbia Rules of Professional Conduct, particularly Rule 1.6(e)(3), permit Covington, and any other person acting on the defendant's behalf in this case, to disclose to government counsel information needed to respond to the defendant's allegations of ineffective assistance, and to include that information in a declaration or an affidavit, even if there might otherwise be a duty to keep such information confidential; and

　　　　3.　　Covington, and any other person acting on the defendant's behalf in this case, are authorized to take all actions necessary to prepare a response to the claims of ineffective assistance raised in the Supplemental Motion to Withdraw, including:

　　　　　　(A)　disclosing otherwise confidential or privileged information in communicating with government counsel about the representation of the defendant as it relates to the defendant's claims of ineffective assistance;

　　　　　　(B)　providing government counsel with any relevant documents or other records in their possession;

    (C) providing affidavits or declarations about the defendant's ineffective assistance allegations;

    (D) testifying at an evidentiary hearing on the defendant's ineffective assistance allegations, if such a hearing is deemed necessary; and

    (E) limiting the government's use of any information provided by Covington and any other person acting on the defendant's behalf in this case to any further litigation of the defendant's Supplemental Motion to Withdraw his Plea of Guilty, and to any appeal of the Court's ruling on that motion.

 It is further ORDERED that, if the defendant's Supplemental Motion to Withdraw his Plea of Guilty is granted, the Court will consider additional questions of the limitation on the use of this information in any subsequent trial. This limitation on the use of information should not, however, preclude the government from prosecuting the defendant for perjury if any information that he provided to counsel were proof of perjury in this proceeding.

 IT IS SO ORDERED.

                _____
                The Honorable Emmet G. Sullivan
                United States District Judge