UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

MICHAEL T. FLYNN,

        **Defendant**

Crim. No. 17-232 (EGS)

**[PROPOSED] ORDER**

On February 9, 2020, the government filed a Motion for an Order Confirming Waiver of the Attorney-Client Privilege With Respect to the Defendant's Ineffective Assistance of Counsel Claims and Authorizing Disclosure of Information. Upon consideration of the request, and for the reasons stated in the government's motion, it is hereby ORDERED that

    1. When defendant Michael T. Flynn filed his Supplemental Motion to Withdraw claiming that Covington's representation was constitutionally ineffective, the defendant waived the attorney-client privilege with respect to matters relating to his ineffectiveness claims;

    2. The District of Columbia Rules of Professional Conduct, particularly Rule 1.6(e)(3), permit Covington, and any other person acting on the defendant's behalf in this case, to disclose to government counsel information needed to respond to the defendant's allegations of ineffective assistance, and to include that information in a declaration or an affidavit, even if there might otherwise be a duty to keep such information confidential; and

    3. Covington, and any other person acting on the defendant's behalf in this case, are authorized to take all actions necessary to prepare a response to the claims of ineffective assistance raised in the Supplemental Motion to Withdraw, including:

        (A) disclosing otherwise confidential or privileged information in communicating with government counsel about the representation of the defendant as it relates to the defendant's claims of ineffective assistance;

        (B) providing government counsel with any relevant documents or other records in their possession;

    (C) providing affidavits or declarations about the defendant's ineffective assistance allegations;

    (D) testifying at an evidentiary hearing on the defendant's ineffective assistance allegations, if such a hearing is deemed necessary; and

    (E) limiting the government's use of any information provided by Covington and any other person acting on the defendant's behalf in this case to any further litigation of the defendant's Supplemental Motion to Withdraw his Plea of Guilty, and to any appeal of the Court's ruling on that motion.

 It is further ORDERED that, if the defendant's Supplemental Motion to Withdraw his Plea of Guilty is granted, the Court will consider additional questions of the limitation on the use of this information in any subsequent trial. This limitation on the use of information should not, however, preclude the government from prosecuting the defendant for perjury if any information that he provided to counsel were proof of perjury in this proceeding.

 IT IS SO ORDERED.


_____
The Honorable Emmet G. Sullivan
United States District Judge