**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | |
| **MICHAEL T. FLYNN,** | **Crim. No. 17-232 (EGS)** |
| **Defendant** | |

**GOVERNMENT'S MOTION TO AMEND BRIEFING SCHEDULE WITH RESPECT
TO THE DEFENDANT'S MOTION TO WITHDRAW PLEA OF GUILTY**

On January 14, 2020, the defendant Michael T. Flynn filed an initial Motion to Withdraw his Plea of Guilty (Doc. 151).  On January 16, 2020, the defendant filed a Supplemental Brief in Support of this motion (Doc. 153).  On January 24, 2020, the Court ordered the defendant to file a supplemental motion no later than January 29, 2020, and to "address the following: (1) the standard in this Circuit for a defendant seeking to withdraw a guilty plea before sentencing; and (2) the need for an evidentiary hearing where the parties would present all testimony and evidence concerning the issue of whether Mr. Flynn can show that there is good cause to set aside his guilty pleas, *see United States v. Cray*, 47 F.3d 1203, 1206 (D.C. Cir. 1995), including testimony from Mr. Flynn and other witnesses under oath, subject to cross-examination, to show any 'fair and just reason' for this Court to grant his motion to withdraw, Fed. R. Crim. P. 11(d)."

On January 29, 2020, the defendant filed a Supplemental Motion to Withdraw Plea of Guilty and Brief in Support (Doc. 160) ("Def's Supp. Mot. To Withdraw Plea").  In that motion, the defendant claims, for the first time, that he is entitled to withdraw his guilty plea because of purported "multiple instances in which Mr. Flynn's former lawyers' conflicts of interest and actions fell completely short of professional norms, thus depriving him of the constitutionally

mandated effective assistance of counsel, nullified his opportunity to make informed decisions about his own case, and it grossly prejudiced his defense." Def's Supp. Mot. To Withdraw Plea at 6-7. Specifically, the defendant contends that (1) his attorneys did not disclose to him that the interviewing agents believed he had a "sure demeanor" and that he did not show signs of deception, and he would not have pleaded guilty if his attorneys had disclosed this to him (at 38-39); (2) his attorneys labored under an non-consentable "underlying work" conflict centering on the question of whether the false statements in the FARA filing were (a) the result of his attorneys' "misfeasance or malfeasance," or (b) the result of the defendant's lies to his attorneys (at 8-9, 29-33); and (3) even if this conflict was waivable, the defendant's waiver was not "informed" or was otherwise not timely (at 34-36). The defendant's detailed factual allegations require further investigation, which may include, in addition to a general evaluation of the merit of these claims and related matters, a need to confer with the law firm of Covington & Burling LLP ("Covington") as described below.

Covington represented the defendant both with respect to his FARA filings and with respect to his plea of guilty in this case. The government is filing, concurrent with this motion to amend the briefing schedule, a motion for a Court order confirming waiver of the attorney-client privilege with respect to the defendant's ineffective assistance of counsel claims and authorizing the disclosure of information to the government. Such order will permit the government to work with Covington to identify and provide to the Court any additional relevant information with respect to the claims of ineffective assistance in the defendant's Supplemental Motion to Withdraw his Plea of Guilty.

The government requires additional time to complete these tasks. The government requests that the Court suspend the current briefing schedule concerning the defendant's

Supplemental Motion to Withdraw his Plea of Guilty until such time as the government has been able to confer with Covington regarding the information it seeks.  While Covington has indicated a willingness to comply with this request, it has understandably declined to do so in the absence of a Court order confirming the waiver of attorney-client privilege.  The government suggests that it would be appropriate to permit the government to confer with Covington once such an order is issued, and to require the government to submit a status report to the Court by no later than Thursday, February 20, 2020, at 12 p.m., advising the Court and counsel of any additional time it will need to provide its response to the defendant's Supplemental Motion to Withdraw his Plea of Guilty.

The government conferred by e-mail with counsel for the defendant.  In response to the government's request to amend the briefing schedule in this case, defense counsel wrote: "Our position is that at the minimum, the Department of Justice should agree to withdrawal of the plea. Accordingly, we oppose any further extension of the briefing schedule."

Wherefore the government respectfully requests that the Court suspend the current briefing schedule with respect to the defendant's Supplemental Motion to Withdraw his Plea of Guilty, and require the government to submit a status report to the Court and counsel no later than February 20, 2020, prior to scheduling any additional briefing schedules and hearings in this matter.

Respectfully submitted,

TIMOTHY J. SHEA
United States Attorney
D.C. Bar 437437

By: */s/* Jocelyn Ballantine

Jocelyn Ballantine
Assistant United States Attorney
555 4th Street NW
Washington, D.C. 20530

Dated: February 9, 2020

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Crim. No. 17-232 (EGS)** |
| **MICHAEL T. FLYNN,** | |
| **Defendant** | |

## [PROPOSED] ORDER

On February 9, 2020, the government filed a Motion to Amend Briefing Schedule with Respect to the Defendant's Motion to Withdraw Plea of Guilty, in which the government requested that the Court amend the current briefing schedule for the defendant's motion to withdraw.

Upon consideration of the request, and for the reasons stated in the government's motion, it is hereby ORDERED that the current briefing schedule on the motion to withdraw is suspended.

It is further ORDERED that the government will file a status report with the Court no later than February 20, 2020, at 12 p.m.

IT IS SO ORDERED.

_____
The Honorable Emmet G. Sullivan
United States District Judge