UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL T. FLYNN,<br><br>**Defendant** | Crim. No. 17-232 (EGS) |

**STIPULATION REGARDING CLAIMS
OF INEFFECTIVE ASSISTANCE OF COUNSEL**

Michael T. Flynn ("Mr. Flynn") and the government have agreed to stipulate to the terms outlined below.

1. On January 14, 2020, Mr. Flynn filed his initial Motion to Withdraw Plea of Guilty [Doc. 151]. On January 16, 2020, Mr. Flynn filed a Supplemental Brief in Support of Motion to Withdraw Plea of Guilty [Doc. 153]. On January 29, 2020, Mr. Flynn filed a Supplemental Motion to Withdraw Plea of Guilty [Doc. 160-2]. In these Motions, Mr. Flynn alleged that his former counsel at Covington & Burling LLP ("Covington") provided ineffective assistance of counsel during its representation of him in this case.

2. On February 9, 2020, the government filed a Motion for an Order Confirming Waiver of the Attorney-Client Privilege and Authorizing Disclosure of Information [Doc. 164]. Mr. Flynn filed a brief Response the same day [Doc. 166], and the Court issued a Minute Order on February 10, 2020, directing the parties to meet and confer with respect to the government's motion.

3. The parties have met and conferred and have agreed to enter into this Stipulation. The parties further agree that, in light of this Stipulation and the Proposed Order that the parties will jointly submit to the Court for approval, the government's Motion [Doc. 164] is moot.

4. The parties stipulate and agree that, when defendant Michael T. Flynn filed his Motions claiming that Covington's representation was constitutionally ineffective, Mr. Flynn waived the attorney-client privilege with respect to communications relating to the subject matter of his ineffectiveness claims. *See In re Sealed Case*, 877 F.2d 976, 981 (D.C. Cir. 1982) ("waiver of the privilege in an attorney-client communication extends to all other communications relating to the same subject matter").

5. In light of Paragraph 4 of this Stipulation, Mr. Flynn agrees that the government may seek to interview (outside of his presence) his former counsel at Covington and other persons who worked directly with former counsel in connection with Covington's representation of him.

6. The parties acknowledge that District of Columbia lawyers have an ethical duty of confidentiality under District of Columbia Rules of Professional Conduct Rule 1.6. The parties agree that a lawyer may use or reveal client confidences when required by a Court order. *See* D.C. Rule of Prof'l Conduct 1.6(e)(2). The parties further acknowledge that Rule 1.6(e)(3), and Ethics Opinion 364 of the District of Columbia Bar, *Confidentiality Obligations When Former Client Makes Ineffective Assistance of Counsel Claim* (Jan. 2013), set forth relevant guidance on the scope of a lawyer's ethical obligations in responding to a former client's allegations of ineffective assistance of counsel. *See also United States v. Straker*, 258 F. Supp. 3d 151, 156 (D.D.C. 2017) ("a lawyer's discretion to voluntarily reveal protected information is limited to the extent to which the disclosure is 'reasonably necessary to respond to specific allegations by the [former] client concerning the lawyer's representation of the client'") (quoting D.C. Rule of Prof'l Conduct 1.6(e)(3)).

7. The government agrees to limit its substantive communications with Covington to those matters reasonably necessary to respond to the specific allegations of ineffective assistance

of counsel raised by Mr. Flynn in his Motion to Withdraw Plea of Guilty [Doc. 151], his Supplemental Brief in Support of Motion to Withdraw Plea of Guilty [Doc. 153], and his Supplemental Motion to Withdraw Plea of Guilty [Doc. 160], and only to seek documents, records, declarations, affidavits, or statements related to the allegations raised therein.[1] Mr. Flynn acknowledges that D.C. Rule of Prof'l Conduct 1.6(e)(2) authorizes Covington to provide such information to the government, subject to the provisions of that rule.

8. The government agrees that any interviews of Covington attorneys or personnel that it conducts in connection with this inquiry pursuant to paragraph 5 of this Stipulation will be conducted in the presence of and transcribed by a certified court reporter, and that it will promptly provide a copy of that transcript to Mr. Flynn, through counsel. The government also agrees that it will promptly provide Mr. Flynn, through counsel, with all documents or records that are produced by Covington, all materials used in interviews of potential witnesses, and any adopted versions of declarations or affidavits created by or on behalf of a witness.

9. The government does not, by this agreement, waive its right to assert work product privilege over its own internal communications and draft materials.

10. The parties agree that all materials described in Paragraphs 7 and 8 of this Stipulation produced to the government by Covington, including verbatim transcripts, documents, records, declarations, affidavits, statements, or other writings, will be deemed "sensitive materials" and governed by and protected by the terms of the Protective Order earlier entered by the Court in this case until further agreement by the parties or order of this Court. [Doc. 22]. Any issues arising from this production, including any objection by Mr. Flynn that any of the material Covington

---

[1] The parties agree that if Mr. Flynn's ineffective assistance of counsel claims change during the course of the instant litigation, the government may speak with Covington and seek documents, records, declarations, affidavits, or statements related to the changed allegations.

provided, whether oral or written, falls outside of the scope of the Court's order authorizing disclosure under D.C. Rule of Prof'l Conduct 1.6(e)(2), will be addressed only in a motion filed under seal.

11. In any hearing on the record before the Court with respect to Mr. Flynn's claim that Covington was ineffective in its representation of him, Mr. Flynn will not object on the basis of the attorney-client privilege if the government seeks to introduce testimony or evidence (including documents) with respect to communications between Covington and Mr. Flynn that relate to the ineffective assistance of counsel claims in his Motions, unless said testimony or evidence falls outside of the scope of the Court's order authorizing disclosure under D.C. Prof'l Rule 1.6(e)(2).

12. The government agrees that it will not use any information or documents or records or any other writing that it obtains under this Stipulation for any purpose other than for further litigation of Mr. Flynn's motions to withdraw his guilty plea, and any further litigation on those motions, including any appeals and/or collateral attacks.

13. The parties agree that nothing in this Stipulation would prevent the government from prosecuting Mr. Flynn for perjury in connection with the litigation of his Motions to withdraw his guilty plea. In light of Paragraph 12 of this Stipulation, however, the government agrees that in any such prosecution, it will not use any information or other material that it obtained under this Stipulation. *Straker*, 258 F. Supp. 3d at 158.

SO STIPULATED.


*/s/ Jocelyn Ballantine*  
TIMOTHY J. SHEA  
U.S. Attorney for the District of Columbia  

JOCELYN BALLANTINE  
Assistant United States Attorney  

*/s/ Sidney Powell*  
SIDNEY POWELL  
JESSE BINNALL  
W. WILLIAM HODES  

Attorneys for Defendant Michael T. Flynn


Dated: March 6, 2020