UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

MAR - 6 2020

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES OF AMERICA

v.

MICHAEL T. FLYNN,

Defendant

Crim. No. 17-232 (EGS)

## ORDER

Upon consideration of the parties' joint stipulation addressing issues surrounding waiver of the attorney-client privilege with respect to the defendant's ineffective assistance of counsel claims and authorizing disclosure of information, it is hereby ORDERED that defendant Flynn's former counsel at Covington & Burling, LLP ("Covington"), and any other person acting under the direction of former counsel on the defendant's behalf, shall take all actions reasonably necessary to respond to defendant Flynn's specific allegations of ineffective assistance of counsel as set out in defendant's motions, including defendant Flynn's Motion to Withdraw Plea of Guilty (Doc. 151, filed January 14, 2020), Supplemental Brief in Support of Motion to Withdraw Plea of Guilty (Doc. 153, filed January 16, 2020), and Supplemental Motion to Withdraw Plea of Guilty (Doc. 160, filed January 29, 2020). Such actions shall include:

    A. disclosing, as reasonably necessary, otherwise confidential or privileged information in communicating with government counsel about Covington's representation of defendant Flynn as it relates to defendant Flynn's specific allegations of ineffective assistance;

    B. providing to government counsel any relevant documents in Covington's possession that are reasonably necessary to respond to defendant Flynn's specific allegations of ineffective assistance of counsel;

        C. providing a declaration or affidavit, as reasonably necessary to address defendant Flynn's specific allegations of ineffective assistance;

        D. testifying at any evidentiary hearing, if one is needed, as reasonably necessary to respond to defendant Flynn's specific allegations of ineffective assistance of counsel.

It is further ORDERED that any interviews of Mr. Flynn's former counsel shall be conducted in the presence of a certified court reporter; the government shall promptly provide to the defense a copy of the resulting transcriptions, as well as copies of all documents or records that are produced by Covington, all materials used in interviews of potential witnesses, and any adopted versions of declarations or affidavits created by or on behalf of a witness, as set forth in the joint stipulation between the parties. All information produced by Covington to the government pursuant to this Order shall be governed by the terms set forth in the parties' joint stipulation and the previously-existing Protective Order and shall be deemed "sensitive materials" until further agreement by the parties or order of this Court. (Doc.22).

It is further ORDERED that the government's use of any information provided by Covington, and any other person acting on defendant Flynn's behalf with former counsel in this case, is solely limited to obtaining and providing to the Court a declaration, an affidavit or testimony at an evidentiary hearing (if one is necessary) from these counsel, and any other person acting at the direction of former counsel on defendant Flynn's behalf in this case, in response to the claims of ineffective assistance of counsel in defendant Flynn's motions to withdraw his guilty plea, and to any further litigation on those motions, including any appeal of the Court's ruling on those motions, and any collateral attacks by defendant Flynn. It may not be used by the government in any other proceeding against Mr. Flynn.

It is further ORDERED that Covington shall consult Ethics Opinion 364 of the District of Columbia Bar, *Confidentiality Obligations When Former Client Makes Ineffective Assistance of*

*Counsel Claim* (Jan. 2013), for further guidance as to the scope of their ethical obligations in responding to defendant Flynn's allegations.

IT IS SO ORDERED.

3/6/2020

_____
The Honorable Emmet G. Sullivan
United States District Judge