UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>*v.*<br><br>**MICHAEL T. FLYNN,**<br><br>**Defendant** | **Crim No.: 17-232 (EGS)** |

**COVINGTON & BURLING LLP'S SECOND SUPPLEMENTAL NOTICE
REGARDING TRANSFER OF CASE FILE TO SUCCESSOR COUNSEL**

On April 8, 2020, Covington & Burling LLP ("Covington") submitted a Supplemental Notice Regarding Transfer of Case File to Successor Counsel ("Supplemental Notice"), in which Covington informed the Court that it had found emails that were not transferred to successor counsel last year due to errors in the process of collecting and searching electronic materials, as well as two pages of handwritten notes that inadvertently were not transferred. Covington submits this Second Supplemental Notice to apprise the Court of the current status of this matter and to describe documents that were transferred today.

**Prior Productions**

As context, Mr. Flynn's new counsel delivered a letter to Covington terminating its representation of him on June 4, 2019. The Court granted Covington leave to withdraw on June 7, 2019. [June 7, 2019 Minute Order]. One week later, on June 14, 2019, Covington transferred the vast bulk of its client file, consisting of its working case file, as well as additional documents to supplement it.

The working case file was voluminous. Covington had maintained in the working case file its key work product documents, letters, pleadings, interview notes, research memoranda,

document productions, document binders, chronologies, and other significant materials related to the representation. These materials, contained within a shared computer drive and organized in folders with descriptive names, were transferred to successor counsel on June 14, 2019. At the same time, the firm transferred other materials, including documents that had been collected from the client during the representation. These transfers, all of which were completed by June 14, 2019, totaled approximately 580,000 documents.

In June and July 2019, the firm responded to successor counsel's specific requests for information and further supplemented the file transfer by searching for documents not routinely maintained in the working case file, such as emails, handwritten notes, voice and text messages, time records, and the like. By July 23, 2019, after completing these supplemental searches, the firm had transferred to successor counsel approximately 83,000 additional documents. This resulted in a total transfer, before today, of approximately 663,000 documents.

**Today's Production**

In the Supplemental Notice, Covington noted that it had discovered, during the course of responding to this Court's March 6, 2020 Order [ECF No. 174], emails that had been inadvertently omitted from the previous file transfer. Since then, we have worked diligently (a) to understand the reason that the email collection in June and July 2019 had been narrower than intended, (b) to re-execute the email searches that we had intended to conduct last year, and then (c) to collect, process, review, and transfer the emails promptly to Mr. Flynn's current counsel.

Covington determined that an unintentional miscommunication involving the firm's information technology personnel had led them, in some instances, to run search terms on subsets of emails the firm had collected for its response to document requests in *United States v. Rafiekian*, the case involving Mr. Flynn's business partner and their FARA-related work through

their consulting firm, rather than on the broader sets of emails that should have been searched. The subsets that actually were searched nevertheless contained a large volume of emails concerning our representation of Mr. Flynn and his consulting firm. All of the emails resulting from this search were transferred to successor counsel in June and July 2019.

Covington has now re-executed the email collection and searches on the broader set of emails, correcting the error made as a result of the miscommunication. In so doing, we again used electronic search terms and manual reviews to target documents in the client file. This effort yielded an additional set of approximately 6,800 documents and emails (including attachments) that were not produced during the client file transfer in July 2019.[1] These documents, comprising approximately 1% of the 669,800 total documents transferred in this case, were produced to successor counsel today.

\* \* \*

In sum, Covington sought last year to go beyond producing the working case file that was routinely maintained throughout the representation. Covington used such e-discovery tools as electronic search terms, as well as manual reviews, to identify other emails and documents that could be part of the client file. We now have performed another search, using search terms and manual reviews, on a broader universe of material to correct the earlier error and to transfer additional documents that are part of the client file. Moreover, to the extent that successor counsel makes specific requests for documents not already captured and transferred, we will, of course, make reasonable efforts to consider and address such requests. We also stand ready to address any questions the Court may have.

---

[1] We made a good-faith effort to de-duplicate these emails against those transferred last year to successor counsel. In some instances, emails produced today are continuations of email chains already transferred and/or contain additional copies of documents already transferred.

| | |
|---|---|
| April 28, 2020 | Respectfully submitted, |
| | |
| | Robert K. Kelner (D.C. Bar No. 466880) |
| | Stephen P. Anthony (D.C. Bar No. 426536) |
| | Covington & Burling LLP |
| | One CityCenter |
| | 850 Tenth Street, NW |
| | Washington, DC 20001-4956 |
| | (202) 662-6000 |