**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**Plaintiff,**<br><br>v.<br><br>**MICHAEL T. FLYNN,**<br><br>**Defendant.** | **Criminal Action No. 17-232-EGS** |

**Michael Flynn's Opposition to and**
**Motion to Deny Notice of Intent to File**
**Motion for Leave to File Amicus Brief**

On May 11, 2020, a group referring to itself as "Watergate Prosecutors" submitted to the Court by email a *Notice of Intent to File Motion for Leave to File Brief as* Amicus Curiae.[1] However, this Court has consistently—on twenty-four (24) previous occasions—summarily refused to permit any third party to inject themselves or their views into this case. Exhibit A. The proposed amicus brief has no place in this Court. No rule allows the filing, and the self-proclaimed collection of "Watergate Prosecutors" has no cognizable special interest. Separation of powers forecloses their appearance here. Only the Department of Justice and the defense can be heard. Accordingly, the Watergate Prosecutors' attempted filing itself should not be registered on the docket, and any attempt by the group or any individual to make a filing in this case must be denied—as all others have been.

---

[1] The Watergate Prosecutors' Notice also referred to this Court's Local Criminal Rules, LCrR 57.6, but, as will be seen, applied for no relief *other* than permission to file an amicus brief. They do not have "a dog in this hunt" any more than do the former "Whitewater" prosecutors or the "Clinton impeachment" prosecutors.

1

1.  **No Rule Allows the Requested Participation.**

The third-party purports to file its uninvited *Notice of Intent to File* pursuant to LCrR 57.6, which allows interested persons who are not parties or subpoenaed witnesses to apply for relief relating to a criminal proceeding. But the rule nowhere suggests that that relief may include filing an amicus brief by anyone who disagrees with the parties. To the contrary, in this Court such briefs are contemplated only on the civil side of the docket. *See* LCvR 7(o) (which governs Motions for Leave to File Amicus Briefs in civil proceedings). That rule has no analog in either the Federal Rules of Criminal Procedure or the Local Criminal Rules of this Court.

Under the canon of statutory construction *expressio unius est exclusio alterius,* the express mention of amicus briefs on the civil side must be understood to exclude them on the criminal side. *See Adirondack Med. Ctr. v. Sebelius*, 740 F.3d 692, 697 (D.C. Cir. 2014) ("the canon's relevance and applicability must be assessed within the context of the *entire* statutory framework" (emphasis added), rather than in isolation or out of context).

2.  **Separation of Powers Forecloses Any Third-Party Filing in This Case and Court**.

It is no accident that amicus briefs are excluded in criminal cases. A criminal case is a dispute between the United States and a criminal defendant. There is no place for third parties to meddle in the dispute, and certainly not to usurp the role of the government's counsel. For the Court to allow another to stand in the place of the government would be a violation of the separation of powers. *See Morrison v. Olson*, 487 U.S. 654 (1988), holding that courts cannot appoint executive officers and may only appoint special prosecutors in limited circumstances.

*Morrison* was a dispute about the constitutionality of the Independent Counsel Act, but the heart of matter was really the dispute over executive authority and the separation of powers. The Supreme Court approved the constitutionality of the Act in an almost unanimous opinion, but Justice Antonin Scalia's lone dissent on the separation of powers won the day in the long run. Scalia noted that the "prosecution of crimes is a quintessentially executive function," *id.* at 706, and that "It is not for us to determine, and we have never presumed to determine, how much of the purely executive powers of government must be within the full control of the President. The Constitution prescribes that they all are." *Id.* at 709. The *Morrison* mistake was evident almost immediately, and just over a decade later, Attorney General Janet Reno testified against the renewal of the Independent Counsel Act. In the course of that testimony, she adopted Justice Scalia's foundational point in his *Morrison* dissent. She testified:

> Our Founders believed that the enormity of the prosecutorial power -- and all the decisions about who, what, and whether to prosecute -- should be vested in one who is responsible to the people. That way,-- and here I'm paraphrasing Justice Scalia's dissent in Morrison v. Olson - whether we're talking about over prosecuting or under-prosecuting, "the blame can be assigned to someone who can be punished.' Statement of Janet Reno Att'y Gen. Before the Comm. on Governmental Affairs U.S. S., Concerning the Indep. Couns. Act (Mar. 17, 1999), https://www.justice.gov/archive/ag/testimony/1999/aggovern031799.htm.

Moreover, Eric Holder, then Deputy Attorney General and now partner at Covington and Burling LLP—whose representation underlies many issues in this case, also testified against the Act, noting that it "tilted the constitutional balance of powers," and there were "fundamental structural flaws with the Act." Holder noted that to take "from the Attorney General jurisdiction that she has not knowingly ceded to another . . . would trammel upon the Executive's core prosecution power." Prepared Remarks for

3

Deputy Attn'y Gen. Eric Holder, House Judiciary Sub comm. (Mar. 2, 1999) https://www.justice.gov/archive/dag/testimony/ictestimonydag.htm.

