# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Case No. 17-cr-00232 (EGS) |
| ) | |
| MICHAEL T. FLYNN, ) | |
| ) | |
| Defendant. ) | |

## BRIEF OF KAMIL EKIM ALPTEKIN AS *AMICUS CURIAE*

Christopher P. Hotaling (IL. Bar No. 6272432)
NIXON PEABODY LLP
70 W. Madison St., Suite 3500
Chicago, IL 60602
(312)-977-4400 (telephone)
(312)-977-4405 (facsimile)
chotaling@nixonpeabody.com

Scott M. Dinner (D.C. Bar No. 1021879)
NIXON PEABODY LLP
799 Ninth Street, NW, Suite 500
Washington, D.C. 20001-4501
(202) 585-8000 (telephone)
(202) 585-8080 (facsimile)
sdinner@nixonpeabody.com

*Counsel for Amicus Curiae*

**TABLE OF CONTENTS**

INTEREST OF AMICUS CURIAE ................................................................................................9
FACTUAL BACKGROUND .......................................................................................................10
    A.    Flynn's Guilty Plea ...........................................................................................10
    B.    Rejection of the FARA Violation Theory ......................................................11
ARGUMENT .................................................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*United States v. Rafiekian*,
   No. 1:18-CR-457-AJT-1, 2019 WL 4647254 (E.D. Va. Sept. 24, 2019) ............................12, 14

**Federal Statutes**

18 U.S.C. § 371 ...............................................................................................................................12

18 U.S.C. § 371, to (a) ...................................................................................................................10

18 U.S.C. § 951 .......................................................................................................................10, 12

18 U.S.C. § 1001(a)(2) ............................................................................................................10, 12

22 U.S.C. § 618(a)(2) .....................................................................................................................10

FARA ................................................................................................................................. 11, 12, 14

Foreign Agents Registration Act ....................................................................................................10

Foreign Agents Registration Act, 18 U.S.C. § 951 *et seq*., and ....................................................11

**Rules**

Federal Rule of Criminal Procedure 48 .........................................................................................13

Federal Rule of Criminal Procedure 48(a) ....................................................................................11

FRAP 29(a)(4)(E) ..........................................................................................................................16

**Other Authorities**

*United States v. Bijan Rafiekian, et al.*,
   18-CR-457-AJT-1 (J. Trenga) ...............................................................................................10, 14

*US v. Bijan Rafiekian*,
   No. 19-4803 ..................................................................................................................................12

## INTEREST OF *AMICUS CURIAE*

*Amicus curiae* in this matter is Kamil Ekim Alptekin, a Turkish national with an extensive background working in both the diplomatic and business arenas. Much of *amicus curiae's* work has been focused on strengthening and promoting relations between the United States and Turkey. His past service includes a fellowship with the United States House of Representatives, where he worked for Democratic Congressman Tom Lantos when he served as Ranking Member on the House International Relations Committee. More recently, *amicus curiae* served as Vice-Chairman on the Board of the United States Nowruz Commission and as Chairman of the Turkish American Business Council ("TAIK"), one of the world's longest standing bilateral trade organizations. On the business side, *amicus curiae*, as founder of Eclipse Aerospace (EA Havacilik A.Ş.) has invested millions of dollars into the U.S. aviation industry and helped to employ hundreds of American citizens.

While living and working in Turkey, on December 12, 2018, *amicus curiae* was indicted in the United States District Court for the Eastern District of Virginia in *United States v. Bijan Rafiekian, et al.*, 18-CR-457-AJT-1 (J. Trenga). In that indictment, he was charged with: (1) one count of conspiracy, in violation of 18 U.S.C. § 371, to (a) act as an agent of the Turkish government without prior notification to the Attorney General, in violation of 18 U.S.C. § 951; and (b) file a materially false filing under the Foreign Agents Registration Act ("FARA"), in violation of 22 U.S.C. § 618(a)(2); (2) one substantive count of knowingly acting and causing others to act in the United States as agents of the Turkish government without prior notification to the Attorney General, in violation of 18 U.S.C. § 951; and (3) four counts of making materially false statements to law enforcement, in violation of 18 U.S.C. § 1001(a)(2).

