UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 09-335 (RJL) |
| | : | |
| v. | : | |
| | : | |
| AMARO GONCALVES, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

GOVERNMENT'S UNOPPOSED MOTION TO
DISMISS PURSUANT TO FED. R. CRIM. P. 48(a)

The United States of America, by and through its undersigned attorneys, hereby moves to dismiss in the above-captioned case (1) the Superseding Indictment against defendants Jonathan M. Spiller, Haim Geri, and Daniel Alvirez, and Count 1 of the Superseding Information against defendant Daniel Alvirez, with prejudice, and (2) Count 2 of the Superseding Information against defendant Daniel Alvirez without prejudice.

1.      On April 16, 2010, Spiller, Geri, Alvirez, and other defendants were charged in a Superseding Indictment with conspiracy to violate the Foreign Corrupt Practices Act ("FCPA"), 18 U.S.C. § 371, violations of the FCPA, 15 U.S.C. §§ 78dd-1 *et seq.*, and conspiracy to commit money laundering, 18 U.S.C. § 1956(h). On March 1, 2011, defendant Alvirez was charged in a two-count Superseding Information. Count 1 charged the same conspiracy to violate the FCPA that was charged in Count 1 of the Superseding Indictment ("the Gabon conspiracy count"). Count 2 charged a separate conspiracy to violate the FCPA relating to the sale of military and law enforcement equipment to the Republic of Georgia ("the Georgia conspiracy count").

2.      On March 1, 2011, defendant Alvirez pleaded guilty to both counts of the Superseding Information – the Gabon conspiracy count and the Georgia conspiracy count. On March 29, 2011, defendant Spiller pleaded guilty to the Gabon conspiracy count. On April 28,

2011, defendant Geri pleaded guilty to the Gabon conspiracy count.

3. On December 22, 2011, at the close of the government's case in the second trial conducted in this matter, the Court granted the trial defendants' motions for judgment of acquittal, pursuant to Fed. R. Crim. P. 29, as to the Gabon conspiracy count, ruling that there were structural deficiencies in the conspiracy as it was charged and that the government's proof at trial did not establish that conspiracy.

4. On February 21, 2012, the government moved to dismiss with prejudice the Superseding Indictment against the defendants who were pending trial, including seven defendants for whom the Court had granted mistrials following hung juries and nine defendants who had yet to be tried. The government submitted that the continued prosecution of the case was not warranted under the circumstances, given the outcomes of the first two trials, the implications of certain evidentiary and other legal rulings in those trials for future trials, and the substantial resources that would be necessary to proceed with another four or more trials. In an Order dated February 23, 2012, the Court granted the government's motion, and dismissed with prejudice the Superseding Indictment, and all underlying indictments, against the defendants who were pending trial.

5. Based on a review of the record, the government has concluded that the Court's ruling in the second trial as to the Gabon conspiracy count would apply equally to defendants Spiller, Geri, and Alvirez. Although, as the Court knows, the government argued extensively in opposition to the defendants' Rule 29 motions and does not agree with the Court's ruling, the government accepts the Court's decision. As a result of the Court's ruling on the Gabon conspiracy count, and in light of the reasons set forth in its prior motion to dismiss, the

government has concluded that further prosecution of the Gabon-related charges against defendants Spiller, Geri, and Alvirez is unlikely to be successful.

6. The government has also concluded that it is in the interests of justice not to prosecute defendant Alvirez on the Georgia conspiracy count at this time, but rather to continue the investigation of that and related conduct. Following such investigation, the government will determine whether to bring criminal charges relating to that conduct.

7. The government has contacted counsel for defendants Spiller, Geri, and Alvirez and they do not oppose this motion to dismiss.

Accordingly, the government moves pursuant to Fed. R. Crim. P. 48(a) to dismiss in the above-captioned case (1) the Superseding Indictment against defendants Jonathan M. Spiller, Haim Geri, and Daniel Alvirez, and Count 1 of the Superseding Information against defendant Daniel Alvirez, with prejudice, and (2) Count 2 of the Superseding Information against defendant Daniel Alvirez without prejudice.

Respectfully submitted,

| | |
|---|---|
| DENIS J. McINERNEY<br>Chief, Fraud Section | RONALD C. MACHEN JR.<br>United States Attorney<br>In and For the District of Columbia |
| By:  /s/  <br>LAURA N. PERKINS<br>D.C. Bar # 479048<br>JOEY LIPTON<br>IL Bar # 6225473<br>Trial Attorneys<br>Criminal Division, Fraud Section<br>U.S. Department of Justice<br>1400 New York Avenue, N.W.<br>Washington, D.C. 20530<br>(202) 514-7023 | /s/  <br>MATTHEW C. SOLOMON<br>NY Bar # 3055209<br>Assistant United States Attorney<br>Fraud & Public Corruption Section<br>United States Attorney's Office<br>555 4th Street, N.W.<br>Washington, D.C. 20530<br>(202) 252-7566 |

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 09-335 (RJL) |
| v. | : | |
| DANIEL ALVIREZ, | : | FILED |
| Defendant. | : | MAR 3 0 2012 |
| | : | Clerk, U.S. District & Bankruptcy Courts for the District of Columbia |

ORDER

On the government's unopposed motion to dismiss pursuant to Fed. R. Crim. P. 48(a) in the above-captioned case, it is hereby ORDERED:

1. The Superseding Indictment against defendant Daniel Alvirez (the "defendant"), and Count 1 of the Superseding Information against the defendant, are dismissed with prejudice.

2. Count 2 of the Superseding Information against the defendant is dismissed without prejudice.

3. As a result of the dismissal of the charges, the guilty plea entered by the defendant is vacated.

DATED: 3/30/12

_____
THE HONORABLE RICHARD J. LEON
UNITED STATES DISTRICT JUDGE

- 88 -

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 09-335 (RJL) |
| v. | : | |
| JONATHAN M. SPILLER, | : | **FILED** |
| Defendant. | : | MAR 3 0 2012 |
| | : | Clerk, U.S. District & Bankruptcy Courts for the District of Columbia |

ORDER

On the government's unopposed motion to dismiss pursuant to Fed. R. Crim. P. 48(a) in the above-captioned case, it is hereby ORDERED:

1. The Superseding Indictment against defendant Jonathan M. Spiller is dismissed with prejudice.

2. As a result of the dismissal of the charges, the guilty plea entered by the defendant is vacated.

DATED: 3/30/12

_____
THE HONORABLE RICHARD J. LEON
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 09-335 (RJL) |
| v. | : | **FILED** |
| HAIM GERI, | : | MAR 30 2012 |
| Defendant. | : | Clerk, U.S. District & Bankruptcy Courts for the District of Columbia |

ORDER

On the government's unopposed motion to dismiss pursuant to Fed. R. Crim. P. 48(a) in the above-captioned case, it is hereby ORDERED:

1. The Superseding Indictment against defendant Haim Geri is dismissed with prejudice.

2. As a result of the dismissal of the charges, the guilty plea entered by the defendant is vacated.

DATED: 3/30/12

THE HONORABLE RICHARD J. LEON
UNITED STATES DISTRICT JUDGE

- 90 -