UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MICHAEL T. FLYNN,<br><br>                 Defendant. | Case No. 17-cr-232 (EGS) |

**REQUEST FOR CLARIFICATION AND
MOTION FOR EXTENSION OF TIME TO FILE REPLY BRIEF**

On May 13, 2020, the Court issued an order appointing me as *amicus curiae* "to present arguments in opposition to the Government's Motion to Dismiss, ECF No. 198 . . . ." ECF No. 205. The Court further directed me to "address whether the Court should issue an Order to Show Cause why Mr. Flynn should not be held in criminal contempt for perjury pursuant to 18 U.S.C. § 401, Federal Rule of Criminal Procedure 42, the Court's inherent authority, and any other applicable statutes, rules, or controlling law." *Id.* On May 19, 2020, the Court granted my request to submit a brief on or before June 10, 2020 and a reply brief on or before June 24, 2020.

My reply brief has been completed and is ready to be filed. However, earlier today the D.C. Circuit granted Mr. Flynn's petition for a writ of mandamus in part, directing the Court to grant the Government's Rule 48(a) motion to dismiss and vacate its order appointing me as *amicus curiae*. Under the D.C. Circuit's rules, an "order or judgment granting or denying the relief sought will become effective automatically 21 days after issuance in the absence of an order or other special direction of this court to the contrary." D.C. Circuit Rule 41(a)(3). Because the D.C. Circuit can depart from this rule and give its order immediate effect by saying so

explicitly, *cf. In re de Henriquez*, No. 15-3054, 2015 WL 10692637, at *2 (D.C. Cir. Oct. 16, 2015) ("**FURTHER ORDERED** that this order become effective immediately."), but has not done so in this case, I believe this Court's orders appointing me and directing me to file my reply brief today remain in effect. The writ is not yet in effect, and it is conceivable that further proceedings in the circuit court may prevent it from taking effect.

On the other hand, I do not wish to show disrespect for the court of appeals by filing my reply brief in the face of a decision directing this Court to vacate the order appointing me as moot. Accordingly, I seek guidance from the Court in that regard. Specifically, in light of the decision issued this morning by the court of appeals, I request clarification as to whether my reply brief should be filed. In addition, I respectfully request an extension of time to file the reply brief until this Court has provided such clarification.

In the interest of filing this request as promptly as possible, I have not conferred with counsel for the Government or Mr. Flynn regarding this request.

Dated: New York, NY
June 24, 2020

                                      /s/John Gleeson
John Gleeson[1]
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000
jgleeson@debevoise.com

*Court-appointed* Amicus Curiae

---

[1] On May 18, 2020, the Court ordered that I be admitted *pro hac vice* to appear in this matter, be conferred full privileges to file and receive papers through the Court's CM/ECF system in this proceeding, and be excused from the local counsel requirement of Local Criminal Rule 44.1(c)(1).  *See* Minute Order of May 18, 2020.

3