UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL T. FLYNN,<br><br>                  Defendant | Crim. No. 17-232 (EGS) |

**Second Supplement in Support of Agreed Dismissal**

On May 7, 2020, the Government moved to dismiss the Information against General Flynn after shocking exculpatory evidence was revealed by U.S. Attorney Jeffrey Jensen's review of the Flynn file. ECF No. 198. General Flynn consented to that motion. ECF No. 199. Although this Court has terminated briefing and hearing deadlines, the case is still pending as this court has not yet entered the order dismissing the case on the Government's motion. As the court knows, the government has a continuing obligation to provide *Brady* material to the defense. *Banks v. Dretke*, 540 U.S. 668, 675-76 (2004); Min. Order (Feb. 16, 2018), *United State v. Flynn*, No. 17-232 (D.D.C.).

Mr. Jensen's review has unearthed additional exculpatory evidence. Accordingly, as dismissal has not yet been granted and General Flynn must establish and preserve the record, General Flynn provided his first supplement seasonably on June 24, 2020, ECF No. 231, and now files this Second Supplement.

On July 7, 2020, the Government produced to General Flynn 14-pages of additional evidence, demonstrating (i) his innocence; (ii) the absence of any crime;

1

(iii) government misconduct in the investigation of General Flynn; and (iv) prosecutorial misconduct in the suppression of evidence favorable to the defense in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and this Court's *Brady* order. These documents both corroborate information provided by others previously and provide new information known to at least ten people at the highest levels of the Department of Justice and the FBI. This evidence negates multiple essential elements required for the prosecution of a false statement offense.

These documents establish that on January 25, 2017—the day after the agents ambushed him at the White House—the agents and DOJ officials knew General Flynn's statements were not material to any investigation, that he was "open and forthcoming" with the agents, that he had no intent to deceive them, and that he believed he was fully truthful with them. In short, there was no crime for many reasons. These documents were known to exist at the highest levels of the Justice Department and by Special Counsel, yet they were hidden from the defense for three years.

Despite clear evidence of no crime, as the defense briefed previously, Sally Yates and Mary McCord made two trips to the White House to get General Flynn fired, and Andrew McCabe met with Vice President Pence to convince him that General Flynn had not been honest with him. Further, after that meeting, FBI Agents Strzok and Lisa Page further altered the FBI 302 report of the interview until it met with McCabe's approval and would facilitate a prosecution by the Special Counsel. ECF No. 235.

These documents provide even more compelling evidence requiring the court to grant General Flynn's Consent to and the Government's Motion to Dismiss. Notes of then Deputy Assistant Attorney General Tashina Gauhar, reveal a January 25, 2017, meeting of ten officials including FBI General Counsel James Baker, Bill Priestap, Agent Peter Strzok, and [redacted]; from the National Security Division of DOJ: Mary McCord, George ZT, and STU; from the Office of the Deputy AG: Tash, Scott [Schools], and [redacted]. The FBI reported that they had an investigation open on Flynn from the prior summer but "had not seen things to point to initial issue." They were "looking to close F" . . . "then recovered calls." For General Flynn's November and December calls, they even made "requests to foreign partners." "Info came back—legitimate." They claimed the "media leaks" regarding the calls being intercepted brought the "investigation in the open" and "changed the dynamic" so they decided to interview him immediately. Exhibit A.

They reported that they "asked to interview—with couple of agents to talk about [the] news." Flynn told Deputy Director McCabe that he knew the FBI had the calls. Flynn walked through the history of his relationship with Kislyak.

Ms. Gauhar's notes confirm that the agents had decided not to show him the cuts [transcripts] of the calls. Their sense was he was "being forthright." Contrary to the "Final 302" itself, the Ms. Gauhar's notes indicate they provided Flynn "no false statement or intro that he was under investigation." General Flynn described an exercise of calling thirty or more countries. "FBI → says checked + is consistent w/ tech cuts."

