UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**MICHAEL T. FLYNN,**<br><br>**Defendant** | **Crim. No. 17-232 (EGS)** |

**JOINT STATUS REPORT AND MOTION TO EXPEDITE
BY THE UNITED STATES AND GENERAL MICHAEL T. FLYNN**

The United States of America and General Michael T. Flynn respectfully file this joint brief in response to this Court's minute order. On August 31, the D.C. Circuit, sitting en banc, denied General Flynn's petition for a writ of mandamus. *See In re Flynn*, No. 20-5143, slip op. On September 1, this Court issued a minute order directing the parties "to file a joint status report with a recommendation for further proceedings by no later than September 21, 2020" proposing "a briefing schedule regarding the deadlines for (1) the government and Mr. Flynn to file any sur-reply briefs; and (2) the government, Mr. Flynn, and the Court-appointed amicus curiae to file a consolidated response to any amicus brief of non-Court-appointed-amicus curiae." It is not necessary, however, for this Court to wait until September 21 to proceed with this case. The Court instead may, and should, set a schedule to resolve this case as soon as possible.

This Court's minute order observes that, under D.C. Circuit Rule 41(a)(3), the order denying mandamus relief "will become effective automatically 21 days after issuance"—here, on September 21. This Court, however, need not await the effectiveness of the denial of mandamus to proceed with this case. The pendency of mandamus proceedings in the court of appeals does not, on its own, deprive the district court of its continuing jurisdiction over a case or operate as a stay of proceedings in the district court. Indeed, in this very case, the Court allowed briefing on the government's motion to dismiss to continue while General Flynn's petition for mandamus was pending before the court of appeals panel. See ECF Nos. 211-234. Accordingly, the Court need not wait for the issuance of the court of appeals' mandate or for the formal termination of appellate court proceedings before deciding the government's motion to dismiss.

In addition, the D.C. Circuit's decision indicates that proceeding now is appropriate. In its opinion denying the petition for a writ of mandamus, the D.C. Circuit stated: "As the underlying criminal case resumes in the District Court, we trust and expect the District Court to proceed with

appropriate dispatch." Slip Op. 17-18.  The United States and General Flynn agree that this Court should resolve the pending motion to dismiss with dispatch.  It is not necessary to delay further proceedings until September 21, and any delay would harm both the government, which must expend resources on a case that it has determined should be dismissed, and General Flynn, who faces impairments on his liberty and the cloud of a pending prosecution that the Executive Branch seeks to end.

The United States and General Flynn therefore respectfully request that this Court bring briefing on the motion to dismiss to a close now.  The parties have consulted with the Court-appointed amicus curiae, who concurs in the following schedule.  First, the Court-appointed amicus curiae shall file his reply brief on September 11, 2020.  Second, because the relevant legal issues have been fully aired in this Court and the court of appeals, the United States and General Flynn shall forgo filing "sur-reply briefs" or "consolidated response[s] to any amicus brief of non-Court-appointed amicus curiae."  Third, in light of the parties' decision to forgo separate responses to non-Court-appointed amicus curiae, the Court-appointed amicus curiae is willing to forgo a separate response to non-Court-appointed amicus curiae, should the Court deem that appropriate.  Accordingly, this Court should order that the Court-appointed amicus curiae shall file his reply brief on September 11, 2020, and that that filing completes the briefing on the government's motion to dismiss.

Finally, the United States, General Flynn, and Court-appointed amicus curiae have consulted about the date for a potential hearing, if any, that this Court may hold on the motion to dismiss.  The parties and the amicus are all available for a hearing on September 23, 24, 28, or 29.[*]

---

[*] Nothing in this filing should be construed to waive any prior objections that either party has made to further proceedings on the Rule 48 motion, including appointment of amicus or recusal.

2

## CONCLUSION

For these reasons, the Court should close the briefing after ordering the Court-appointed amicus curiae to file his reply brief on September 11, 2020, and should set any hearing to resolve the government's motion to dismiss at the earliest possible date of September 23, 24, 28, or 29.

Respectfully submitted,

By:     *Sidney Powell*
Sidney Powell
Molly McCann
SIDNEY POWELL, P.C.
2911 Turtle Creek Blvd. Suite 300
Dallas, Texas 75219
(214) 707-1775

*Counsel for General Michael T. Flynn*

MICHAEL R. SHERWIN
Acting United States Attorney
N.Y. Bar No. 4444188

KENNETH C. KOHL
Acting Principal Assistant United States Attorney
D.C. Bar No. 476236

By:     *Jocelyn Ballantine*
Jocelyn Ballantine
Assistant United States Attorney
C.A. Bar No. 208267
555 4th Street, NW, Room 11-858
Washington, D.C. 20530
(202) 252-7252

*Counsel for the United States*

Dated:  September 4, 2020