No. 20-5143

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

―――――――――

IN RE: MICHAEL T. FLYNN, PETITIONER

―――――――――

On Petition for A Writ of Mandamus
To the United States District Court for the District of Columbia

―――――――――

MICHAEL T. FLYNN'S OPPOSITION TO REHEARING EN BANC

―――――――――

HARVEY & BINNALL, PLLC
Jesse R. Binnall
Lindsay McKasson
Abigail Frye
717 King Street
Suite 200
Alexandria, Virginia 22314
Telephone: (703) 888-1943
jbinnall@harveybinnall.com

SIDNEY POWELL, P.C.
Sidney Powell
    *Counsel of Record*
Molly McCann
2911 Turtle Creek Blvd.,
Suite 300
Dallas, Texas 75219
Telephone: (214) 707-1775
sidney@federalappeals.com

**ATTORNEYS FOR PETITIONER MICHAEL T. FLYNN**

# TABLE OF CONTENTS

I.   The Petition for Rehearing (PFR) is Rife with Errors and
     Misrepresentations. .................................................................. 3

  A. The PFR Elides The Government's Massive Motion to Dismiss
     That Alone Mandates Dismissal. ........................................... 3

  B. The PFR's Assertion General Flynn Did Not Challenge
     These Actions is False (PFR 3). ............................................ 4

  C. Judge Sullivan Denied Flynn's Motions Twice. ............................ 5

  D. Judge Sullivan's Petition Misstates The Date Flynn
     Petitioned for Mandamus (PFR 3). ........................................ 6

  E. Judge Sullivan Set the Extended Briefing Schedule and Oral
     Argument After General Flynn Filed for Mandamus. ................... 6

  F. No Judgment of Conviction Was Ever Entered
     Against General Flynn (PFR 14-15). ....................................... 6

II.  Judge Sullivan Has No Standing to Litigate. .................................. 8

III. Dismissal is Required by All Precedent
     in Rule 48(a) Cases .............................................................. 11

IV.  The Panel Properly Issued the Writ to Confine the District Court
     Within its Authority and to Order Dismissal. ............................. 14

V.   Rehearing En Banc Must Be Denied for Lack of Case
     or Controversy. .................................................................. 17

VI.  Conclusion ......................................................................... 19

     Addendum

        Time Stamped Docket Entries

# TABLE OF AUTHORITIES

## Cases

*Am. Civil Liberties Union of Kentucky v. McCreary Cty.*,
  354 F.3d 438 (6th Cir. 2003) ................................................................ 15

*Arizonans for Official English v. Arizona*,
  520 U.S. 43 (1997) .............................................................................. 18

*Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379 (1953) ..................... 17

*Brown v. Baden*, 815 F.2d 575 (9th Cir. 1987) ....................................... 10

*Elrod v. Burns,* 427 U.S. 347 (1976) ....................................................... 15

*Ex parte Peru*, 318 U.S. 578 (1943). ........................................................ 2

*Greenlaw v. United States,* 554 U.S. 237 (2008) .................................... 15

*In re al-Nashiri*, 921 F.3d 224 (D.C. Cir. 2019) ...................................... 7

*In re Cheney*, 406 F.3d 723 (D.C. Cir. 2005) .......................................... 15

*In re Richards*, 213 F.3d 773 (3d Cir. 2000) .......................................... 12

*In re Sealed Case No. 98-3077*
  151 F.3d 1059 (D.C. Cir. 1998) .............................................................. 2

\**In re United States*, 345 F.3d 450 (7th Cir. 2003) ........................... 8, 14

\**Ligon v. City of New York*,
  736 F.3d 166 (2d Cir. 2013) ......................................................... 8, 9, 10

*Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992) ........................................ 8

*Moore v. Charlotte-Mecklenburg Bd. Of Educ.*,
  402 U.S. 47 (1971) .............................................................................. 17

_____

\* Authorities upon which we chiefly rely are marked with asterisks.

