# Exhibit B

**From:** Smith, Hunter <hsmith@robbinsrussell.com>
**Sent:** Monday, May 11, 2020 4:58:26 PM
**To:** dcd_cmecf_cr@dcd.uscourts.gov <dcd_cmecf_cr@dcd.uscourts.gov>
**Cc:** sullivan_chambers@dcd.uscourts.gov <sullivan_chambers@dcd.uscourts.gov>; Emmet_G_Sullivan@dcd.uscourts.gov <Emmet_G_Sullivan@dcd.uscourts.gov>; sidney@federalappeals.com <sidney@federalappeals.com>; jocelyn.ballantine2@usdoj.gov <jocelyn.ballantine2@usdoj.gov>; Robbins, Larry <lrobbins@robbinsrussell.com>; Taylor, William W. <wtaylor@zuckerman.com>; Marcus, Ezra <EMarcus@zuckerman.com>; Friedman, Lee <LFriedman@robbinsrussell.com>
**Subject:** United States v. Flynn, Crim. No. 17-232

To the Clerk of Court:

Please see the attached filing on behalf of proposed *amici* in the above-captioned case.

Sincerely,

HUNTER SMITH

2000 K Street NW, 4th Floor, Washington, DC 20006

P 202.775.4523    F 202.775.4510

hsmith@robbinsrussell.com
www.robbinsrussell.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | Crim. No. 17-232 (EGS) |
| **MICHAEL T. FLYNN,** | |
| **Defendant.** | |

**NOTICE OF INTENT OF WATERGATE PROSECUTORS
TO FILE MOTION FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* OR
APPLICATION UNDER LOCAL RULE 57.6**

On May 7, 2020, the Government filed a Motion to Dismiss the Criminal Information Against the Defendant Michael T. Flynn (DE # 198) ("Motion"). A group of 16 former members of the Watergate Special Prosecution Force of the Department of Justice,[1] through the undersigned counsel, hereby provides notice of its intent to file a motion for leave to file a brief as *amicus curiae*, other appropriate application (*see* Local Rule Crim. P. 57.6), or both. The Watergate Prosecutors intend to address, without limitation, the scope of this Court's authority to decide the Motion; the procedures that the Court can and should follow, such as conducting a hearing or potentially appointing counsel to assist the Court; whether a dismissal, if any, should be with or

---

[1] The Watergate Prosecutors are: Nick Akerman, Richard Ben-Veniste, Richard J. Davis, Carl B. Feldbaum, George T. Frampton, Jr., Kenneth S. Geller, Gerald Goldman, Stephen E. Haberfeld, Henry L. Hecht, Paul R. Hoeber, Philip Allen Lacovara, Paul R. Michel, Robert L. Palmer, Frank Tuerkheimer, Jill Wine-Banks, and Roger Witten. Their qualifications and interest in this matter are summarized in an attachment to this notice.

without prejudice; and whether the Court should instead deny the Motion and proceed to sentencing.

The Motion raises serious questions concerning this Court's authority under Federal Rule of Criminal Procedure 48(a) and Article III of the United States Constitution, and the Court will not receive a full, fair, and adverse presentation of these issues from the parties in light of the Government's change in position. The Government's position is that, even at this late stage, after a pair of guilty pleas accepted by court order, and the Court's fulfillment of its responsibilities under Federal Rule of Criminal Procedure 11, it may freely dismiss this prosecution so long as the Defendant consents. Motion at 11. The government admonishes the Court not to "second-guess" its determination that dismissal is in the public interest. *Id.*

But the D.C. Circuit has explained, in a decision that the Government fails to cite, that "considerations[] other than protection of [the] defendant . . . have been taken into account by courts" when evaluating consented-to dismissal motions under Rule 48(a). *United States v. Ammidown*, 497 F.2d 615, 620 (D.C. Cir. 1973). Courts have exercised their authority under Rule 48(a) where "it appears that the assigned reason for the dismissal has no basis in fact." *Id.* at 620–21. Even when the Government represents that the evidence is not sufficient to warrant prosecution, courts have sought to "satisf[y]" themselves that there has been "a considered judgment" and "an application [for dismissal] made in good faith." *Id.* at 620.

