CLERK
US DISTRICT & BANKRUPTCY
COURTS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

2020 MAY 29 PM 2:29

RECEIVED

Leave to file GRANTED

*Emmet G. Sullivan*
United States District Judge
9-28-2020

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 17-cr-00232 (EGS) |
| | ) | |
| MICHAEL T. FLYNN, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR LEAVE TO FILE BRIEF OF FORMER FEDERAL PROSECUTORS AND HIGH-RANKING DEPARTMENT OF JUSTICE OFFICIALS AS *AMICI CURIAE***

Undersigned counsel represent 1,187 former federal prosecutors and former high-ranking supervisory officials in the Department of Justice ("DOJ" or the "Department"). On *amici*'s behalf, and pursuant to this Court's Scheduling Order of May 19, 2020, counsel respectfully request leave to participate in these proceedings, and file the attached brief,[1] as *amici curiae* in support of this Court's authority to refuse the government's request to dismiss its prosecution of defendant Michael Flynn.

*Amici* served as prosecutors or supervisors of prosecutors in the Department of Justice. Together, they have nearly 14,300 years of experience enforcing our nation's federal criminal laws. Many of them served in a nonpartisan career capacity in administrations of both parties. Others were political appointees—appointed by both Republican and Democratic presidents. All *amici* took an oath to uphold the United States Constitution and to carry out the Department's core mission of pursuing equal justice under the law. They proudly adhered to the Department's long-standing principle, reflected in the *Justice Manual,* that the Department's prosecutorial powers "must be exercised free from partisan consideration"[2]

*Amici* seek to submit their brief out of concern that President Trump and Attorney General Barr have flouted these principles by seeking to dismiss the prosecution of Michael Flynn for what appear to be partisan political reasons. *Amici* have an enduring respect and admiration for the Department and its career prosecutors. They also recognize that, when used fairly and in the public interest, prosecutors' motions to dismiss pending criminal charges can and often do serve laudable

---

[1] *Amici* affirm that no counsel for a party authored this brief in whole or in part and that no person other than *amici* or their counsel made any monetary contributions intended to fund the preparation or submission of this brief.

[2] U.S. Dept. of Justice, *The Justice Manual* §1-8.100 (2018), https://perma.cc/7M84-JZ5P.

1

ends, including the protection of criminal defendants from charges that may be too weak or from punishments that may be unjust or too severe. Accordingly, *amici* believe that the government's prosecutorial discretion to dismiss a case is necessarily broad and should be disturbed only in rare circumstances. But they also share an abiding belief that our democracy is safe only when the enormous power of federal law enforcement is applied equally to all citizens based on facts and the law, rather than the political whims of a particular president or administration. As then-Attorney General and later Supreme Court Justice Robert Jackson said: "While the prosecutor at his best is one of the most beneficent forces in our society, when he acts from malice or other base motives, he is one of the worst."[3]

*Amici* seek to appear as true friends of the court. In the absence of any remaining adversarial posture between the government and the defendant, they will defend the constitutional prerogatives of the District Court, the rule of law, and the sound and correct application of the Federal Rules of Criminal Procedure and its governing legal authorities. *Amici* applaud this Court's appointment of the Hon. John Gleeson (ret.) to argue in opposition to the government's request and have every confidence that Judge Gleeson will discharge that duty admirably. Still, as a collection of 1,187 former federal prosecutors, supervisors, and practitioners of federal criminal law who collectively participated in hundreds upon hundreds of complex prosecutions involving charges under 18 U.S.C. § 1001, *amici* possess "unique information [and] perspective" that can assist the Court and the Court's appointed *amicus* in the sound resolution of this case. *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997)).

---

[3] Robert H. Jackson, *The Federal Prosecutor*, 24 J. Am. Jud. Soc'y 18 (1940), 21 J. Crim. L. 3 (1940), *available at* https://perma.cc/SLB4-WN4Y.

Indeed, *amici's* perspective is especially valuable in this case given that the political leadership of the Department of Justice has apparently abandoned the positions consistently advanced throughout the pendency of these proceedings by career attorneys who worked on this matter. Those career officials cannot speak for themselves. But the majority of *amici* here served in career positions. They have experience exercising the government's prosecutorial discretion as nonpartisan, career Department attorneys. They can therefore speak with authority on what it means to exercise the government's prosecutorial discretion consistent with the Article II requirement to act "faithfully" in the public interest. Moreover, given their extensive experience prosecuting cases under 18 U.S.C. § 1001, *amici* are uniquely well-positioned to respond to the government's novel definition of what constitutes a "material" false statement under that statute—and to demonstrate that the government's arguments, as a matter of both law and of fact, are so far beyond the pale as to be explainable only as pretext for an alternative, unspoken, and apparently partisan motive.

*Amici* have included as Exhibit A an attachment to this motion a copy of their proposed brief. In it, they (1) address in detail this Court's authority under Rule 48(a) of the Federal Rules of Criminal Procedure to decline a prosecutor's motion to dismiss a case where such a dismissal would not be in the "public interest"; (2) describe the obligations of Department lawyers, under Article II of the Constitution, to ensure that the laws are faithfully executed, which requires them to act in the public interest—and not the personal partisan interests of the President; (3) detail the legal authorities interpreting 18 U.S.C. § 1001 as they apply to the facts of this prosecution, and explain how the government's mischaracterizations of fact and law compel the conclusion that its position is pretext for partisan interference in the government's law enforcement operations; and (4) identify actions the Court may wish to take as it inquires further into whether the government's motion is in the public interest. Ultimately, *amici* urge the Court to exercise its authority to

3

undertake a searching review of the government's request to dismiss this prosecution, and, if necessary to protect the public interest in the even-handed enforcement of our laws, to deny the government's motion.

Counsel for *amici* contacted counsel for the parties by electronic mail on May 15, 2020, to seek their respective positions on our request for leave. We have received no response to date.

For the foregoing reasons, the former federal prosecutors and DOJ supervisory officials request leave to participate as *amici curiae* in these proceedings. A proposed order is attached as Exhibit B.

May 20, 2020

Andrew Manuel Crespo* (DC 998215)
1525 Massachusetts Avenue
Cambridge, MA 02138
T: (617) 495-3168
acrespo@law.harvard.edu

Respectfully submitted,

PROTECT DEMOCRACY PROJECT

*/s/Benjamin L. Berwick*
Benjamin L. Berwick (Bar No. MA0004)
  *Counsel of Record*
Justin G. Florence (Bar No. 988953)
THE PROTECT DEMOCRACY PROJECT, INC.
15 Main Street, Suite 312
Watertown, MA 02472
T: (202) 579-4582 | F: (929) 777-8428
ben.berwick@protectdemocracy.org
justin.florence@protectdemocracy.org

Kristy Parker* (DC 1542111)
Justin Vail** (MO 65693)
THE PROTECT DEMOCRACY PROJECT, INC.
2020 Pennsylvania Avenue, NW, #163
Washington, DC 20006
T: (202) 579-4582 | F: (929) 777-8428
kristy.parker@protectdemocracy.org
justin.vail@protectdemocracy.org

Steven A. Hirsch* (CA 171825)
THE PROTECT DEMOCRACY PROJECT, INC.
2120 University Avenue
Berkeley, CA 94704

4

T: (415) 676-2286
steve.hirsch@protectdemocracy.org

\* Signed pursuant to Local Rule of Criminal Procedure 44.1(c).

\*\* Application for admission to the District of Columbia Bar pending. Admitted in Missouri and Illinois; practice consistent with D.C. Court of Appeals Rule 49(c). Signed pursuant to Local Rule of Criminal Procedure 44.1(c).