# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

### Case No.: 17-cr-00232

**Leave to file GRANTED**

*[signature]* Emmet G. Sullivan

United States District Judge

**9-28-2020**

UNITED STATES OF AMERICA )
　　　　　Plaintiff, )
　　　　　 )
　　　　　Vs. )
　　　　　 )
MICHAEL FLYN )
　　　　　Defendant[s], )
　　　　　 )
_____ )
　　　　　　　　　　　　/

---

## BRIEF OF AMICUS CURIAE

---

**NAVARRO | McKOWN**
Lorenzo J. Palomares, Esq.
DC Bar No.: 503044
Palolaw2@gmail.com
Luis F. Navarro, Esq.
lou@nmbesq.com
civil@nmbesq.com
66 W. Flagler Street, 6th Floor
Miami, Florida 33130
Tel: 305-447-8707
Fax: 305-447-3787
*Counsel for Amicus Curiae*

CASE NO.: 17-cr-00232

## TABLE OF CONTENTS

TABLE OF CITATIONS ................................................................. iii

STATEMENT OF THE CASE AND OF THE FACTS ...................................... 4

SUMMARY OF ARGUMENT ........................................................... 4

ARGUMENT ...................................................................... 4

A.  Defendant's Motion. ...................................................... 9
B.  Withdrawal in the Interest of Justice. ................................... 14
    1.  Assertion of Legal Innocence ........................................ 14
    2.  Length of Delay ..................................................... 15
    3.  Competent Counsel ................................................... 16

STATEMENT REGARDING ORAL ARGUMENT ....................................... 19

CONCLUSION ................................................................... 19

CERTIFICATE OF SERVICE ...................................................... 20

NAVARRO | McKOWN
66 W. Flagler Street, 6th Floor, Miami, FL 33130

# TABLE OF CITATIONS

## Cases

*Baldwin v. New York,*
399 U.S. 66 ................................................................................................................ 8

*Bennett v. United States,*
726 A.2d 156 ...................................................................................................... 15, 16

*Brady v. Maryland,*
373 U.S. 83 ............................................................................................................... 11

*Good v. United States,*
529 A.2d 301 ...................................................................................................... 13, 14

*In re Bradley,* 318 U.S.
50, 51 (1943) ............................................................................................................. 6

*MacNeil v. United States,*
236 F.2d 149 .............................................................................................................. 6

*Mitchell v. Fiore,*
470 F.2d 1149 ............................................................................................................ 6

*Penfield Co. v. SEC,*
330 U.S. 585 .............................................................................................................. 6

*U.S. v. Nachtigal,*
507 U.S. 1 .................................................................................................................. 8

*United States of America v. Theodore F. Stevens,*
Defendant Criminal No. 08–231(EGS) ................................................................... 18

*United States v. Ammidown,*
497 F.2d 615 ............................................................................................................ 19

*United States v. DiGirlomo,*
548 F.2d 252 .............................................................................................................. 6

*United States v. Doyle,*
981 F.2d 591 ............................................................................................................ 13

*United States v. Florian*
(D. D.C. 2010) ......................................................................................................... 20

*United States v. Florian*
(D. D.C. 2011) ......................................................................................................... 19

*United States v. Goodson,*
204 F.3d 508 ............................................................................................................ 19

*United States v. Hilburn,*
625 F.2d 1177 ............................................................................................................ 6

*United States v. Parrilla-Tirado,*
22 F.3d 368 .............................................................................................................. 13

*United States v. Poindexter,*

NAVARRO | McKOWN
66 W. Flagler Street, 6th Floor, Miami, FL 33130

719 F. Supp 6 .................................................................................................... 19
*United States v. Ramos,*
810 F.2d 308 .................................................................................................... 12
*White v. United States,*
863 A.2d 839 .................................................................................................... 17
*Wong Sun v. United States,*
371 U.S. 471 .................................................................................................... 12

## Rules

Fed.R.Crim.P., Rule 48 ................................................................................. 5, 19
Fed.R.Crim.P., Rule 33 ............................................................................... 10, 13
Fed.R.Crim.P., Rule 42. ..................................................................................... 9

## Constitutional Provisions

18 U.S.C.§ 401 .................................................................................................... 6
28 U.S.C. §636 .................................................................................................. 10

## POSITION OF THE PARITES

Defendant Michael T. Flynn pled guilty to a complaint under docket # 3 and signed a statement of facts supporting the plea allocution under docket #4. The record of the docket is silent as to any adjudication of guilty by the court. Defendant Michael T. Flynn timely moved to withdraw his plea before sentencing.

