*Leave to file GRANTED*

*[signature] Emmet G. Sullivan*
United States District Judge
9-28-2020

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL T. FLYNN<br><br>　　　　　Defendant | Crim. No. 17-232 (EGS)<br><br>Assigned to Judge<br>Emmet G. Sullivan |

## UNIFORMED SERVICES LEAGUE'S
## MOTION FOR LEAVE OF COURT TO FILE
## *AMICUS CURIAE* BRIEF IN SUPPORT OF DEFENDANT MICHAEL T. FLYNN

Proposed *Amicus Curiae*, the Uniformed Services League and the members of its Retired Military Officers Advisory Board, by and through local counsel Jonathon Moseley respectfully requests leave of Court to file a brief as an *amicus curiae* prepared by criminal defense attorney Todd M. Mosser, Esq., of Philadelphia, Pennsylvania with some contribution to its content and advice on the content by local counsel and attorney David Carroll.

The Brief is filed in support of the Defendant former National Security Advisor Lt. General (Ret.) Michael T. Flynn ("Flynn") in furtherance of the Government's Motion to Dismiss the Criminal Information Against the Defendant Michael T. Flynn (Docket No. 198) ("Government's Motion to Dismiss"). This Brief argues that the Government's Motion should be GRANTED, and moreover that Flynn is not in contempt and has not committed perjury.

*[handwritten annotation: 6 Motions for Leave to File / 1 Amicus Brief of Moseley]*

Proposed *Amicus Curiae* is not asking to intervene or represent any party and its role is limited only to the submission of the proposed brief and any oral argument as is requested by the Court.

## I.   GOVERNING LEGAL STANDARD

The classic role of the *amicus curiae* is to assist in a case of general public interest, supplement the efforts of counsel, and draw the court's attention to law that may otherwise escape consideration. *Miller-Wohl Co., Inc. v. Commissioner of Labor and Industry*, 694 F.2d 203, 204 (9th Cir. 1982); see also *New England Patriots Football Club, Inc., v. University of Colorado*, 592 F.2d 1196, 1198 n. 3 (1st Cir. 1979) (historically, the role of an amicus was "to aid the court in resolving doubtful issues of law").

Although there is no federal rule or statute governing participation by amicus curiae at the district court level, [1] see *United States v. Gotti*, 755 F.Supp. 1157, 1158 (E.D.N.Y. 1991), a federal district court has the inherent authority to invite participation by *amicus curiae* to assist the court in its proceedings. *United States v. Louisiana*, 751 F.Supp. 608, 620 (E.D. La. 1990); *United States v. Michigan*, 116 F.R.D. 655, 660 (W.D. Mich. 1987). The decision to invite or

---

[1]   Rule 29 of the Federal Rules of Appellate Procedure governs participation by *amici* in the Courts of Appeal.

2

accept participation by an amicus is committed to the sound discretion of the court. *Alexander v. Hall*, 64 F.R.D. 152, 155 (D.S.C. 1974).

"There are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as amicus must merely make a showing that his participation is useful to or otherwise desirable by the court." *Louisiana, supra*. Although some courts have required that the *amicus* possess some "unique information or perspective," this does not require any particular quantum of expertise beyond the expectation that the *amicus* will add significantly to, not merely parrot, the contributions from the lawyers from the parties. See *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997); see also Gotti, 755 F.Supp. at 1158-59, *supra*, (rejecting proffered amicus brief that merely parroted arguments of defendants).

There is no requirement that an amicus be disinterested. *Funbus Systems, Inc. v California Public Utilities Commission*, 801 F.2d 1120, 1125 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982). However, although *Amici* can support one side or the other, *Amici* may not coordinate with either side in the decision to prepare and file a brief or in the content, message or arguments of the brief. The brief should represent the concerns and interests of the *Amicus* itself.

