Leave to file GRANTED

*Ernest S. Sullivan*

United States District Judge

9-28-2020

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

MICHAEL T. FLYNN,

*Defendant.*

Case No. 17-cr-00232 (EGS)

## MOTION OF THE CHAIRMAN AND MEMBERS OF THE
## COMMITTEE ON THE JUDICIARY, U.S. HOUSE OF REPRESENTATIVES
## AS AMICI CURIAE IN SUPPORT OF NEITHER PARTY

Under Local Rule 7(o) and this Court's minute orders of May 12 and May 19, the Chairman and members of the Committee on the Judiciary of the U.S. House of Representatives hereby seek leave to file a brief as amici in support of neither party. Counsel for the United States has indicated that the United States will take no position on any of the motions for leave to file by an amici. Counsel for defendant Michael Flynn did not respond to our request for consent.

The House Judiciary Committee has oversight authority over the U.S. Department of Justice, the federal courts, and the criminal justice system. Amici seek leave to file their brief to emphasize the complementary but distinct responsibilities of Congress and the Judiciary to ensure that federal prosecutorial decisions are never dictated by partisanship, favoritism, or corruption. Specifically, amici write to highlight the critical importance of courts' authority under Federal Rule of Criminal Procedure 48(a) to determine whether "efforts to terminate the prosecution" have been "tainted with impropriety." *Rinaldi v. United States*, 434 U.S. 22, 30 (1977). When the President and his Attorney General intervene, over the objection of career prosecutors, to stop a federal judge from sentencing the President's close political ally for committing a serious crime, it is imperative that the federal courts not "serve merely as a rubber stamp." *United States v. Ammidown*, 497 F.2d 615, 622 (D.C. Cir. 1974).

Both Congress and the courts play essential roles, within their spheres of authority, to check prosecutorial abuses by the Executive Branch. Congress has the power to investigate

1

whether "the Attorney General and his assistants" are "misdirect[ing]" their "duties in respect of the institution and prosecution of proceedings to punish crimes." *McGrain v. Daugherty*, 273 U.S. 135, 177 (1927). But for Congress to intercede in specific cases risks "tread[ing] impermissibly on judicial turf." *Bank Markazi v. Peterson*, 136 S. Ct. 1310, 1323 (2016). It is the court itself that has the inherent authority, and responsibility, to police "acts which degrade the judicial system," including "misleading and lying to the Court." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 32, 41-44 (1991). And, here, the need for judicial oversight is even more pronounced because Attorney General Barr has stonewalled congressional oversight at every turn.

Barr now seeks to stonewall this Court too, arguing that this Court lacks discretion to do anything except lend its imprimatur to his decision to seek dismissal. But Barr's decision "does not relieve this Court of the performance of the judicial function." *Young v. United States*, 315 U.S. 257, 258 (1942). "[T]he proper administration of the criminal law cannot be left merely to the stipulation of parties." *Id.* Rule 48(a) instead requires "leave of court"—a requirement that the Supreme Court insisted upon precisely to "guard against dubious dismissals of criminal cases that would benefit powerful and well-connected defendants." Thomas Ward Frampton, *Why Do Rule 48(a) Dismissals Require "Leave of Court"?*, 73 Stan. L. Rev. Online (forthcoming 2020) (manuscript at 2). Without this requirement, a prominent judge warned at the time, "one corrupt United States attorney could dismiss an indictment and defeat the judicial process." 2 Madeline J. Wilken & Nicholas Triffin, *Drafting History of the Federal Rules of Criminal Procedure* 269 (1991).

Congress and the Supreme Court, through the Rules Enabling Act, thus empowered this Court to thwart Executive Branch corruption or favoritism, "preserv[ing] the essential judicial function of protecting the public interest in the evenhanded administration of criminal justice." *United States v. Cowan*, 524 F.2d 504, 512 (5th Cir. 1975). In this way, "the phrase 'by leave of court' in Rule 48(a) was intended to modify and condition the absolute power of the Executive, consistent with the Framer's concept of Separation of Powers, by erecting a check on the abuse of the Executive's prerogatives." *Id.* at 513. "[I]t was intended as a power to check power." *Id.*

The proposed amicus brief is filed in support of neither party by Representative Jerrold Nadler of New York, Chair of the Committee on the Judiciary of the U.S. House of Representatives, and by the following members of the Committee:

Representative Mary Gay Scanlon (Pennsylvania)

Representative Zoe Lofgren (California)

Representative Sheila Jackson Lee (Texas)

Representative Steve Cohen (Tennessee)

Representative Henry C. "Hank" Johnson (Georgia)

Representative Theodore E. Deutch (Florida)

Representative Karen Bass (California)

Representative Cedric Richmond (Louisiana)

Representative Hakeem Jeffries (New York)

Representative David N. Cicilline (Rhode Island)

Representative Eric Swalwell (California)

Representative Ted Lieu (California)

Representative Jamie Raskin (Maryland)

Representative Pramila Jayapal (Washington)

Representative Val Butler Demings (Florida)

Representative J. Luis Correa (California)

Representative Sylvia Garcia (Texas)

Representative Joe Neguse (Colorado)

Representative Lucy McBath (Georgia)

Representative Greg Stanton (Arizona)

Representative Madeleine Dean (Pennsylvania)

Representative Debbie Mucarsel-Powell (Florida)

Representative Veronica Escobar (Texas)

For the foregoing reasons, the Court should grant the Chairman and members of the House Judiciary Committee leave to file their brief as amici curiae.

June 10, 2020                                   Respectfully submitted,

                                                */s/ Deepak Gupta*
                                                DEEPAK GUPTA
                                                GUPTA WESSLER PLLC
                                                1900 L Street, NW, Suite 312
                                                Washington, DC 20036
                                                (202) 888-1741
                                                *deepak@guptawessler.com*

                                                *Counsel for Amici Curiae*

4