This fundamental principle—that the Constitution vests in the executive all the prosecutorial power and the corresponding accountability—is now universally accepted.

### 3. The "Watergate Prosecutors Have No Cognizable Special Interest.

This is a case of extraordinary national and international interest. There are countless people—including former prosecutors on both sides of the parties—who would like to express their views, but there are many reasons there is no provision for outsiders to join a criminal case in this Court. Of course, the former prosecutors are all free to submit opinion pieces to assorted media outlets—as many have already done—but this Court is not a forum for their alleged special interest. The "Watergate Prosecutors" have no special role and no authority whatsoever to insert themselves in this litigation on behalf of anyone. They are no different than all those whose requests and attempts this Court has quickly and resoundingly denied.

### 4. This Court Has Consistently Rejected and Denied All Similar Attempts or Filings.

As set out in Exhibit A, this Court, on twenty-four specific occasions has rejected all prior attempts of other parties who have claimed an interest to intervene in this case in any way—as it should have. Exhibit A. Its December 20, 2017, Minute Order stands out. There this Court wrote:

> MINUTE ORDER. This Court has received several motions to intervene/file an amicus brief along with letters in support from a private individual who is neither a party to this case nor counsel of record for any party. The Federal Rules of Criminal Procedure do not provide for intervention by third parties in criminal cases. The Court recognizes that the movant sincerely believes that he has information to share that bears on this case, and that, understandably, he wishes to be heard. Options exist for a private citizen to express his views about matters

of public interest, but the Court's docket is not an available option. The docket is the record of official proceedings related to criminal charges brought by the United States against an individual who has pled guilty to a criminal offense. For the benefit of the parties in this case and the public, the docket must be maintained in an orderly fashion and in accordance with court rules. The movant states that he disagrees with the similar Minute Order issued by Judge Berman Jackson in Criminal Case Number 17-201, but the contrary legal authority on which he relies is neither persuasive nor applicable. Therefore, the Clerk is directed not to docket additional filings submitted by the would-be intervenor. If the individual seeks relief from this Court's rulings, he must appeal the rulings to the United States Court of Appeals for the District of Columbia Circuit. Signed by Judge Emmet G. Sullivan on 12/20/2017. (lcegs3) (Entered: 12/20/2017).

Moreover, this travesty of justice has already consumed three or more years of an innocent man's life—and that of his entire family. No further delay should be tolerated or any further expense caused to him and his defense. This Court should enter the order proposed by the government immediately.

For the same reasons, leave to file must be denied, the Notice should be stricken, and any effort of third parties to intervene for any purpose should be rejected for the same reasons as all prior attempts by third parties have been.

Dated: May 12, 2020              Respectfully submitted,

/s/ Jesse R. Binnall  
Jesse R. Binnall  
Lindsay R. McKasson  
Harvey & Binnall, PLLC  
717 King Street, Suite 300  
Alexandria, VA 22314  
Tel: (703) 888-1943  
Fax: (703) 888-1930  
jbinnall@harveybinnall.com  
lmckasson@harveybinnall.com  
Admitted *Pro Hac Vice*

W. William Hodes  
The William Hodes Law Firm  
3658 Conservation Trail  
The Villages, Florida 32163  
Tel: (352) 630-5788  
Admitted *Pro Hac Vice*

/s/ Sidney Powell  
Sidney Powell  
Molly McCann  
Sidney Powell, P.C.  
2911 Turtle Creek Blvd.,  
Suite 300  
Dallas, Texas 75219  
Tel: 214-707-1775  
sidney@federalappeals.com  
Admitted *Pro Hac Vice*  
molly@federalappeals.com  
Admitted *Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2020 a true and genuine copy of the foregoing was served via electronic mail by the Court's CM/ECF system to all counsel of record, including:

Jocelyn Ballantine, Assistant U.S. Attorney
555 4th Street, NW
Washington, D.C. 20530

And was sent via email to the following:

Lawrence S. Robbins
Lee Turner Friedman
D. Hunter Smith
ROBBINS, RUSSELL, ENGLERT,
ORSECK, UNTEREINER & SAUBER LLP
2000 K Street, NW
Washington, DC 20006
lrobbins@robbinsrussell.com

William W. Taylor, III
Ezra B. Marcus
ZUCKERMAN SPAEDER LLP
1800 M Street N.W. Suite 1000
Washington, D.C. 20036
wtaylor@zuckerman.com

Respectfully submitted,

/s/ Jesse R. Binnall
Jesse R. Binnall, VSB# 79272
HARVEY & BINNALL, PLLC
717 King Street, Suite 300
Alexandria, VA 22314
Tel: (703) 888-1943
Fax: (703) 888-1930
jbinnall@harveybinnall.com