*Amicus curiae* learned of the filing of this indictment while he was residing in Turkey and, to date, has not appeared in court to answer the charges made against him as he continues to

live and work in Turkey. Nonetheless, *amicus curiae* has an interest in this case because the Government's theory behind the charges brought against him stemmed from factual admissions made and since repudiated in Flynn's Statement of Offense made as part of his plea agreement.

## FACTUAL BACKGROUND

On May 7, 2020, the Government moved to dismiss the criminal information filed against Lt. Gen. Michael T. Flynn pursuant to Federal Rule of Criminal Procedure 48(a), stating that "continued prosecution of this case would not be in the interests of justice." Gov.'s Mot. to Dismiss, ECF 198. Although he originally entered a guilty plea, the record now suggests that Flynn was at least partly motivated to plead guilty to avoid further charges related to the Foreign Agents Registration Act ("FARA"), 18 U.S.C. § 951 *et seq*., and to ensure that his son, Michael G. Flynn, was not also indicted.

### A.   Flynn's Guilty Plea

While Flynn was under investigation in connection with his Russian contacts, the Department of Justice ("DOJ") was also investigating representatives from Flynn's consulting firm, Flynn Intel Group ("FIG"). That investigation involved suspected FARA violations stemming from FIG's engagement with Inovo, BV ("Inovo"), a Dutch company owned by Turkish businessman Kamil Ekim Alptekin (*amicus curiae* in this matter). By time the time charges were filed against Flynn on November 30, 2017, the Government represented that FIG's FARA submissions contained certain misrepresentations or omissions. More specifically, it alleged that the Republic of Turkey actually directed and controlled FIG's engagement (and not Inovo), and that FIG had attempted to conceal its knowledge of this fact from the Government. *See* Supp. Sentencing Mem. at 12, ECF 150. The Government also appeared to discuss the possibility of indicting Flynn's son, who worked alongside his father at FIG. *See* Def.'s Supp. Mot. to Dismiss, ECF 181.

Internal emails disclosed by Flynn's former counsel suggest the threat of this potential prosecution served as an inducement to Flynn taking the plea agreement. According to those emails, the Government offered an "unofficial" lawyer's agreement that a guilty plea to the information would foreclose the possibility of additional charges against both Flynn and his son. *Id.* at Ex. 1. On December 1, 2017, Flynn thus pled guilty to one count of making false statements to the FBI, in violation of 18 U.S.C. § 1001(a)(2). Plea Agreement, ECF 3.

### B.     Rejection of the FARA Violation Theory

As part of Flynn's cooperation agreement, he agreed to assist the Government in ongoing investigations and prosecutions, including into those related to the *amicus curiae* and Bijan Rafiekian, Flynn's co-founder and co-owner at FIG. *See id.* Both the *amicus curiae* and Rafiekian were ultimately indicted in the Eastern District of Virginia (EDVA) in connection with the FIG-Inovo Engagement. *See United States v. Rafiekian*, No. 1:18-CR-457-AJT-1, 2019 WL 4647254 *1 (E.D. Va. Sept. 24, 2019). They were charged with violating 18. U.S.C. § 951 ("Section 951") and conspiring to violate both Section 951 and FARA, under 18 U.S.C. § 371. *Id.* The crux of all of these charges was that the government of Turkey was the true client for which FIG had worked under the engagement. *Amicus curiae*, who resides and was present in Turkey at the time of the indictment, did not appear in the case. Rafiekian was tried before a jury and found guilty on July 23, 2019. *Id.*

Following the verdict, Judge Anthony Trenga granted Rafiekian's motion for acquittal and overturned the jury verdict.[1] *Id.* In a detailed written opinion, Judge Trenga held that the jury verdict went against the "heavy weight of evidence," and determined that "[t]here was no competent evidence from which the jury could find that Alptekin acted as the type of

---

[1]   An appeal is currently pending in the Fourth Circuit, *US v. Bijan Rafiekian*, No. 19-4803.

'intermediary' the Government contends." *Id.* at *1, 26. Nor did the Government have any "evidence that Rafiekian, or Alptekin for that matter, was channeling instructions from the Turkish government concerning the day-to-day operational details" of the engagement, "that Turkey funded the engagement of FIG, or that the engagement was not in fact being funding by a group of Turkish businessmen, as Rafiekian stated consistently throughout." *Id.* at *28-29, 33-34.