To the extent there were any differences between the transcripts the FBI held but did not share with General Flynn and his recollection that day, the Agents said they "believe[d] that F. believe[d] that what he said was true." This fact alone defeats the requisite intent for a crime.

The agents also reported that General Flynn did *not* remember the number of calls he made [from the Dominican Republic]. Remarkably, the "Final 302" wrongly states that General Flynn *did* remember making four-five calls. Finally, her notes document again that the agents believed he was "telling truth as he believed it." He knew they had the cuts, and he focus was on radical Islam.[1]

The production includes heavily redacted notes from Peter Strzok taken at the same January 25, 2017 meeting. Strzok's notes establish the DOJ nixed any Logan Act prosecution. George Tosca apparently wanted to know who thought it was "appropriate to tell the White House to stop making false statements"?

The Government's production also contained a heavily redacted excerpt from a *draft* January 30, 2017, internal memo. The Government previously disclosed to General Flynn that this memo existed, but the actual memo has never been produced and contains more information than Mr. Van Grack's meager summary. Among other points, the memo says that the FBI determined that based upon its interview of

---

[1] One of the many problems with the Special Counsel's allegations of any wrongdoing by General Flynn depends on conflating "US sanctions" with expulsions—which are distinct issues with different meanings and cannot be used interchangeably—especially for allegations of a felonious "false statement." *See* Margot Cleveland, *New Flynn Transcripts Confirm Mueller Team Lied to The Court And The Country*, THE FEDERALIST (June 1, 2020), https://thefederalist.com/2020/06/01/new-flynn-transcripts-confirm-mueller-team-lied-to-the-court-and-the-country/

General Flynn on January 24, 2017, it "did not believe General Flynn was acting as an agent of Russia." The FBI determined that General Flynn believed what he was telling the agents was the truth. "FBI advised that the purpose of the interview was to determine if Flynn was acting as an agent of Russia. FBI advised that Flynn was very open and forthcoming." The memo also reveals it was the FBI leadership made the decision "not to confront Flynn with the actual tech cuts." Also included in Exhibit A are one page of Dana Boente's meager and redacted notes of March 30, 2017, weeks after Flynn left the White House. They disclose that the government actors "Do not view [Flynn] as source of collusion."

These disclosures evince additional *Brady* violations and even more reasons requiring dismissal of the case against General Flynn. As with our first Supplement in Support of Agreed Dismissal, ECF No. 231, counsel conferred with the Government about this filing. The Government advised us that all necessary redactions were complete, and it had no objection to the documents being filed on the public docket. The Government's production of July 7, 2020, is attached hereto as Exhibit A.

Dated: July 10, 2020

Respectfully Submitted,

/s/ Jesse R. Binnall
Jesse R. Binnall
Lindsay R. McKasson
Abigail Frye
Harvey & Binnall, PLLC
717 King Street, Suite 300
Alexandria, VA 22314
Tel: (703) 888-1943
Fax: (703) 888-1930

/s/ Sidney Powell
Sidney Powell
Molly McCann
Sidney Powell, P.C.
2911 Turtle Creek Blvd.,
Suite 300
Dallas, Texas 75219
Tel: 214-707-1775
sidney@federalappeals.com

5

jbinnall@harveybinnall.com
lmckasson@harveybinnall.com
Admitted *Pro Hac Vice*
afrye@harveybinnall.com
Admitted *Pro Hac Vice*

Admitted *Pro Hac Vice*
molly@federalappeals.com
Admitted *Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2020 I electronically filed the foregoing Supplement with the Clerk of Court using the CM/ECF system. I further certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the court's CM/ECF system.

Respectfully submitted,

/*s*/  Jesse R. Binnall
Jesse R. Binnall, VSB# 79272
HARVEY & BINNALL, PLLC
717 King Street, Suite 300
Alexandria, VA 22314
Tel: (703) 888-1943
Fax: (703) 888-1930
jbinnall@harveybinnall.com