*Raines v. Byrd,* 521 U.S. 811 (1997) ...................................................... 11

*\*Rinaldi v. United States,* 434 U.S. 22 (1977) .............................. 7, 13, 14

*Roche v. Evaporated Milk Ass'n*, 319 U.S. 21 (1943)........................... 1, 16

*Schlagenhauf v. Holder*, 379 U.S. 104 (1964)........................................ 2

*Seila Law LLC v. Consumer Fin. Prot. Bureau*, No. 19-7, 2020 WL
    3492641 (U.S. June 29, 2020) (revised July 8, 2020) ................... 15, 16

*Thompson v. United States*, 444 U.S. 248 (1980) .................................... 7

*\*United States v. Ammidown*, 497 F.2d 615 (D.C. Cir. 1973) .. 1, 3, 13, 17

*\*United States v. Fokker Servs. B.V.*,
    818 F.3d 733 (D.C. Cir. 2016).............................. 1, 3, 11, 12, 14, 15, 16

*United States v. HSBC Bank USA, N.A.*,
    863 F.3d 125 (2d Cir. 2017)..................................................................... 2

*United States v. Juvenile Male*,
    564 U.S. 932 (2011) ................................................................................ 18

*United States v. Nixon*, 418 U.S. 683 (1974)..................................... 11, 15

*United States v. Pitts*, 331 F.R.D. 199 (D.D.C. 2019) ........................... 13

*\*United States v. Sineneng- Smith*, 140 S. Ct. 1575 (2020) .................. 17

*United States v. Smith*, 55 F.3d 157 (4th Cir. 1995) ............................. 17

## Statutes

28 U.S.C. § 455 ......................................................................................... 9

## Rules

Fed. R. App. P. 21(b)................................................................................ 10

Fed. R. App. P. 35(a)(1) .......................................................................... 1

No federal circuit has countenanced rehearing of a mandamus on petition by a district judge.  Judge Sullivan has no cognizable interest in the case.  Rehearing should be denied because the panel properly applied the longstanding use of mandamus to which General Flynn is clearly entitled "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so."  *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943).  Here, it is both.

Rehearing is not warranted under Fed. R. App. P. 35(a)(1) because there is no conflict with any decision.  The opinion is not only consistent with—but *required* by—*United States v. Fokker Servs. B.V.*, 818 F.3d 733 (D.C. Cir. 2016), and *United States v. Ammidown*, 497 F.2d 615 (D.C. Cir. 1973).  *Ammidown* recognizes the responsibility of the Executive Branch to determine "the public interest" to justify dismissal.  *Id.* at 620.  Only the prosecutor is "in a position to evaluate the government's prosecution resources and the number of cases it is able to prosecute."  *Id.* at 621.  Dismissal is required upon the Government's statement of reasons.  As the Second Circuit wrote when reversing then Judge Gleeson for self-aggrandizing his role in reviewing a deferred prosecution agreement, to

1

do otherwise would turn "the presumption [of regularity] on its head." *United States v. HSBC Bank USA, N.A.*, 863 F.3d 125, 136 (2d Cir. 2017).

The district court exceeded its constitutional authority by appointing amicus to work against General Flynn after the parties agreed to dismissal. The Constitution and *all* precedent applying or analyzing Fed. R. Crim. P. 48(a) mandate dismissal on the robust substantive motion of the government—*every case*. Even *if* this were an issue of first impression, this Court has held that "mandamus is appropriate" where there is "a substantial allegation of usurpation of power." *In re Sealed Case No. 98-3077*, 151 F.3d 1059, 1067 (D.C. Cir. 1998) (citing *Schlagenhauf v. Holder*, 379 U.S. 104, 111 (1964)); *see Ex parte Peru*, 318 U.S. 578, 587 (1943) ("delay and inconvenience of a prolonged litigation [must] be avoided by prompt termination of the proceedings in the district court"). The district court's delay here has extended this litigation and impaired General Flynn's freedom for an additional ten weeks so far.

## I.      The Petition for Rehearing (PFR) is Rife with Errors and Misrepresentations.

### A.  The PFR Elides the Government's Massive Motion to Dismiss That Alone Mandates Dismissal.

On May 7, 2020, the Government moved to dismiss the Information against General Flynn in a significant filing—twenty pages of briefing and eighty pages of new exculpatory documents.  ECF No. 198.  These documents and more provide substantial support for the Government's determination that there was no crime.  General Flynn was "forthcoming with the agents," and the FBI had ordered the investigation of him closed because even surveillance over multiple months produced no derogatory information.  *Id.*  More stunning text messages from Agent Peter Strzok and agents' notes demonstrated the directors of the FBI and others sought to set Flynn up, "prosecute" him, or "get him fired."  *Id*. at Ex. 7, Ex. 9.  The motion recited General Flynn's agreement, and he separately filed notice of consent.  ECF Nos. 198, 199, 202.  Dismissal was required then under this Court's rulings in *Ammidown* and *Fokker Servs*.

**B. The PFR's Assertion General Flynn Did Not Challenge These Actions is False (PFR 3).**

Both the dissent and the PFR rely on the misconception that the district judge had no opportunity to consider these issues below. That is wrong.