Other Circuits have similarly held that a court may investigate, including through hearings if necessary, whether "the prosecutor is motivated by considerations clearly contrary to the manifest public interest." *United States v. Hamm*, 659 F.2d 624, 628 (5th Cir. 1981); *see In re Richards,* 213 F.3d 773, 789 (3d Cir. 2000) (holding that district court could hold hearing to "appropriately inquire into whether there were any improprieties attending the Government's

2

petition to dismiss the Richards's prosecution."); *United States v. Cowan*, 524 F.2d 504, 513 (5th Cir. 1975) ("[I]t seems altogether proper to say that the phrase 'by leave of court' in Rule 48(a) was intended to modify and condition the absolute power of the Executive, consistently with the Framers' concept of Separation of Powers, by erecting a check on the abuse of Executive prerogatives."). The Supreme Court has recognized uncertainty as to the scope of a district court's discretion in ruling on a consented-to motion under Rule 48(a) and has declined to resolve the issue. *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977). There are at least substantial questions as to whether factual representations in the Motion are accurate and whether the Motion is made in good faith and consistent with the public interest. *See, e.g.*, Mary B. McCord, Bill Barr Twisted My Words in Dropping the Flynn Case. Here's the Truth, N.Y. Times, May 10, 2020, https://nyti.ms/3cj25kB; DOJ Alumni Statement on Flynn Case, May 11, 2020, https://bit.ly/2YR2kzu.

The Government's Motion also does not adequately address questions of this Court's heightened Article III role in light of the posture of this case, with the Defendant having pled guilty and awaiting sentencing. A guilty plea represents a turning point between "the Executive's traditional power over charging decisions and the Judiciary's traditional authority over sentencing decisions." *United States v. Fokker Servs. B.V.,* 818 F.3d 733, 746 (D.C. Cir. 2016). When a court accepts a plea agreement, it "enters a judgment of *conviction*, which in turn carries immediate sentencing implications." *Id.*; *see also United States v. Hector*, 577 F.3d 1099, 1100 n.1 (9th Cir. 2009) ("[O]nce a guilty plea has been accepted, the defendant stands convicted."); *United States v. Brayboy*, 806 F. Supp. 1576, 1580 (S.D. Fla. 1992) (holding that government's post-verdict Rule 48(a) motion was an attempt to "remove this Court's sentencing authority" and "is exactly th[e]

type of absolute control by one branch over a power properly vested with another branch that the constitutional scheme of separation of powers prohibits").

No party before the Court will address the question whether the Government's proffered reasons for dismissal have a "basis in fact," *Ammidown*, 497 F.2d at 621, or other reasons that may lead the Court to conclude that it should not grant the Motion. The Watergate Prosecutors, for reasons set forth in the accompanying Statement of Interest, are uniquely suited to help ensure a fair presentation of the issues raised by the Government's Motion, which include, without limitation, the accuracy of the facts and law presented in the Motion, the significance of the Defendant's prior admissions of guilt and this Court's orders to date, the Trump administration's opposition to the prosecution of the Defendant, and whether the Government's change of position reflects improper political influence undermining determinations made by the Special Counsel's Office.

This Court is fully empowered to obtain guidance from *amici* or otherwise. *See United States v. Microsoft Corp.*, 2002 WL 319366, at *1 (D.D.C. Feb. 28, 2002). "Amicus participation is normally appropriate . . . 'when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *Hard Drive Prods., Inc. v. Does 1-1,495*, 892 F. Supp. 2d 334, 337 (D.D.C. 2012) (quoting *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008)); *see also United States v. Arpaio*, 887 F.3d 979, 981-82 (9th Cir. 2018) (recognizing in context of contempt proceedings the "inherent authority" of courts to appoint *amici* to provide full briefing and argument in defense of position abandoned by the United States).

The Watergate Prosecutors propose to file their motion for leave to file an *amicus curiae* brief or application under Local Rule 57.6, along with a proposed brief, by no later than May 21,

4

2020, the date on which a response to the Government's Motion would ordinarily be due. *See* Local Rule Crim. P. 47(b).