The Plaintiff United States of America moved pursuant to Fed,R.Crim.P. Rule 48 to dismiss the case before sentencing in the interest of justice.

The Court has granted leave to file an Amicus Curiae brief pursuant to a strict scheduling.

## INTEREST OF *AMICUS CURIAE*

We Who Served-VSO and Vets for Trump are a nonprofit organization led by established by U.S. Military Combat Veterans dedicated to supporting and advocating for Veterans at a national and local level. These organizations are led by retired Rear Admiral as the Flag Officer Charles R. Kubic, CEC, USN. Since its inception in 2015, Vets for Trump and We Who Served-VSO advocated for Veteran development by providing Veterans with affordable housing, employment opportunities, and assisting Veterans to reintegrate into civilian life. The issue before the Court is of interest to amicus Vets for Trump and We Who Served -VSO because of the profound impact that this case will have on justice and the Veteran community.

CASE NO.: 17-cr-00232

## SUMMARY OF ARGUMENT

The court should not hold Defendant Michael T. Flynn in criminal contempt because his guilty plea was not accepted or adjudicated guilty, and new evidence grants the right to move the court for a new trial as violative of Crim. R.P. Rule11, the court should grant Defendant Michael T. Flynn's motion to set aside his plea based on new evidence. Furthermore, the Court should grant Plaintiff United States motion to dismiss the case.

## ARGUMENT

**I.    Allowing the Court to bypass the Department of Justice and hold the Defendant in criminal contempt is a violation of the separation of powers.**

The Court should grant Amicus Curiae on the issue that the court should hold Defendant Flynn guilty for criminal contempt for perjury based on counsel's advice to plead guilty and execute a statement of facts filed under Docket No.4. For the reasons stated herein, the court should not charge Defendant Flynn with criminal contempt under 18 U.S.C.§ 401. The legislature gave the Court, as the gatekeeper of justice, the power to sanction by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as—(1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice; (2) Misbehavior of any of its officers in their official transactions; (3) Disobedience or

CASE NO.: 17-cr-00232

resistance to its lawful writ, process, order, rule, decree, or command. *See* 18 U.S.C.§ 401.

To find Defendant Flynn guilty, beyond a reasonable doubt, the court must find that Defendant Flynn on December 1, 2017, did in fact knowingly, willfully obstruct justice. Section 401 of Title 18 provides that a court may not both fine and imprison a contemnor for a single act of criminal contempt. *In re Bradley,* 318 U.S. 50, 51 (1943); *United States v. Hilburn*, 625 F.2d 1177 (6th Cir. 1980); *United States v. DiGirlomo*, 548 F.2d 252 (8th Cir. 1977); *MacNeil v. United States*, 236 F.2d 149, 154 (1st Cir.), cert. denied, 352 U.S. 912 (1956). This, however, does not prohibit the imposition of a fine and a term of imprisonment when both civil and criminal contempt actions are commenced regarding the same transaction, *Penfield Co. v. SEC*, 330 U.S. 585, 594 (1947), with one serving as a punitive exaction and the other as a coercive or compensatory sanction. *Mitchell v. Fiore*, 470 F.2d 1149, 1154 (3d Cir. 1972), cert. denied, 411 U.S. 938 (1973). *See* United States Sentencing Guidelines, § 2J1.1.

The court should consider its jurisdiction. All parties to this action have file respective motions, Defendant Flynn to set aside his plea agreement, Docket No. 160, and Plaintiff United States of America motion to dismiss the case, in the interest of justice, Docket No.198-199. In considering the respective motions the court

CASE NO.: 17-cr-00232

should consider what is the case and controversy before the Court. In either case, the criminal contempt is a separate charge, as discussed supra.

*Pursuant to Rule 42. Criminal Contempt.* The court while issuing an amicus order, has not in fact issued notice to the defendant of the party to whom the court intends to charge, while a directive to a special amicus is not notice to the defendant sufficient to satisfy the Rule 42 of the Fed.Crim.R.P. It no less requires: (a) Disposition After Notice. Any person who commits criminal contempt may be punished for that contempt after prosecution on notice. (1) Notice. The court must give the person notice in open court, in an order to show cause, or in an arrest order. The notice must: (A) state the time and place of the trial; (B) allow the defendant a reasonable time to prepare a defense; and (C) state the essential facts constituting the charged criminal contempt and describe it as such. (2) Appointing a Prosecutor. The court must request that the contempt be prosecuted by an attorney for the government unless the interest of justice requires the appointment of another attorney. If the government declines the request, the court must appoint another attorney to prosecute the contempt. (3) Trial and Disposition. A person being prosecuted for criminal contempt is entitled to a jury trial in any case in which federal law so provides and must be released or detained as Rule 46 provides. If the criminal contempt involves disrespect toward or criticism of a judge, that judge is disqualified from presiding at the contempt trial or hearing unless the defendant consents. Upon