3

## II.  PROPOSED AMICUS CURIAE'S BRIEF WILL BE USEFUL TO THE COURT

The *Amicus Curiae* brief of the Uniformed Services League, prepared and drafted by its counsel for this purpose, criminal defense attorney Todd M. Mosser, Esq., of Philadelphia, Pennsylvania, should be useful to this Court because it analyzes the standards for the U.S. Government's Motion to Dismiss the Indictment. The Court has invited comment on that question under these somewhat atypical circumstances. Rather than denying the power of the Court to exercise its discretion in adjudicating the Government's Motion to Dismiss, the brief acknowledges this discretion. The brief explores in detail when and why that discretion comes into play and analyzes the factors at issue in this present case that guide the use of the Court's discretion.

The brief also addresses the contempt issue raised by this Court. Moreover, as has been unaddressed by other *Amici* to date, the brief also addresses the perjury issue raised by the Court.

The *Amicus Curiae* is especially interested on behalf of active military personnel or veterans who are driven by a heightened sense of honor and personal sacrifice when pleading guilty to charges only to later learn that they are actually innocent. *Amicus Curiae* are concerned that current and former military personnel put into high-pressure situations, politicized situations, and even situations that may appear to benefit the United States in foreign policy if the uniformed service

4

member improperly pleads guilty, may feel the need to plead guilty when in fact under legal principles no crime occurred or a lesser crime occurred. Therefore, the USL believes it is important that an accused person can plead guilty only with respect to the facts, their acts, or omissions, but cannot be held to have knowingly conceded the law or legal principles when subsequent information disproving the applicability of those principals arises.

This brief also covers information by way of declassified transcripts released on May 29, 2020, of phone calls between Michael Flynn and Russian Ambassador Sergei Kislayak. The brief analyzes this and other information in terms of whether Flynn's discussions with visiting FBI agents were material to any valid investigation as is required for a crime to exist of lying to the FBI.

Changed circumstances and newly revealed information since Judge Rudolph Contreras heard Flynn's plea now warrant re-examination under this new information and acceptance of the U.S. Department of Justice's Government's Motion to Dismiss.

The brief also analyzes the controversy which took center stage in Acting Attorney General Sally Yates confronting the White House Counsel Don McGahn about Michael Flynn's actions under the Logan Act, and whether Flynn has committed perjury or contempt.

### III.   INTEREST OF AMICUS CURIAE

The Uniformed Services League, a project of the U.S. Public Policy Council, is a non-profit organization dedicated to providing aid to current and former members of the Armed Services who find themselves in legal jeopardy. We are particularly concerned with politically motivated prosecutions both at home and abroad. USL is recognized as a non-profit organization under Section 501(c)(4) of the IRS tax code. It is associated with the Freedom Center Foundation, recognized under Section 501(c)(3) of the IRS Tax Code which has helped pay for expenses such as incidental costs associated with the filing of this brief and the donation for the Michael Flynn legal defense fund.

Since 2004, we have provided support for current and former members of the Armed Services who faced prosecution and have advocated for those in jeopardy to be treated with fairness. Our mission is to see to it that our nation's Soldiers, Sailors, Marines, and Airmen who are thrust into the public arena by way of serious allegations of wrongdoing are afforded the full protections of due process.

USL also includes its Retired Military Officers Advisory Board, with Lt. Colonel Dennis Gillem, USA (Ret.) serving as its Chairman. The Board is comprised of military veterans who are concerned about current and former military personnel being at legal risk often for political reasons in carrying out the

decisions of governmental leaders.

USL has supported servicemen unfairly accused of crimes in the past, such as Sgt. Derrick Miller; the Biden 4 group of four combat veterans jailed for returning fire in the defense of a U.S. diplomat in Iraq; First Sgt. John Hatley; Navy SEAL Chief Dave Swarts; Lt. Clint Lorance; Major Matt Golsteyn; Navy SEAL Chief Edward Gallagher; Navy Sailor Kristian Saucier; and Lt. Michael Behenna. The latter five (5) received a Presidential Pardon in 2019. Support for these men was given via nationwide petition campaigns, newsletters, and booklets reaching 1 million or more Americans; Symposia on Capitol Hill at the House of Representatives; three premium placement (page 3 or back page) full page ads in *The Washington Times* supporting a Presidential Pardon; and meetings building support for these causes with Congressmen and staff.