## ARGUMENT

Federal Rule of Criminal Procedure 48 provides that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." Such measures are appropriate when continued prosecution would no longer promote the fair and effective administration of justice, as contemplated by the *Principles of Federal Prosecution*. As the Government has already recognized and acted upon, it is clear that further prosecution of Flynn "would not serve the interests of justice." Gov.'s Mot. to Dismiss, ECF 198. Accordingly, this Court should grant the Government's motion to dismiss the criminal information against him.

As this Court is aware, the record demonstrates that while plea negotiations were ongoing, the Government considered bringing additional charges against Flynn related to FIG's engagement with Inovo. *See* Supp. Sentencing Mem., ECF 150. The Government also appeared to suggest that similar charges could be brought against Flynn's son. *See* Def.'s Supp. Mot. to Dismiss, ECF 181. Its theory was that Flynn and others at FIG had concealed that the Turkish government (and not Inovo) was actually directing and controlling the work FIG performed under the engagement. *See* Supp. Sentencing Mem., ECF 150.

According to internal emails disclosed by Flynn's former counsel, the Government offered Flynn an "unofficial" lawyers' agreement under which Flynn could foreclose the possibility of additional charges against both him and his son if he pled guilty and agreed to

12

cooperate. *See* Def.'s Supp. Mot. to Dismiss at Ex. 1, ECF 181-1. Thus, facing a choice between pleading guilty to one count of making false statements and cooperating with the Government, or having his son indicted and facing additional criminal charges for alleged FARA violations, Flynn chose the former. *See* Plea Agreement, ECF 3.

While it is impossible for *amicus curiae* to know the actual role the FARA prosecution threats played in Flynn's decision to plead guilty, it *is* clear that the Government's underlying premise—that the Turkish government had controlled the Inovo engagement—was false. This much was strongly affirmed by Judge Trenga in the *Rafiekian* case. *See* 2019 WL 4647254. In granting Rafiekian's motion for acquittal, Judge Trenga found that the jury verdict went against the "heavy weight of evidence," and determined that "[t]here was no competent evidence from which the jury could find that Alptekin acted as the type of 'intermediary' the Government contends." *Id.* at *1, 26. Likewise the Government had no "evidence that Rafiekian, or Alptekin for that matter, was channeling instructions from the Turkish government concerning the day-to-day operational details" of the engagement or any "evidence, direct or otherwise . . . that Turkey funded the engagement of FIG, or that the engagement was not in fact being funding by a group of Turkish businessmen, as Rafiekian stated consistently throughout." *Id.* at *28-29, 33-34.

Judge Trenga's extraordinary action in granting Rafiekian's acquittal and his forcefully written opinion strongly support the Government's position that continued prosecution of Flynn no longer serves the interests of justice. The record clearly suggests that at least a partial motivation for Flynn's entering a guilty plea was related to FIG's engagement with Inovo and the Government's allegations that Flynn, and possibly his son, violated FARA by concealing the true client behind it. Accordingly, this Court should grant the Government's pending motion to dismiss to promote the fair and effective administration of justice.

13

Respectfully submitted,

| /s/ Christopher P. Hotaling | /s/ Scott M. Dinner |
|---|---|
| Christopher P. Hotaling (IL. Bar No. 6272432) | Scott M. Dinner (D.C. Bar No. 1021879) |
| NIXON PEABODY LLP | NIXON PEABODY LLP |
| 70 W. Madison St., Suite 3500 | 799 Ninth Street, NW, Suite 500 |
| Chicago, IL 60602 | Washington, D.C. 20001-4501 |
| (312)-977-4400 (telephone) | (202) 585-8000 (telephone) |
| (312)-977-4405 (facsimile) | (202) 585-8080 (facsimile) |
| chotaling@nixonpeabody.com | sdinner@nixonpeabody.com |
| *Counsel for Amicus Curiae* | *Counsel for Amicus Curiae* |

**CERTIFICATE PURSUANT TO FRAP 29(a)(4)(E)**

Counsel hereby certifies that no party's counsel authored the preceding brief in whole or in part, that no party or a party's counsel contributed money that was intended to fund preparing or submitting the brief; and that no person—other than the amicus curiae, its members, or its counsel—contributed money that was intended to fund preparing or submitting the brief.

/s/ Scott M. Dinner