On May 11, 2020, at 4:58 p.m., the Robbins Russell firm emailed Judge Sullivan directly, the clerk of the district court, and lead counsel for General Flynn—attaching documents noticing intent to oppose dismissal on behalf of amici "former Watergate Prosecutors." Pet. App. 64-73. General Flynn promptly opposed *any* amicus, urged granting the Government's motion, and served the government at 2:58 p.m. on May 12, 2020. ECF No. 201 (sealed).

The district judge entered a minute order a few hours later at 5:57 p.m., stating: because of "the current posture of this case, the Court anticipates that individuals and organizations will seek leave of the Court to file amicus curiae briefs." Pet. App. 74-75. The court's order recognized no rule allowed it, recited the standard (which would foreclose amicus here), and said it would enter a scheduling order "at the appropriate time." *Id.*

General Flynn revised his opposition and filed it publicly two hours later: 7:59 p.m., May 12, 2020.   ECF No. 204.   The defense wrote: "A criminal case is a dispute between the United States and a criminal defendant.   There is no place for third parties to meddle in the dispute, and certainly not to usurp the role of the government's counsel.   For the Court to allow another to stand in the place of the government would be a violation of the separation of powers."   *Id.* at 2.   The defense again urged the court to grant the Government's Motion to Dismiss.   ECF No. 204.

### C.  Judge Sullivan Denied Flynn's Motions Twice.

The next morning, May 13 at 9:42 a.m., Judge Sullivan denied General Flynn's *two* oppositions to amicus and requests to grant dismissal as "moot."   Addendum at 2a.

At 6:36 p.m., the district court appointed Mr. Gleeson to "present arguments in opposition to the government's Motion to Dismiss" and advise "whether the Court should issue an Order to Show Cause why Mr. Flynn should not be held in criminal contempt for perjury."   ECF No. 205; Pet. App. 76-78.

## D.  Judge Sullivan's Petition Misstates The Date Flynn Petitioned for Mandamus (PFR 3).

Six days later, on May 19—*after* Judge Sullivan denied *both* defense motions *and* appointed an adversarial amicus to usurp the core role of the Executive and increase Flynn's exposure, General Flynn filed for mandamus.  Brief for Petitioner, *In re Michael T. Flynn*, No. 20-5143 (D.C. Cir.  May 19, 2020).  It was *not* May 21.  Addendum at 3a.

## E.  Judge Sullivan Set the Extended Briefing Schedule and Oral Argument After General Flynn Filed for Mandamus.

May 19, at 4:36 p.m.—*after* the Clerk of this Court docketed the petition for mandamus—Judge Sullivan set an extended briefing schedule and hearing date.  Addendum at 3a.

## F.  No Judgment of Conviction Was Ever Entered Against General Flynn (PFR 14-15).

The PFR relies heavily on the novel notion that Judge Sullivan has more authority to scrutinize the decision of the Executive Branch to dismiss this case because General Flynn had "two separate 'judgment[s] of conviction.'"  PFR 14.  This is wrong on every level.

1.  A guilty plea is not a conviction.  There is no "conviction" until a defendant is sentenced, and an appealable judgment is entered.  *See* Brief of *Amicus Curiae* Fed. Practitioners in Support of Petitioner Michael T.

Flynn and Respondent the United States at 12-15, *In re Michael T. Flynn*, No. 20-5143 (D.C. Cir. 2020).

2. The "plea proceeding" conducted by Judge Contreras is void. Judge Contreras was recused almost immediately for reasons long known to the Government but not to Flynn. "If a judge 'should have been recused from the . . . proceedings, then any work produced' by that judge 'must also be 'recused'—that is, suppressed.'" *In re al-Nashiri*, 921 F.3d 224, 238 (D.C. Cir. 2019).

3. Nor was Judge Contreras's invalid Rule 11 colloquy cured by Judge Sullivan's "extended" colloquy. Not only did Judge Sullivan fail to ask core questions, he ended his proceeding stating he had "many, many, many questions" about the factual basis for the plea. Pet. App. 51. General Flynn's guilty plea is thus invalid, and he moved to withdraw it for that and many additional reasons—which Judge Sullivan also ignores. ECF Nos. 151, 154, 160.

4. The Government has the right to dismiss at any time—even after sentencing (*Rinaldi v. United States,* 434 U.S. 22 (1977))—or after certiorari is granted. *Thompson v. United States*, 444 U.S. 248 (1980); ECF No. 228 at 12-15. Dismissal is mandated at any stage the

7

Government files it.  *In re United States*, 345 F.3d 450 (7th Cir. 2003);
ECF No. 228 at 12-15.