Dated: May 11, 2020                                         Respectfully submitted,

/s/ Lawrence S. Robbins                                     /s/ William W. Taylor, III
Lawrence S. Robbins (D.C. Bar No. 420260)                   William W. Taylor, III (D.C. Bar No. 84194)
Lee Turner Friedman (D.C. Bar No. 1028444)                  Ezra B. Marcus (D.C. Bar No. 252685)
D. Hunter Smith (D.C. Bar No. 1035055)                      ZUCKERMAN SPAEDER LLP
ROBBINS, RUSSELL, ENGLERT,                                  1800 M Street N.W. Suite 1000
ORSECK, UNTEREINER & SAUBER LLP                             Washington, D.C. 20036
2000 K Street, NW                                           Tel: (202) 778-1800
Washington, DC 20006                                        Fax: (202) 822-8106
Tel: (202) 775-4500                                         wtaylor@zuckerman.com
lrobbins@robbinsrussell.com

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Crim. No. 17-232 (EGS) |
| MICHAEL T. FLYNN, | |
| Defendant. | |

### STATEMENT OF INTEREST

Proposed *Amici Curiae* ("*Amici*") served on the Watergate Special Prosecution Force, which investigated the Watergate scandal between 1973 and 1977. *Amici* are: Nick Akerman, Richard Ben-Veniste, Richard J. Davis, Carl B. Feldbaum, George T. Frampton, Jr., Kenneth S. Geller, Gerald Goldman, Stephen E. Haberfeld, Henry L. Hecht, Paul R. Hoeber, Philip Allen Lacovara, Paul R. Michel, Robert L. Palmer, Frank Tuerkheimer, Jill Wine-Banks, and Roger Witten. *Amici* have also held positions in government, in academia, and in private practice.

In their roles as Watergate prosecutors, *Amici* investigated serious abuses of power by President Richard M. Nixon and prosecuted many of President Nixon's aides for their complicity in his offenses. More than any other episode in modern American history, the Watergate scandal exemplified how unchecked political influence in the Justice Department can corrode the public trust. As Special Prosecutor Archibald Cox explained, his office was established to "restore confidence, honor, and integrity in government."[1]

---

[1] George Lardner, Jr., *Cox Is Chosen as Special Prosecutor*, THE WASHINGTON POST (May 19, 1973), https://www.washingtonpost.com/wp-srv/national/longterm/watergate/articles/051973-1.htm.

The investigations by the Watergate Prosecutors led to the filing of criminal charges against two former Attorneys General for corruptly abusing their official powers in order to interfere with the objective, professional investigation and prosecution of federal crimes. Moreover, during their work in pursuing investigation of obstruction of justice by a number of senior federal officials, including White House officials, *Amici* experienced the "Saturday Night Massacre," during which an honorable Attorney General and an honorable Deputy Attorney General resigned or were dismissed rather than obey the instructions of a self-interested President to frustrate the work of an independent Special Prosecutor. The parallels and the contrasts between the Watergate affair and the present situation now before this Court make manifest that *Amici* have a direct and substantial interest in the proper disposition of the pending Motion directed by the incumbent Attorney General to protect a close ally of the President.

Here, where the Motion seeks to reverse a prosecutorial judgment previously entrusted to and made by Special Counsel, Robert Mueller, the value the Watergate Prosecutors' unique perspective on the need for independent scrutiny and oversight to ensure that crucial decisions about prosecutions of high-ranking government officials are made in the public interest, are viewed as legitimate, and are not subsequently reversed by political intervention. The integrity of prosecutorial decision making is a cornerstone of the rule of law. *Amici* have a special interest in restoring the public trust in prosecutorial decision making and in public confidence in the viability of future independent investigations and prosecutions if the results of such work are likely to be subjected to reversal by transparent political influence.

3

Dated: May 11, 2020                                        Respectfully submitted,

/s/ Lawrence S. Robbins                                    /s/ William W. Taylor, III
Lawrence S. Robbins                                        William W. Taylor, III (D.C. Bar No. 84194)
Lee Turner Friedman                                        Ezra B. Marcus (D.C. Bar No. 252685)
D. Hunter Smith                                            ZUCKERMAN SPAEDER LLP
ROBBINS, RUSSELL, ENGLERT,                                 1800 M Street N.W. Suite 1000
ORSECK, UNTEREINER & SAUBER LLP                            Washington, D.C. 20036
2000 K Street, NW                                          Tel: (202) 778-1800
Washington, DC 20006                                       Fax: (202) 822-8106
(202) 775-4500                                             wtaylor@zuckerman.com
lrobbins@robbinsrussell.com