a finding or verdict of guilty, the court must impose the punishment. (b) Summary Disposition. Notwithstanding any other provision of these rules, the court (other than a magistrate judge) may summarily punish a person who commits criminal contempt in its presence if the judge saw or heard the contemptuous conduct and so certifies; a magistrate judge may summarily punish a person as provided in 28 U.S.C. §636(e). The contempt order must recite the facts, be signed by the judge, and be filed with the clerk. Can the court appoint a prosecutor when the United States Department of Justice has represented to the court that in the instant case there is no crime?

The Supreme Court of the United States has interpreted the Case or Controversy Clause of Article III of the United States Constitution (found in Art. III, Section 2, Clause 1) as embodying two distinct limitations on the exercise of judicial review.

The Court has held that the clause identifies the scope of matters which a federal court can and cannot consider as a case (i.e., it distinguishes between lawsuits within and beyond the institutional competence of the federal judiciary), and limits federal judicial power only to such lawsuits as the court is competent to hear. Given that the United States of America through its department of Justice has represented to the court that there is no crime, the court cannot create a criminal contempt charge to a case that lacks controversy.

CASE NO.: 17-cr-00232

Moreover, The United States of America's motion to dismiss the case should be granted because it is under the discretion of the Department of Justice. The term "prosecutorial discretion" refers to the fact that under American Juris Prudence, the government prosecuting attorneys have nearly absolute and unreviewable power to choose whether or not to bring criminal charges against any person or entity that violates the law, and what charges to bring, in cases where the evidence would justify charges. The duty of a prosecutor -at times- is only measured by the office of professional responsibility of the Department of Justice. The general acceptance of prosecutorial discretion in the United States is intricately linked to our adversarial system of justice (cases and controversies). The adversarial principle is generally taken to mean that judges in American courts are not commissioned to investigate cases, determine the truth, and provide justice. Instead, the courts are understood as dispute-settling institutions, in which judges take a more passive role, considering only such facts as are presented to them by the parties, and deciding only such issues as are necessary to resolve the disputes thus presented. (guilt or innocence).

Under the Federal Rules of Criminal Procedure, the "government may, with leave of the court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). The discretion of whether to dismiss an indictment, and whether to dismiss it with or without prejudice, lies in the first instance with the prosecutor. Because that discretion implicates the constitutional doctrine of separation of powers, the

CASE NO.: 17-cr-00232

district court's role in reviewing the prosecutor's exercise of its discretion is limited. *United States v. Goodson*, 204 F.3d 508, 513 (4th Cir. 2000). "[T]he court does not have primary responsibility, but rather the role of guarding against abuse of prosecutorial discretion." *United States v. Ammidown*, 497 F.2d 615, 620 (D.C. Cir. 1973). *United States v. Florian* (D. D.C. 2011). Generally speaking, there is a strong presumption in favor of a dismissal without prejudice over one with prejudice. *United States v. Poindexter*, 719 F. Supp 6, 10 (D.D.C. 1989. Nevertheless, in exceptional circumstances, the district court may deny the prosecutor leave to dismiss an indictment without prejudice. *Poindexter*, 719 F. Supp. at 10. As the case law makes clear, this will rarely be appropriate. *United States v. Florian* (D. D.C. 2010).

## II.   This Court should vacate Defendant Flynn's plea deal because justice so requires.

Defendant's Flynn motion to set aside the plea should be granted because it is timely and brings forward newly discovered evidence, including an allegation of improper conduct by counsels on both sides of the former controversy. Furthermore, this court should set aside Defendant Flynn's plea deal because after weighing the "fair and just" standards, it tilts towards his direction.

Accordingly, We Who Served- VSO and Vets for Trump urges this Court to find that the withheld evidence was tantamount to having an unfair and just tactical advantage that escheated the "fair and justice" standards founded on American

CASE NO.: 17-cr-00232

Jurisprudence principles and guaranteed by our Constitution. Defendant' Michael T. Flynn's guilty plea deal was infirmed with a lack of exculpatory evidence that has now come forward to place light, in the public eye.