The Retired Military Officers Advisory Board has in the past been led by the late former Chairman of the Joint Chief of Staff, Admiral Thomas Moorer, USN (Ret.) as its Honorary Chairman and by the late Major General Richard Anson, USA (Ret.) as its Chairman. It is currently led by Lt. Colonel Dennis Gillem, USA (Ret.), as its Chairman. Over the past 30 years there have been over 100 flag rank officers on the Retired Military Officers Advisory Board, as well as additional members at other ranks from General, Colonel, Lt. Colonel and below.

Leaders of the organization have in the past helped Lt. Colonel Oliver North and Secretary of Defense Caspar Weinberger with direct financial assistance to help defray their legal expenses when they were unfairly accused of crimes and currently, and have currently arranged for a donation of $5,000 to help with General Michael Flynn's legal expenses, with additional support pledged.

Our counsel (Mr. Mosser) has served as either a prosecutor or criminal defense attorney for nearly two decades, and as a defense lawyer, has exposed government misconduct in other criminal cases. Mr. Mosser is also a former Captain in the United States Army Reserve, JAG Corps, and as such has an interest in seeing to it that a vaunted military hero such as Flynn be vindicated, as the Government now seeks.

We respectfully submit that we can aid this Court in addressing the two crucial questions it has asked in this unique case of high import because we are prepared to make arguments that heretofore have not been raised by the parties.

## IV. <u>CERTIFICATION OF INDEPENDENCE</u>

Proposed *Amicus Curiae* certifies that its brief, involvement, and participation herein has not been requested, paid for by, nor coordinated with any party to this case, directly or indirectly or through any intermediary.

## V. <u>CONCLUSION</u>

Proposed *Amicus Curiae* respectfully requests that this Court grant this motion, allow it to participate as *Amici Curiae*, and accept for filing the brief submitted with this motion.

Dated:   June 1, 2020　　　　　　　Respectfully submitted,

*Jonathon Moseley*
*Local Counsel*
*Virginia State Bar # 41058*
*Admitted to this Court*
*3823 Wagon Wheel Lane*
*Woodbridge, Virginia 22192*
*Email Contact@JonMoseley.com*
*Phone number (703) 656-1230*
*On behalf of the Uniformed Services League*

9

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing motion and proposed brief will be delivered electronically on June 1, 2020, to counsel for Defendant and the Government through the District's Electronic Case Filing system, by electronic mail, and by physical mail by the U.S. Postage Service, first class mail, postage prepaid.

TIMOTHY J. SHEA
United States Attorney
D.C. Bar 437437

Jocelyn Ballantine
Assistant United States Attorney
555 4th Street NW
Washington, D.C. 20530
jocelyn.ballantine2@usdoj.gov

Sidney Powell
Molly McCann
Sidney Powell, P.C.
2911 Turtle Creek Blvd.,
Suite 300
Dallas, Texas 75219
Tel: 214-707-1775
sidney@federalappeals.com
Admitted Pro Hac Vice
molly@federalappeals.com
*Admitted Pro Hac Vice*

W. William Hodes
The William Hodes Law Firm
3658 Conservation Trail
The Villages, Florida 32162
Tel: (352) 399-0531
Fax: (352) 240-3489
Admitted Pro Hac Vice

Jesse R. Binnall

10

Lindsay R. McKasson
Harvey & Binnall, PLLC
717 King Street, Suite 300
Alexandria, VA 22314
Tel: (703) 888-1943
Fax: (703) 888-1930
jbinnall@harveybinnall.com
lmckasson@harveybinnall.com
Admitted Pro Hac Vice

## CERTIFICATE OF CONSULTATION

I hereby certify that on May 29, 2020, at 5:12 PM EST, I sent a draft copy of the *Amicus Curiae*'s proposed brief to the counsel of record for the parties in this case asking if they opposed or consented with the filing of the brief. The Government responded that it takes no position. We have not yet heard from counsel for Lt. Gen. Flynn.

Jonathon A. Moseley, Esq.

11