This Court should deny rehearing en banc for multiple reasons: (i)
Judge Sullivan has no standing to litigate; (ii) the panel decision is
correct and consistent with all precedent; and, (iii) there is no case and
controversy.

## II.   Judge Sullivan Has No Standing to Litigate.

No rule or precedent authorizes a district judge to seek rehearing
of a mandamus order.  A district court ordered to respond to a petition
for a writ of mandamus is not thereby endowed with the rights of a party.
The resulting mandamus from this Court to Judge Sullivan—just like
any appellate order to a district court—does not give the judge standing
to litigate issues "as a party, intervenor, or amicus." *Ligon v. City of New
York*, 736 F.3d 166, 170 (2d Cir. 2013).  The "irreducible constitutional
minimum of standing contains three elements," the first of which is an
"injury in fact" that is "concrete and particularized" and "actual [and]
imminent." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).  Judge
Sullivan, the supposed umpire, does not make it to first base.  He has no
injury.

The Second Circuit's rejection of Judge Scheindlin's novel effort to get into the game by seeking reconsideration of its order reassigning one of her cases applies with equal force here:

> We know of no precedent suggesting that a district judge has standing before an appellate court to protest reassignment of a case. . . . [R]eassignment is not a legal injury to the district judge. Rather, reassignment allows the courts to ensure that cases are decided by judges without even an *appearance* of partiality.  A district judge has no legal interest in a case or its outcome, and, consequently, suffers no legal injury by reassignment.

*Ligon*, 736 F.3d at 170-171.  Or, in lay terms, umpires don't get to swing bats or run bases; they suffer no harm when one team wins and the other loses.  Likewise, this Court's order to grant dismissal was not an injury to Judge Sullivan who—if he does have a personal stake in the outcome of the case—would be disqualified and required to remove himself immediately.  28 U.S.C. § 455.

*Ligon* recognized an appellate court may allow a lower court to appear through counsel and respond to a petition for mandamus but held that this did not give Judge Scheindlin the status of a litigant.  This Court already afforded Judge Sullivan that opportunity, and it is only because

of this Court's order that he could respond.[1]   The order conferred no additional rights or interests upon Judge Sullivan.  The umpire is not an active litigant.

It is Judge Sullivan who is disrupting the "orderly administration of justice."  PFR 1.  Not only does the law require him to have granted the Government's substantial motion with no fuss, but he should have also granted General Flynn's two motions opposing amicus.  ECF. No. 201, 204.  He had six more days to reconsider before General Flynn petitioned for mandamus.  Judge Sullivan also should have ordered dismissal promptly upon receipt of this Court's opinion. Instead, he waited another fifteen days to file an improper petition for rehearing.  As *Ligon* quoted from the Ninth Circuit:  "In the scheme of the federal judicial system, the district court is required to follow and implement our decisions just as we are oath- and duty-bound to follow the decisions and mandates of the United States Supreme Court."  *Ligon*, 736 F.3d at 171 n.12 (quoting *Brown v. Baden*, 815 F.2d 575, 576 (9th Cir. 1987)).

---

[1] The D.C. Circuit Rules of Appellate Procedure bar any suggestion that a judge in a mandamus proceeding becomes a party.  Fed. R. App. P. 21(b).

To allow Judge Sullivan to delay and generate litigation against a criminal defendant is unconstitutional.[2]  This action itself diminishes the status of the federal judiciary as an independent bulwark for the rule of law.   Because the "Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case," this Court's mandamus must issue *instanter*.  *United States v. Nixon*, 418 U.S. 683, 693 (1974); *Fokker Servs.*, 818 F.3d at 741.

## III.   Dismissal is Required by All Precedent in Rule 48(a) Cases.

The panel opinion did not make new law.  *Every* reported decision applying Rule 48(a) requires the court to grant the Government's substantial motion to dismiss.  ECF No. 198.  A "hearing" is warranted only in the rare case where the Government provided nothing more than a bald allegation of "public interest."  No "development of the record" of any kind is necessary or proper when the Government's Motion to Dismiss is not only fully briefed but is also heavily documented with

---

[2]   To the extent the district court is trying to expand the power of the Article III judiciary to probe the prosecutorial decision-making of the Executive Branch through a Rule 48(a) motion, the Supreme Court's standing doctrine squarely forecloses it. *Raines v. Byrd,* 521 U.S. 811, 819-21 (1997) (denying standing to Congressmen even as parties to assert the diminution of legislative power and imposing an "especially rigorous" standing inquiry in assessing a constitutional power challenge between two branches).

eighty pages of exculpatory evidence—all of which the district court ignores—along with all Flynn's motions.  ECF Nos. 198, 151, 153, 106-2.