## A. Violating the Brady Rule is grounds for dismissing the guilty plea.

Upon the defendant's motion, the court may vacate any judgment and grant a new trial If the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment. (b) Time to File., (1) Newly Discovered Evidence. Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case. (2) Other Grounds. Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty, *see* Fed.R.Crim.P Rule 33. Here, defendant Gen. Flynn became aware of Brady material evidence when the same was declassified by the Executive Branch.

Under the Brady Rule, named after *Brady v. Maryland*, 373 U.S. 83 (1963), prosecutors are required to disclose materially exculpatory evidence in the government's possession to the defense. A "Brady material" or evidence the prosecutor is required to disclose includes any evidence favorable to the accused-- evidence that goes towards negating a defendant's guilt, that would reduce a

CASE NO.: 17-cr-00232

defendant's potential sentence, or evidence going to the credibility of a witness. If the prosecution does not disclose material exculpatory evidence under this rule, and prejudice has ensued, the evidence will be suppressed. The evidence will be suppressed regardless of whether the prosecutor knew the evidence was in his or her possession, or whether, or not the prosecutor intentionally or inadvertently withheld the evidence from the defense.

Hence, if the Court is to follow the U.S. Supreme Court precedent under *Brady v. Maryland*, 373 U.S. 83 (1963), the alleged factual element of the plea agreement Docket No. 4 must be suppressed as well. The Court should not circle around the exclusionary rule handed by the U.S. Supreme Court under *Wong Sun v. United States*, 371 U.S. 471 (1963) because any factual statements made by Gen. Michael T. Flynn must be suppressed as fruit of the poisonous tree. The Fruit of the poisonous tree is a legal metaphor, used to describe evidence that is obtained illegally. The logic of the terminology is that if the source (the "tree") of the evidence or evidence itself is tainted, then anything gained (the "fruit") from it is tainted as well. Therefore, Defendants statements are all fruits of a poisonous tree and should be suppressed.

Moreover, in the District of Columbia, the standard is Rule 11, which requires that all guilty pleas represent a "voluntary and intelligent choice among the alternative courses of action open to the defendant." *Good v. United States*, 529 A.2d

9

CASE NO.: 17-cr-00232

301,305(D.C. 1987). Furthermore, the court must inquire as to whether there is a factual basis for the plea. *Id.* Failing to comply with Rule 11 standards, withdrawal of a guilty plea should be granted. Strictly following these Rule 11 standards are necessary because a guilty plea effectively waives a defendant's constitutional rights without due process. Withholding of exculpatory evidence renders the plea agreement and factual basis of the plea "a fatal defect in the Rule 11 proceeding when the guilty plea was taken." While the error is not the Court's error, it is the Government that failed its sworn duty to administer justice.

### B. The Fair Just Standard tilts in the favor of Defendant Flynn.

In the District of Columbia, Courts have delineated several factors that are relevant in assessing whether to allow a defendant to withdraw his guilty plea. These include: (1) whether the defendant has asserted his legal innocence, (2) the length of delay between the entry of the guilty plea and the desire to withdraw it, and (3) whether the defendant has had the full benefit of competent counsel at all relevant times. *Bennett v. United States*, 726 A.2d 156, 165 (D.C. Cir. 1999)."If the combined weight of these factors tilts in the defendant's favor, then the court must also assess the quantum of prejudice, if any, that will inure to the government." *United States v. Doyle*, 981 F.2d 591, 594 (1st Cir. 1992). While the court discretion is broad other courts have based their discretion on the prejudice to the Plaintiff Government. The

Government filing a motion to dismiss the case bears no prejudice and the fair and just standard weighs in favor of the defendant.

### 1. Assertion of Legal Innocence

If a defendant asserts his legal innocence with no evidence to support his assertation, then that factor weighs against withdrawal in the interest of justice. *In Bennett v. U.S.*, the defendant maintained his legal innocence both before and after the plea hearing. The defendant argued that his repeated assertation of innocence provides a cognizable legal defense under the fair and just standard. *Bennet*, 726 A.2d at 166. The court held that his claim of innocence was insufficient. *Id.* The court reasoned that a bald assertion of innocence without any grounds in support thereof did not give a defendant the absolute right to withdraw his guilty plea. *Id.* The Defendant must provide evidence that will support his claim of innocence. *Id.* at 167. Furthermore, the defendant failed to assert his innocence at the time of the plea. *Id.* Thus, this factor weighs against a defendant if he has not provided evidence to support his claim of innocence or claimed his innocence at the time of plea agreement.