Judge Sullivan's stubborn disagreement with the Government's decision to dismiss the case does not confer the right to contest it himself or through his amicus.  His actions smack of vindictive animus against General Flynn and judicial overreach that have no place in America's justice system.  No precedent even suggests a "hearing" on a substantial government motion to dismiss.[3]  Not one.

In *Fokker Servs.*, 818 F.3d at 749-50, this Court soundly rejected Judge Sullivan's assertion that mandamus cannot issue—even *if* it were a case of first impression:

> [W]e have never required the existence of a prior opinion addressing the precise factual circumstances or statutory provision at issue in order to find clear error justifying mandamus relief. Indeed, the reason there is no appellate opinion interpreting a district court's authority under § 3161(h)(2) is that, before the decision under review, no district court had denied a motion to exclude time based on a mere disagreement with the prosecution's charging decisions. In fact, as far as we can tell, no district court had denied a motion to exclude time under § 3161(h)(2) for *any* reason.

---

[3] The dissent's only Rule 48(a) case "requiring a hearing" arose from a prosecutor's attempt to dismiss a sexual misconduct charge in a territorial court of the Virgin Islands twenty years ago.  *In re Richards*, 213 F.3d 773 (3d Cir. 2000).  Even there, a hearing was warranted only because the prosecutor made a mere allegation that dismissal was in the "public interest."  *Id.* at 789.

Conversely, numerous decisions of the Supreme Court and this court made clear that courts generally lack authority to second-guess the prosecution's constitutionally rooted exercise of charging discretion.

The PFR misrepresents *Rinaldi* in arguing that this Court's mandamus "created a conflict with a decision of the United States Supreme Court." PFR at 6. *Rinaldi* stands for the principle that the "leave of court" provision in Rule 48(a) is to protect the defendant from harassment by the Government—to  ensure dismissal was *with prejudice*.[4] *Id.* at 29 n.15; 31. *Rinaldi* does not hold that a hearing is required; indeed, *Rinaldi* does not discuss the issue.

Even *if* one could argue that, by its silence, the Supreme Court approved of a hearing in *Rinaldi*,[5] the type of inquiry that the panel curtailed here was far more searching and intrusive than a "review of the

---

[4] Judge Sullivan himself has held that dismissal must be *with prejudice* to protect the defendant, and he added *with prejudice* to the government's dismissal order. *United States v. Pitts*, 331 F.R.D. 199, 206 (D.D.C. 2019) (citing *Ammidown*, 497 F.2d at 620).

[5] The Court often refuses to address any issue but the one squarely before it, as the *Rinaldi* Court pointed out itself : "[I]t is unnecessary to decide whether the court has discretion under these circumstances, since, even assuming it does, the result in this case remains the same." *Rinaldi,* 434 U.S. at n. 15; *accord In re Michael T. Flynn, Petitioner*, No. 20-5143, 2020 WL 3895735 at *6 (D.C. Cir. July 10, 2020) ("Whatever the precise scope of Rule 48's 'leave of court' requirement, this is plainly not the rare case where further judicial inquiry is warranted.").

13

record"—which Judge Sullivan had ample opportunity to perform. Instead, he exceeded his constitutional authority and appointed a hostile amicus to litigate and create a record of his choosing adversarial to the Government and General Flynn—in the absence of a case and controversy. Thus, *even if Rinaldi* could be read to approve or require a hearing, *Rinaldi* would not conflict with the panel's reasoned decision on this substantial record that requires dismissal.

## IV. The Panel Properly Issued the Writ to Confine the District Court Within its Authority and to Order Dismissal.

General Flynn's right to the writ is clear and indisputable. *Rinaldi*, 434 U.S. at 31-32; *Fokker Servs.*, 818 F.3d at 749. The district court had no authority to appoint amicus, consider additional perjury charges, conduct a hearing to inquire behind a substantial motion to dismiss, or to deny the motion on this record. He has no discretion to deny the Government's motion to dismiss on this record; it must be granted as a matter of law. *Fokker Servs.*, 818 F.3d at 749; *In re United States*, 345 F.3d at 452-54.