### 2. Defendant Flynn's Length of delay is appropriate given the withheld evidence.

If a defendant has a swift change of heart, this factor weighs in favor of setting aside the plea deal. In *Bennet*, the defendant had a three-week delay before he wanted to set aside his plea deal. Id. at 169.The court ruled that this three-week delay

weighed against the defendant. The court reasoned that a delay of only a few days between the defendant's plea and his expression to withdraw weighed in favor of withdrawal. *Id.* However, the longer that the defendant takes to withdraw the plea deal the more it weighs against setting it aside. *Id.* Thus, if a defendant expresses his desire to withdraw from a plea deal within a few days, the fair and just standard weighs in his favor. In the instant case the case was to go to sentencing, that factor weighs against defendant, however, newly discovered evidence that exculpates defendant is generally consider for up to three years under Fed.R.Crim.P Rule 33. Under the Rule (a) Defendant's Motion. Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment; (b) Time to File. (1) Newly Discovered Evidence. Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.; (2) Other Grounds. Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty. Here, the timing of defendants' motion is certainly timely, particularly when the Government expresses absolute innocence and no crime was committed, *see* Docket No.198 motion to dismiss case.

CASE NO.: 17-cr-00232

### 3. Competent Counsel

If the defendant had the full benefit of a competent counsel at all relevant times, then this factor weighs against withdrawing from the plea agreement. For this factor, the defendant has the burden of establishing that his counsel fell short of being a competent attorney. *White v. United States*, 863 A.2d 839, 842 (D.C. 2004). Here, defendants' new counsel has argued several issues as the competency of General Michael T. Flynn, previous counsel, these are best left to the defendant and the court, the Amicus will not address the matter respecting the right of the parties and the Court as a gatekeeper, to address the issues and make the necessary findings of facts.

However, the office of special counsel retaining Brady exculpatory material is of concern for the administration of justice, and this Honorable Court has dealt with the issue before. In *United States of America v. Theodore F. Stevens*, Defendant Criminal No. 08–231(EGS), this Honorable Court on January 16, 2009, 593 F.Supp.2d 177 (D.D.C.2009), the Court directed the Attorney General or his designee(s) to provide declaration(s) and supporting documentation related to the Department of Justice's determination as to whether a Federal Bureau of Investigation ("FBI") agent alleging very serious and intentional law enforcement and prosecutorial misconduct during the investigation and trial, in this case, was entitled to whistleblower protection, and when any such determination was

CASE NO.: 17-cr-00232

communicated to the Office of Public Integrity ("OPI"). For the reasons set forth herein, the Court VACATED its order and the case was subsequently dismissed on the Government's motion. That is exactly what is before the Court. The Government avers that no crime was committed.

## STATEMENT REGARDING ORAL ARGUMENT

To the extent that the court may grant leave to file brief the appearing Amicus would like to participate in oral arguments.

## CONCLUSION

WHEREFORE, the appearing Amicus respectfully submits and prays to this Honorable Court to consider the arguments and amicus brief grant defendant's motion to set aside the plea, and subsequently grant the United States motion to dismiss the complaint case in the interest of justice.

Respectfully submitted,

By: */s/ Lorenzo J. Palomares*
Lorenzo J. Palomares, Esq.

CASE NO.: 17-cr-00232

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the undersigned filed and served the Motion for

Leave to file the Amicus Brief, this 1st day of June, 2020 to the parties identified

below:

Deborah A. Curtis
U.S. ATTORNEY'S OFFICE FOR
THE DISTRICT OF COLUMBIA
555 Fourth Street, NW
Washington, DC 20530
(202) 252-6920
Email: deborah.curtis@usdoj.gov
TERMINATED: 09/27/2019
Designation: Assistant U.S. Attorney

Jocelyn S. Ballantine
U.S, ATTORNEY'S OFFICE FOR
THE DISTRICT OF COLUMBIA
555 4th Street, NW
Suite 11-445
Washington, DC 20001
(202) 252-7252
Email: jocelyn.ballantine2@usdoj.gov
ATTORNEY TO BE NOTICED
Designation: Assistant U.S. Attorney

Jesse R. Binnall, Esq.
HARVEY & BINNALL, PLLC
717 King Street, Suite 300
Alexandria, VA 22314
(703) 888-1943
Email: jbinnall@harveybinnall.com
Molly McCann :
mccann.mol@gmail.com
Jesse R. Binnall
jbinnall@harveybinnall.com
tricia@federalappeals.com
*Lead Attorney*

By: */s/ Lorenzo J. Palomares*
Lorenzo J. Palomares, Esq.

NAVARRO | McKOWN
66 W. Flagler Street, 6th Floor, Miami, FL 33130