The government does not have a monopoly on irreparable harm from a district court's infringement of Executive authority. An Article III judge acting outside his constitutional bounds violates a defendant's

14

right to Due Process. *Id.* (deciding the right to writ first). When a constitutional right is "threatened or impaired, a finding of irreparable injury is mandated." *Am. Civil Liberties Union of Kentucky v. McCreary Cty.*, 354 F.3d 438, 445 (6th Cir. 2003) (interpreting *Elrod v. Burns,* 427 U.S. 347, 373 (1976)). General Flynn has a constitutional right to be prosecuted by the Executive Branch—if at all—and certainly not by the Judicial one. *See In re Cheney*, 406 F.3d 723, 731 (D.C. Cir. 2005) (en banc).

General Flynn also has a right not to hemorrhage time and money in a proceeding that is moot because the previously adverse parties are now aligned—or to receive orders from a judge no longer presiding over a live controversy. *See Greenlaw v. United States,* 554 U.S. 237, 246 (2008) (quoting *United States v. Nixon,* 418 U.S. 683, 693 (1974)); *see also Seila Law LLC v. Consumer Fin. Prot. Bureau*, No. 19-7, 2020 WL 3492641, at *15 (U.S. June 29, 2020) (revised July 8, 2020) (affirming "take care" clause solely within authority of the Executive accountable to the people). General Flynn's personal freedom is at stake. He cannot travel freely, obtain employment, or enjoy a normal life until this case is dismissed. His very liberty is wrongly impaired until the dismissal is

granted. Forcing General Flynn to continue undergoing such an *ultra vires* prosecution in violation of Articles II and III causes him irreparable harm, and the gravity of the district court's usurpation of power demands a prompt dismissal. *Fokker Servs.*, 818 F.3d at 750; *Roche*, 319 U.S. at 26.[6]

Judge Sullivan's extraordinary actions arise solely from his disagreement with the Government's decision to dismiss the case against General Flynn. Not only did he wrongfully tar General Flynn with a baseless assertion of treason, but he has been vocal that General Flynn should be punished severely. Pet. App. 77; ECF No. 205 (suggesting additional perjury charges). Disagreement over a charging decision provides no basis to deny the government's motion. *Fokker Servs.*, 818 F.3d at 742-43.

As this Court wrote in *Fokker Servs.*, replete with analysis of Rule 48(a): "[N]umerous decisions of the Supreme Court and this court made

---

[6] The PFR broadly cites the Supreme Court's recent decision in *Seila Law LLC v. CFPB*, No. 19-7 , 2020 WL 3492641 (U.S. June 29, 2020) (revised July 8, 2020) as if it contradicts the panel decision. PFR 2, 13. *Seila Law* reaffirmed the powers of the Article II Executive Branch and merely eschewed any *expansion* of those limits. Indeed, the majority held that "[under] our Constitution, the 'executive Power'—all of it—is 'vested in a President,' who must 'take Care that the Laws be faithfully executed.'" Slip op. at 1-2 (citing Art. II § 1, cl. 1).

clear that courts generally lack authority to second-guess the prosecution's constitutionally rooted exercise of charging discretion. *See, e.g., Wayte*, 470 U.S. at 607-08; *Microsoft*, 56 F.3d at 1460-63; *Ammidown*, 497 F.2d at 621-22. Mandamus serves as a check on that kind of "usurpation of judicial power." *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953)." 818 F.3d at 749-50.

## V.   Rehearing En Banc Must Be Denied for Lack of Case or Controversy.

"[T]here is . . . no case or controversy within the meaning of Art. III of the Constitution," when "both litigants desire precisely the same result." *Moore v. Charlotte-Mecklenburg Bd. Of Educ.*, 402 U.S. 47, 48 (1971). Judge Sullivan cannot create a controversy or redefine the issues in defiance of the parties or the Supreme Court's decision in *United States v. Sineneng-Smith*, 140 S. Ct. 1575 (2020). Courts, "do not, or should not, sally forth each day looking for wrongs to right. [They] wait for cases to come to [them], and when [cases arise, courts] normally decide only questions presented by the parties." *Id.* at 1579 (citation omitted). *See United States v. Smith*, 55 F.3d 157, 160 (4th Cir. 1995) ("A substantial, reasonable doubt about the guilt of a defendant that arose after

conviction is evidence of good faith. . . it is the duty of the United States Attorney 'not simply to prosecute but to do justice.'") (citations omitted).

These Article III requirements apply to criminal cases no less than to civil cases. *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011). Thus, if the Government and defendant agree that the case should be dismissed, there remains no dispute between the parties, there is no need for the court to impose judgment against the defendant, and there is no basis for the further exercise of the court's judicial power. "It is a basic principle of Article III that a justiciable case or controversy must remain "extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (internal quotation marks omitted).

"[T]hroughout the litigation," the party seeking relief "'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.' (citations omitted)." *Juvenile Male*, 564 U.S. at 936. The umpire cannot force the teams to play extra innings after the game is over. He, the players, and the spectators need to go home and turn off the floodlights.

## VI.   Conclusion

The district court has hijacked and extended a criminal prosecution for almost three months for its own purposes.  For these reasons and those in Flynn's Petition and Reply, and the arguments and briefs of the Government, this Court should deny rehearing and issue mandamus to dismiss *with prejudice instanter*.

Dated: July 20, 2020                         Respectfully submitted,

/s/ Jesse R. Binnall                         /s/ Sidney Powell
_____                              _____

Jesse R. Binnall                             Sidney Powell
Lindsay McKasson                               *Counsel of Record*
Abigail Frye                                 Molly McCann
HARVEY & BINNALL, PLLC                       SIDNEY POWELL, P.C.
717 King Street                              2911 Turtle Creek Blvd.,
Suite 200                                    Suite 300
Alexandria, Virginia 22314                   Dallas, Texas 75219
Telephone: (703) 888-1943                    Telephone: (214) 707-1775

## CERTIFICATION OF COMPLIANCE WITH
## TYPE-VOLUME LIMIT

This brief complies with the type-volume limit of this Court's July 10, 2020 Order because it contains 3,897 words.  This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Microsoft Word in Century Schoolbook 14-point font, a proportionally spaced typeface.

/s/ Sidney Powell
SIDNEY POWELL

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2020, I electronically filed the foregoing brief with the Clerk of Court by using the appellate CM/ECF system. I further certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Sidney Powell_____
SIDNEY POWELL

# ADDENDUM

Time Stamped Docket Entries.........................................................................1a

Notice of Electronic Filing from the U.S. District Court for the District of Columbia for Judge Sullivan's May 12, 2020 Minute Order Regarding Participation of Amici

**Notice of Electronic Filing**

The following transaction was entered on 5/12/2020 at 5:57 PM and filed on 5/12/2020

**Case Name:**      USA v. FLYNN

**Case Number:**   1:17-cr-00232-EGS

**Filer:**

**Document Number:** No document attached

Docket Text:

MINUTE ORDER as to MICHAEL T. FLYNN. Given the current posture of this case, the Court anticipates that individuals and organizations will seek leave of the Court to file amicus curiae briefs pursuant to Local Civil Rule 7(o). There is no analogous rule in the Local Criminal Rules, but "[the Local Civil] Rules govern all proceedings in the United States District Court for the District of Columbia." LCvR 1.1. "An amicus curiae, defined as friend of the court,... does not represent the parties but participates only for the benefit of the Court." *United States v. Microsoft Corp.*, No. 98-cv-1232(CKK), 2002 WL 319366, at *2 (D.D.C. Feb. 28, 2002) (internal quotation marks omitted). Thus, "[i]t is solely within the court's discretion to determine the fact, extent, and manner of the participation." *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008) (citation and internal quotation marks omitted). "'An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. Otherwise, leave to file an amicus curiae brief should be denied.'" *Id.* at 137 (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997)); *see also* LCvR 7(o). Although there is no corollary in the Local Criminal Rules to Local Civil Rule 7(o), a person or entity may seek leave of the Court to file an amicus curiae brief in a criminal case. *See* Min. Order, *United States v. Simmons*, No. 18-cr-344 (EGS) (D.D.C. May 5, 2020); *cf. United States v. Fokker Servs. B.V.*, 818 F.3d 733, 740 (D.C. Cir. 2016) (appointing amicus curiae in a criminal case). As Judge Amy Berman Jackson has observed, "while there may be individuals with an interest in this matter, a criminal proceeding is not a free for all." Min. Order, *United States v. Stone*, No. 19-cr-18 (ABJ) (D.D.C. Feb. 28, 2019). Accordingly, at the appropriate time, the Court will enter a Scheduling Order governing the submission of any amicus curiae briefs. Signed by Judge Emmet G. Sullivan on 5/12/2020. (lcegs3)

Notice of Electronic Filing from the U.S. District Court for the District of Columbia for General Flynn's May 12, 2020 Unsealed Motion Opposing Amicus Participation

**Notice of Electronic Filing**

The following transaction was entered by Binnall, Jesse on 5/12/2020 at 7:59 PM and filed on 5/12/2020

**Case Name:**      USA v. FLYNN

**Case Number:**   1:17-cr-00232-EGS

**Filer:**      Dft No. 1 - MICHAEL T. FLYNN

**Document Number:** 204

Docket Text:

MOTION to Strike *and Opposition to Notice of Intent to File Motion for Leave to File Amicus Brief* by MICHAEL T. FLYNN. (Attachments: # (1) Exhibit A, # (2) Text of Proposed Order)(Binnall, Jesse)

Notice of Electronic Filing from the U.S. District Court for the District of Columbia for Judge Sullivan's May 13, 2020 Minute Order Denying General Flynn's Motions Opposing Amicus Participation

**Notice of Electronic Filing**

The following transaction was entered on 5/13/2020 at 9:42 AM and filed on 5/13/2020

**Case Name:**      USA v. FLYNN
**Case Number:**   1:17-cr-00232-EGS
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**MINUTE ORDER as to MICHAEL T. FLYNN denying [201] Defendant's Sealed Motion for Leave to File Document Under Seal; construing [203] Defendant's Sealed Document as a motion and denying as moot the relief requested; denying as moot [204] Defendant's Motion to Strike and Opposition to Notice of Intent to File Motion for Leave to File Amicus Brief. Signed by Judge Emmet G. Sullivan on 5/13/2020. (lcegs3)**

Notice of Electronic Filing from the U.S. District Court for the District of Columbia for Judge Sullivan's May 13, 2020 Order Appointing John Gleeson Amicus Curiae

**Notice of Electronic Filing**

The following transaction was entered on 5/13/2020 at 6:36 PM and filed on 5/13/2020

**Case Name:**      USA v. FLYNN
**Case Number:**   1:17-cr-00232-EGS
**Filer:**
**Document Number:** 205

**Docket Text:**
**ORDER APPOINTING AMICUS CURIAE as to MICHAEL T. FLYNN. Signed by Judge Emmet G. Sullivan on 5/13/2020. (lcegs3)**

Docket entry from the U.S. Court of Appeals for the District of Columbia for the filing of General Flynn's Petition for a Writ of Mandamus

| | | |
|---|---|---|
| 05/19/2020 | ☐ | US CIVIL ORIGINAL PROCEEDING CASE docketed. [20-5143] [Entered: 05/19/2020 03:50 PM] |
| 05/19/2020 | ☐ ▣<br>137 pg, 1.95 MB | PETITION [1843529] for writ of mandamus filed by Petitioner Michael T. Flynn [Service Date: 05/19/2020 by US Mail] Length Certification: 7,765 words. [20-5143] [Entered: 05/19/2020 03:52 PM] |

Notice of Electronic Filing from the U.S. District Court for the District of Columbia for Judge Sullivan's May 19, 2020 Minute Order Setting Briefing Schedule for Consideration of Governments' Rule 48(a) Motion to Dismiss

The following transaction was entered on 5/19/2020 at 4:36 PM and filed on 5/19/2020

**Case Name:** USA v. FLYNN

**Case Number:** 1:17-cr-00232-EGS

**Filer:**

**Document Number:** No document attached

**Docket Text:**

**MINUTE ORDER as to MICHAEL T. FLYNN granting [209] Motion to File Amicus Brief. The following schedule shall govern the proceedings in this case subject to a motion for reconsideration, for good cause shown, filed by no later than 12:00 PM on May 26, 2020: (1) the Court-appointed amicus curiae shall file the amicus brief by no later than 12:00 PM on June 10, 2020; (2) any motion seeking leave to file an amicus brief by non-Court-appointed amicus curiae shall be filed by no later than 12:00 PM on June 10, 2020; (3) the government and Mr. Flynn shall file their responses to the amicus brief of the Court-appointed amicus curiae by no later than 12:00 PM on June 17, 2020; (4) the Court-appointed amicus curiae shall file a reply brief by no later than 12:00 PM on June 24, 2020; (5) the government and Mr. Flynn shall file any sur-reply briefs by no later than 12:00 PM on June 26, 2020; and (6) the government, Mr. Flynn, and the Court-appointed amicus curiae shall file a consolidated response to any amicus brief of non-Court-appointed amicus curiae by no later than 12:00 PM on July 2, 2020. Movants seeking leave to file an amicus brief are HEREBY NOTIFIED that the Court will deny any motion for leave to file an amicus brief that fails to strictly comply with the applicable Local Rules. It is FURTHER ORDERED that the Court schedules oral argument for July 16, 2020 at 11:00 AM in Courtroom 24A. Signed by Judge Emmet G. Sullivan on 5/19/2020. (lcegs3)**