Leave to file GRANTED

*Emmet G. Sullivan* (signature)

United States District Judge

9-28-2020

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,    )
                             )
          v.                 )
                             )    Crim. No. 17-232 (EGS)
MICHAEL T. FLYNN,            )
                             )
              *Defendant.*   )    Judge Sullivan

BRIEF OF LAWYERS DEFENDING AMERICAN DEMOCRACY, INC. AS
*AMICUS CURIAE* IN OPPOSITION TO THE GOVERNMENT'S MOTION TO DISMISS

### Index

Table of Authorities ................................................................................................. ii

Questions Presented ................................................................................................. 1

Facts ......................................................................................................................... 1

Governing Rule ......................................................................................................... 2

Legal Standard ......................................................................................................... 2

Summary of Argument ............................................................................................. 3

Argument .................................................................................................................. 4

    I. THE GOVERNMENT'S MOTION IS NOT IN GOOD FAITH ...................................... 4

    II. THERE IS NO LEGAL BASIS FOR DISMISSAL ...................................................... 13

    III. DISMISSAL WITH PREJUDICE IS UNWARRANTED ........................................... 17

    IV. THE ADMINISTRATION HAS AN ALTERNATIVE REMEDY ............................. 18

Conclusion ............................................................................................................... 19

**Table of Authorities**

Cases:

*Heckler v. Cheney*, 470 U.S. 821 (1985) ................................................................................ 15

*Jacobson v. United States*, 530 U.S. 540 (1992) ...................................................................... 18

*Knight First Amend. Inst. at Columbia Univ. v. Trump*, 925 F.3d 226 (2d Cir. 2019)................. 5

*Parr v. United States*, 225 F.2d 329 (5th Cir. 1955).................................................................. 18

*Petite v. United States*, 361 U.S. 529 (1960) ........................................................................... 11

*United States v. Ammidown*, 497 F.2d 615 (D.C. Cir. 1973)................................................. 3, 4

*United States v. Armstrong*, 517 U.S. 456 (1996) ................................................................... 15

*United States v. Cowan*, 524 F.2d 504 (5th Cir. 1975)............................................................... 2

*United States v. Flynn*, Crim. No. 17-232 (EGS) (D.D.C.) ............................................... *passim*

*United States v. Flynn*, 411 F. Supp. 3d 15 (D.D.C. 2019) ...................................................... 16

*United States v. Fokker Services B.V.*, 818 F.3d 733 (D.C. Cir. 2016) ............................... 14, 15

*United States v. Hamm*, 659 F.2d 624 (5th Cir. 1981)................................................................ 3

*United States v. James*, 861 F. Supp. 151 (D.D.C. 1994).......................................................... 2

*United States v. Pitts*, 331 F.R.D. 199 (D.D.C. 2019) ............................................................... 2

*United States v. Salinas*, 693 F.2d 348 (5th Cir. 1982) ....................................................... 3, 4, 18

*United States v. Smith*, 467 F.3d 785 (D.C. Cir. 2006)............................................................ 14

*United States v. Strayer*, 846 F.2d 1262 (10th Cir. 1988) ......................................................... 2

*In re Washington*, 544 F.2d 203 (5th Cir. 1976) (en banc), *rev'd on other grounds*
   *sub nom. Rinaldi v. United States*, 434 U.S. 22 (1977) ................................. 3, 4, 11, 13, 14, 17

*Watts v. United States*, 422 U.S. 1032 (1975) ......................................................................... 14

Statutes:

Logan Act, 18 U.S.C. § 953 ....................................................................................................... 16

18 U.S.C. § 1001 .................................................................................................................. 1, 16

Rules of Court:

Fed. R. Crim. P. 11(d)(2)(B)..................................................................................................... 12

Fed. R. Crim. P. 33 ................................................................................................................... 12

Fed. R. Crim. P. 48(a).......................................................................................................... *passim*

Regulations:

Dep't of Justice Manual § 9-140.112......................................................................................... 19

Miscellaneous:

Mary B. McCord, *The Truth About the Flynn Case*, N.Y. Times, May 13, 2020,
   at A27, col. 2............................................................................................................................ 18

### Brief *Amicus Curiae*

*Questions Presented*

I. IS THE MOTION MADE IN GOOD FAITH?

II. HAS THE GOVERNMENT SHOWN CAUSE TO DISMISS?

III. SHOULD THE GOVERNMENT BE PERMITTED TO USE THE COURT'S PROCESS TO GRANT THE EQUIVALENT OF A PARDON?

*Facts*

Lieutenant General Michael T. Flynn, U.S. Army (Retired), was charged with a variety of offenses under federal law. Following negotiations with the Government and in consultation with counsel from a distinguished law firm, he pleaded to a single count under 18 U.S.C. § 1001 of making a materially false statement to the FBI. The Court accepted that plea in 2017 and again in 2018, each time following General Flynn's admission that he committed the offense. He is awaiting sentencing.

Following repeated public statements by President Trump and members of his administration supporting General Flynn and questioning the legitimacy and integrity of the Government's investigation and prosecution, as well as the legitimacy and institutional integrity of the FBI, the Department of Justice, the Intelligence Community, members of the Obama administration and the federal courts, the Government now seeks to unravel the effects of its own investigation and the crime to which General Flynn has pleaded guilty. It claims (at 19-20) that it seeks to do so on the implausible ground that the false statements he admitted having made to the FBI were not material to any bona fide investigation and that the evidence is insufficient to prove its case beyond a reasonable doubt.

*Governing Rule*

Rule 48(a) of the Federal Rules of Criminal Procedure provides:

> BY THE GOVERNMENT. The Government may, with leave of court, dismiss an indictment, information, or complaint. The Government may not dismiss the prosecution during trial without the defendant's consent.

*Legal Standard*

At common law, prosecutors had unfettered discretion to *nolle pros* a case. Rule 48(a) altered that practice by requiring leave of court. This helps ensure that any such dismissal is consistent with the law and reflects good faith official decision making.

Under Rule 48(a), "as considerable precedent has emphasized, the only protection against the abuse of prosecutorial discretion lies with the court."[1] Further, the rule is "intended to allow the courts to consider the 'public interest, fair administration of criminal justice and preservation of judicial integrity.' To advance these broader goals, a district court may act where a prosecutor acts in bad faith, or where the prosecution's motion 'is prompted by considerations clearly contrary to the public interest.'"[2] Among the uses that are seen as contrary to the public interest is the strategic use of Rule 48(a) to correct what the Government perceives to be defects in its case.[3]

Rule 48(a) does not "confer on the Judiciary the power and authority to usurp or interfere with the good faith exercise of the Executive power to take care that the laws are faithfully executed. . . . The exercise of its discretion with respect to the termination of pending prosecutions should not be judicially disturbed unless clearly contrary to manifest public interest."[4] However, when it makes a Rule 48(a) motion, the Government "is under an obligation to supply sufficient

---

[1] *United States v James*, 861 F. Supp. 151, 155 (D.D.C. 1994).

[2] *Id* at 155-56 (quoting *United States v Strayer*, 846 F.2d 1262, 1265 (10th Cir. 1988)).

[3] *United States v. Pitts*, 331 F.R.D. 199, 205 (D.D.C. 2019) (noting that strategic use of Rule 48(a) is not permitted "simply because the Government seeks to cure its self-inflicted defects in this case").

[4] *United States v Cowan*, 524 F.2d 504, 513 (5th Cir. 1975).

reasons — reasons that constitute more than a 'mere conclusory interest.'"[5]  While courts indulge a presumption of good faith when the Government seeks dismissal under Rule 48(a), that presumption is rebutted when evidence is presented that the motion is not made in good faith. "In such a case, Rule 48(a) mandates that the court deny the Government's motion to dismiss the indictment: 'under the discretion yielded to [the court] by [Rule] 48(a) to "check [an] abuse of Executive prerogative," the court can and must deny the motion to dismiss.'"[6]  Therefore, while the Government enjoys significant discretion in deciding whether to make a Rule 48(a) motion, the Court should not "serve merely as a rubber stamp for the prosecutor's decision."[7]

### Summary of Argument

Given the facts and lengthy procedural history of this case, including (i) repeated public statements by members of the Executive Branch with influence over the decision to seek dismissal under Rule 48(a), (ii) the important public interests at stake in respect of the basic fairness, independence and good faith of federal law enforcement and the federal courts, and (iii) the availability of a pardon as an alternative means of achieving the Government's obvious objective, the Court should deny the motion.

The Government has not presented a cogent legal or factual basis for dismissal. Even if it had, the relief sought—dismissal with prejudice—is unjustified. The motion seeks to have the Court grant what is, in practical effect, a pardon. The Court should decline this poisoned chalice.

---

[5] *United States v Salinas*, 693 F.2d 348, 352 (5th Cir. 1982) (quoting *United States v Hamm*, 659 F.2d 624, 631 n.23 (5th Cir. 1981)).

[6] *Salinas*, 693 F.2d at 352 (quoting *In re Washington*, 544 F.2d 203, 209 (5th Cir. 1976) (en banc), *rev'd on other grounds sub nom Rinaldi v United States*, 434 U.S. 22 (1977) (citation omitted)).

[7] *United States v. Ammidown*, 497 F.2d 615, 622 (D.C. Cir. 1973).

*Argument*

I

### THE GOVERNMENT'S MOTION IS NOT IN GOOD FAITH

The Government is entitled to the usual presumption of good faith when it seeks to dismiss a prosecution.[8] In this case, however, extensive and undisputed evidence on the public record rebuts that presumption and demonstrates that the effort to dismiss this case is contrary to the public interest. The Government's lack of good faith is fatal to its motion.[9]

The Government's effort to construct a good faith rationale by attaching page after page of irrelevant narrative and conclusory statements cannot rescue it from its own unjustifiable conduct.[10] Indeed, it is clear from President Trump's numerous public statements that if he could rewind the tape, he would have prevented the FBI from investigating or interviewing General Flynn in the first place, in which case General Flynn could have neither lied to the FBI nor pled guilty for doing so. Strategic efforts to rewrite history or cure what a prosecutor perceives to be shortcomings in law enforcement and prosecutorial decisions are not acceptable grounds for invoking Rule 48(a).[11]

---

[8] *Salinas*, 693 F.2d at 352.

[9] *See, e g , Rinaldi,* 434 U.S. at 30 (if the prosecutor's motion to dismiss was not "tainted with impropriety," and was not "motivated by considerations ... 'clearly contrary to manifest public interest,'" the trial court could not properly deny the prosecutor's motion).

[10] *Ammidown,* 497 F.2d at 620 ("in the exercise of its responsibility, the court will not be content with a mere conclusory statement by the prosecutor that dismissal is in the public interest, but will require a statement of reasons and underlying factual basis. . .[T]he court does not have primary responsibility, but rather the role of guarding against abuse of prosecutorial discretion. The rule contemplates exposure of the reasons for dismissal 'in order to prevent abuse of the uncontrolled power of dismissal previously enjoyed by prosecutors,' and in pursuance of this purpose 'to gain the Court's favorable discretion, it should be satisfied that the reasons advanced for the proposed dismissal are substantial.').

[11] *See, e.g., Salinas*, 693 F.2d at 352 (rejecting a Rule 48(a) dismissal where the Government's stated reason for making the motion was that it was "displeased" with the selected jury).

A

The public record is replete with evidence of a lack of good faith. Extensive public statements by President Trump over the three years since General Flynn first pled guilty make it clear, first, that exonerating him has been one of the President's enduring political priorities, and second, that the Government's motion is politically motivated and not intended to correct a legal error or vindicate some other legitimate interest:

*Tweets*[12]

May 8, 2020: "Yesterday was a BIG day for Justice in the USA. Congratulations to General Flynn, and many others. I do believe there is MUCH more to come! Dirty Cops and Crooked Politicians do not go well together!"[13]

Apr. 30, 2020: "What happened to General Michael Flynn, a war hero, should never be allowed to happen to a citizen of the United States again!"[14]

Apr. 30, 2020: "Does anybody really believe that Roger Stone, a man whose house was raided early in the morning by 29 gun toting FBI Agents (with Fake News @CNN closely in toe [*sic*]), was treated fairly. How about the jury forewoman with her unannounced hatred & bias. Same scammers as General Flynn!"[15]

---

[12] The tweets are official statements. *Knight First Amend. Inst. at Columbia Univ. v. Trump*, 925 F.3d 226, 234-36 (2d Cir. 2019). They and the President's other statements about General Flynn are available at factba.se/search#Flynn.

[13] Donald J. Trump, @realDonaldTrump, Twitter (May 8, 2020, 7:18 a.m.), https://twitter.com/realDonaldTrump/status/1258717838849847298.

[14] Donald J. Trump, @realDonaldTrump, Twitter (Apr. 30, 2020, 7:47 a.m.), https://twitter.com/realDonaldTrump/status/1255826177350144001.

[15] Donald J. Trump, @realDonaldTrump, Twitter (Apr. 30, 2020, 7:47 a.m.), https://twitter.com/realDonaldTrump/status/1255825998521741312.

Apr. 29, 2020 Trump retweets his son Donald Trump Jr.'s tweet: "Not only should general Flynn's charges be dropped immediately but the treasonous actors who set him up should be in jail!!!"[16]

Apr. 29, 2020: "@CNN doesn't want to speak about their persecution of General Michael Flynn & why they got the story so wrong. They, along with others, should pay a big price for what they have purposely done to this man & his family. They won't even cover the big breaking news about this scam!"[17]

Mar. 15, 2020: "So now it is reported that, after destroying his life & the life of his wonderful family (and many others also), the FBI, working in conjunction with the Justice Department, has "lost" the records of General Michael Flynn. How convenient. I am strongly considering a Full Pardon!"[18]

Oct. 26, 2019: "General Michael Flynn's attorney is demanding that charges be immediately dropped after they found that FBI Agents manipulated records against him. They say that James Clapper told a reporter to "take a kill shot at Flynn. This has been a complete setup of Michael Flynn........They exonerated him completely of being an agent of Russia (Recently Crooked Hillary charged Tulsi Gabbard & Jill Stein with the same thing – SICK), and yet Mr. Comey still runs to the White House on February 14 and conjures up the Obstruction of Justice narrative against.......the President when Flynn had been cleared of everything long before that. The DOJ is withholding a lot of evidence & information, as are Clapper & Brennan & all of the

---

[16] Donald J. Trump, @realDonaldTrump, Twitter (Apr. 29, 2020, 6:59 p.m.), https://twitter.com/donaldjtrumpjr/status/1255632802571304960.

[17] Donald J. Trump, @realDonaldTrump, Twitter (Apr. 29, 2020, 11:52 p.m.), https://twitter.com/realDonaldTrump/status/1255706636972363776.

[18] Donald J. Trump, @realDonaldTrump, Twitter (Mar. 15, 2020, 1:29 p.m.), https://twitter.com/realDonaldTrump/status/1239242219019735042.

people who participated in the complete setup of Michael Flynn."(Terrible!) Sidney Powell. This is a disgrace!"[19]

June 13, 2019: "General Michael Flynn, the 33 year war hero who has served with distinction, has not retained a good lawyer, he has retained a GREAT LAWYER, Sidney Powell. Best Wishes and Good Luck to them both!" [20]

May 17, 2019: "It now seems the General Flynn was under investigation long before was common knowledge. It would have been impossible for me to know this but, if that was the case, and with me being one of two people who would become president, why was I not told so that I could make a change?"[21]

Dec. 18, 2018: "Good luck today in court to General Michael Flynn. Will be interesting to see what he has to say, despite tremendous pressure being put on him, about Russian Collusion in our great and, obviously, highly successful political campaign. There was no Collusion!"[22]

Dec. 16, 2018: "It looks here as though General Flynn's defenses are incidental to something larger which is for the prosecution to figure out if it can find a path to Donald Trump without quite knowing what that crime might be. It stops looking like prosecution and more looking like......They gave General Flynn a great deal because they were embarrassed by the way he was treated - the FBI said he didn't lie and they overrode the FBI. They want to scare everybody

---

[19] Donald J. Trump, @realDonaldTrump, Twitter (Oct. 26, 2019, 7:02 a.m.), https://twitter.com/realDonaldTrump/status/1188048258255540224 (thread).

[20] Donald J. Trump, @realDonaldTrump, Twitter (Jun. 13, 2019, 6:21 a.m.), https://twitter.com/realDonaldTrump/status/1139115655532298240.

[21] Donald J. Trump, @realDonaldTrump, Twitter (May 17, 2019, 10:35 a.m.), https://twitter.com/realDonaldTrump/status/1129394914427453442.

[22] Donald J. Trump, @realDonaldTrump, Twitter (Dec. 18, 2018, 6:41 a.m.), https://twitter.com/realDonaldTrump/status/1074993036831191045.

into making up stories that are not true by catching them in the smallest of misstatements. Sad!......"[23]

Apr. 20, 2018: "So General Michael Flynn's life can be totally destroyed while Shadey James Comey can Leak and Lie and make lots of money from a third rate book (that should never have been written). Is that really the way life in America is supposed to work? I don't think so!"[24]

Dec. 3, 2017: "I never asked Comey to stop investigating Flynn. Just more Fake News covering another Comey lie!"[25]

Dec. 2, 2017: "So General Flynn lies to the FBI and his life is destroyed, while Crooked Hillary Clinton, on that now famous FBI holiday "interrogation" with no swearing in and no recording, lies many times...and nothing happens to her? Rigged system, or just a double standard?"[26]

Dec. 2, 2017: "I had to fire General Flynn because he lied to the Vice President and the FBI. He has pled guilty to those lies. It is a shame because his actions during the transition were lawful. There was nothing to hide!"[27]

Mar. 31, 2017: "Mike Flynn should ask for immunity in that this is a witch hunt (excuse for big election loss), by media & Dems, of historic proportion!'"[28]

---

[23] Donald J. Trump, @realDonaldTrump, Twitter (Dec. 16, 2018, 3:29 p.m.), https://twitter.com/realDonaldTrump/status/1074401243857108993.

[24] Donald J. Trump, @realDonaldTrump, Twitter (Apr. 20, 2018, 6:34 a.m.), https://twitter.com/realDonaldTrump/status/987278269765517312.

[25] Donald J. Trump, @realDonaldTrump, Twitter (Dec. 3, 2017, 6:15 a.m.), https://twitter.com/realDonaldTrump/status/937279001684598784.

[26] Donald J. Trump, @realDonaldTrump, Twitter (Dec, 2, 2017, 9:06 p.m.), https://twitter.com/realDonaldTrump/status/937141061343956992.

[27] Donald J. Trump, @realDonaldTrump, Twitter (Dec. 2, 2017, 12:14 p.m.), https://twitter.com/realDonaldTrump/status/937007006526959618.

[28] Donald J. Trump, @realDeonaldTrump, Twitter (Mar. 31, 2017, 7:04 a.m.), https://twitter.com/realDonaldTrump/status/847766558520856578.

**Remarks to the Media**

May 7, 2020

"It looks like to me that he would be exonerated based on everything that I see. I'm not the judge, but I have a different type of power. I don't know that anybody would have to use that power. I think that he is exonerated.

"Look at what they did to the guy... 'They came at him with 15 buses and he's standing in the middle of a highway. What they did to this man. They tormented him.

"They destroyed him but he's going to come back, like I say he's going to come back, bigger and better."[29]

*Oval Office*, May 7, 2020

"He was an innocent man. He is a great gentleman. He was targeted by the Obama administration and he was targeted in order to try and take down a president."

"It's a disgrace. The Obama administration Justice Department was a disgrace and they got caught. They got caught, very dishonest people but much more. ... It's treason. It's treason"

"So I'm very happy for General Flynn."[30]

*NBC*, May 11, 2017

---

[29] Associated Press, *Trump praise of 'tormented' Flynn raises pardon speculation* (May 12, 2020), https://wtop.com/Government/2020/05/lawyers-for-michael-flynn-release-internal-fbi-emails-notes/.

[30] Yahoo! News, *Trump blasts 'human scum' who investigated the administration as Justice Department drops criminal case against Michael Flynn* (May 7, 2020), https://news.yahoo.com/trump-blasts-human-scum-as-doj-drops-flynn-case-215918436.html.

"This man [Flynn] has served for many years, he's a general, he's a — in my opinion — a very good person. I believe that it would be very unfair to hear from somebody who we don't even know and immediately run out and fire a general." [31]

*Face the Nation,* Apr. 30, 2017

"The concept of Russia with respect to us is a total phony story ... I just heard where General Flynn got his clearance from the Obama administration." [32]

*Request to FBI Director Comey to shut down Flynn investigation,* reported May 16, 2017

"I hope you can see your way clear to letting this go, to letting Flynn go," Mr. Trump told Mr. Comey, according to the memo. "He is a good guy. I hope you can let this go." [33]

*To reporters,* Feb. 17, 2017

"I don't think he did anything wrong. If anything, he did something right... He was just doing his job. The thing is, he didn't tell our Vice President properly and then he said he didn't remember." [34]

*To reporters,* Feb. 15, 2017

"Michael Flynn, General Flynn is a wonderful man. I think he's been treated very, very unfairly by the media — as I call it, the fake media, in many cases. And I think it's really a sad thing that he was treated so badly. I think, in addition to that, from intelligence — papers are being leaked, things are being leaked. It's criminal actions, criminal act, and it's been going on for a long

---

[31] NBCNews.com, *Trump Interview with Lester Holt  President Asked Comey If He Was Under Investigation* (May 11, 2017), https://www.nbcnews.com/news/us-news/trump-reveals-he-asked-comey-whether-he-was-under-investigation-n757821.

[32] Face the Nation, Apr. 30, 2017 (transcript posted May 1, 2017), https://www.cbsnews.com/news/face-the-nation-transcript-april-30-2017-president-trump/.

[33] Michael Schmidt, *Trump Appealed to Comey to Halt Inquiry Into Aide,* N.Y. Times, at A1 (May 16, 2017).

[34] Remarks by President Trump in Press Conference (Feb. 17, 2017), https://www.whitehouse.gov/briefings-statements/remarks-president-trump-press-conference/.

time — before me. But now it's really going on, and people are trying to cover up for a terrible loss that the Democrats had under Hillary Clinton."

"I think it's very, very unfair what's happened to General Flynn, the way he was treated, and the documents and papers that were illegally — I stress that — illegally leaked. Very, very unfair." [35]

B

The Government reliance (at 10-11) on *Rinaldi* is misplaced. There the Supreme Court held that it was an abuse of discretion to deny a Rule 48(a) motion because the Government had earlier violated settled policy against multiple prosecutions for the same offense. *See Petite v. United States*, 361 U.S. 529 (1960). The "salient issue," the Court noted, is "whether the Government's later effort to terminate the prosecution was similarly tainted with impropriety." 434 U.S. at 30. We respectfully submit that a Rule 48(a) motion that is transparently driven by presidential political considerations (as opposed to a mine run wish to correct a legal error or vindicate some other legitimate, nonpolitical official interest) is similarly "tainted with impropriety."

*Rinaldi* is, in any event, clearly distinguishable. The Government there moved to dismiss when it belatedly acknowledged that it had violated the Petite Policy. The district court denied the motion on the ground that the Government had misled it at an earlier stage of the proceeding by falsely representing that the prosecution had been properly authorized. Denial of the Government's motion made little sense because the motion was simply an effort to rectify the Government's own

---

[35] Remarks by President Trump and Prime Minister Netanyahu of Israel in Joint Press Conference (Feb. 15, 2017), https://www.whitehouse.gov/briefings-statements/remarks-president-trump-prime-minister-netanyahu-israel-joint-press-conference/.

past wrongful behavior. It is easy to see why the Fifth Circuit and ultimately the Supreme Court regarded the denial as an abuse of discretion.

Here, in contrast, there was no *per se* violation of policy in bringing the case against General Flynn. He lied and admitted that he lied when the FBI interviewed him. Whether he should have been interviewed in the first place is irrelevant. It was General Flynn's lies, not the FBI's decision to interview him, that constituted the crime. Unless he was coerced or entrapped into lying, there is no reason to absolve him of his crime.

Beyond this, the circumstances threaten public confidence in the administration of justice in ways that transcend this case, important as it is given the high office General Flynn occupied at the time. Mindful that the matter has already caused the Court to invest unusual amounts of time and effort because of the his shifting conduct and trifling with the legal process, an examination framed in terms of good faith is warranted for institutional reasons because the Court, especially in this District, must be able to rely without question on the Department of Justice to act with probity and in keeping with the highest traditions of the bar.

The Government's motion reads more like a brief for the defendant than for the prosecution. Not surprisingly, General Flynn consented to it. ECF No. 202. But the parties' agreement does not make Rule 48(a) the proper tool for achieving the goal they now share of getting him off the hook. His plea must stand unless he either makes a well-founded motion to withdraw his pleas[36] (and vacate the conviction) or moves for a new trial under Fed. R. Crim. P. 33. He has not moved for a new trial, and the Government's motion does not set forth grounds that would come close to satisfying that rule in any event. Of course, he might file such a motion and

---

[36] Fed. R. Crim. P. 11(d)(2)(B) requires the defendant to "show a fair and just reason for requesting the withdrawal."

the Government could concede relief, but such a concession, like a confession of error, would still require the Court to satisfy itself that the relief sought was warranted.

The Court should not allow the Government to do General Flynn an undeserved and transparently political favor by palming off under Rule 48(a) matters he himself could not plausibly invoke as the basis for a motion to dismiss or for a new trial. Worse yet, this collusive maneuver makes General Flynn even better off because the Government seeks dismissal *with prejudice* – relief he himself could not achieve even if there were grounds for a new trial. It is hard to imagine a more generous windfall.

## II

## THERE IS NO LEGAL BASIS FOR DISMISSAL

As the moving party, the Government must show that the relief it seeks should be granted. Here there are two fatal difficulties. First, the motion comes too late. Second, the motion is without substantive merit.

## A

The Government's motion should be denied because it is too late.

The text of Rule 48(a) shows that that rule is no longer available to the Government once pleas have been accepted. The first sentence plainly deals with the pretrial phase, while the second deals with the trial phase. Both of those phases precede the stage this case has long since reached, so judicial relief now must come in the form of an order permitting withdrawal of the defendant's pleas or granting a new trial.

In *In re Washington*, the *en banc* Fifth Circuit observed that the post-conviction timing of a Rule 48(a) motion "is not sufficient, alone, to justify the court's refusal to dismiss the indictment," 544 F.2d at 206, but it did so without presenting any analysis of the text of the rule.

The same is true of *Watts v. United States*, 422 U.S. 1032 (1975), on which the Fifth Circuit relied, as well as the Supreme Court's later *per curiam* in *Rinaldi*.

In *United States v. Smith*, 467 F.3d 785, 789 (D.C. Cir. 2006), the Court of Appeals expressly did not reach the question "whether Rule 48 alone can properly be used to vacate a final conviction," and noted that the Supreme Court had not, in either *Rinaldi* or *Watts* "explained the scope or implications of those decisions." Because this Court has ample reasons to deny the Government's motion, it too need not address the logically antecedent question whether the motion even formally lies under Rule 48(a) as a matter of textual analysis. Whether or not the timing *alone* is fatal, nothing in *Washington* or *Smith* suggests that the timing either cannot or should not be taken into account in deciding whether to grant a Rule 48(a) motion. Given the substantial investment of judicial time and resources this case has already involved over several years, the timing of the Government's motion militates against relief.

B

Timing aside, the motion is deficient.

At issue in *United States v. Fokker Services B.V.*, 818 F.3d 733, 741 (D.C. Cir. 2016), on which the Government relies (at 10-11), was not a Rule 48(a) motion but a Deferred Prosecution Agreement. To be sure, the Court of Appeals observed that the district court should not, for separation of powers reasons, second-guess the Government's decision making about whether to bring or persist with charges, but that discussion was plainly dicta. Moreover, once a case has passed the critical juncture of the acceptance of pleas, any separation of powers concern either drops out of the equation or is greatly reduced. Rather than trenching on the Executive Branch's authority, for the Court to defer to the Executive *at that point* means that that political Branch

14

retains a string on the case – a string it can, if tolerated, use to yank a matter back to its sphere of authority.[37]

While "the principal object" of the leave of court requirement is to prevent "prosecutorial harassment" of federal criminal defendants through multiple trials and multiple dismissals, *id.* at 742, the Court of Appeals in *Fokker Services* did not suggest, much less hold, that that is Rule 48(a)'s *sole* object. As for whether Rule 48(a) dismissals are in the nature of political questions that lack guideposts for the exercise of judicial judgment, it may be that at times issues of resource allocation or prosecutorial priorities may drive decision making on whether to file a Rule 48(a) motion. *Cf. Heckler v. Cheney*, 470 U.S. 821 (1985). But the Government's own extensive motion refutes any claim that this is such a case. The impressive pains to which it has gone to explain its effort to scuttle this case are therefore a kind of legal "own goal." It protests too much.

That the Government is ordinarily entitled to a presumption of regularity when moving to dismiss, *Fokker Services*, 818 F.3d at 741, is not disputed. But the matters the Government has assembled are so flimsy that they cannot, by any standard, furnish an adequate basis for not merely turning back the hands of the clock but also, as the Government wishes, precluding prosecution of an admitted criminal for all time.

The "balance of proof" to which its motion refers (at 19-20) is of no moment where, as here, the defendant has entered a knowing, intelligent and voluntary plea of guilty not once, but twice, in writing and orally before the Court, and in so doing sought to express contrition. Fully advised, General Flynn admitted the elements of the crime, including the materiality of his false

---

[37] Institutional concerns the Court of Appeals noted, such as chilling law enforcement, causing delay, or impairing the performance of a core executive function, 818 F.3d at 741 (quoting *United States v. Armstrong*, 517 U.S. 456, 465 (1996)), are in no sense implicated by the Government's motion. Quite the reverse, the motion itself seems calculated to chill the FBI; it will hardly advance the speedy administration of justice, as all that remains is sentencing; and nothing in it suggests that completion of this case will impair the performance of any executive function, core or peripheral.

statements. *United States v. Flynn*, 411 F. Supp. 3d 15, 41-42 (D.D.C. 2019). Whether the Government could prove materiality or any other element (or whether he could have raised a reasonable doubt) if the case went to trial now is beside the point.

The Government expresses doubt that the evidence will lead to a conviction. Yet it has pointed to nothing that supports that view. Nothing in its papers goes to whether General Flynn did what he is accused to having done. Nor is there anything that suggests any of the evidence against General Flynn – evidence richly confirmed by his pleas –would be subject to a valid motion to suppress. The claim that the evidence available to the Government would no longer meet the constitutional threshold is preposterous. The same thing is true of its claim that General Flynn's lies were immaterial for § 1001 purposes because the United States already knew of his conversations with the Russian Ambassador by other means. That is like saying that the Government has no significant prosecutorial interest when an official leaks classified documents because copies are already circulating on the internet.[38]

Finally, the Government says it no longer believes prosecution serves a substantial federal interest.[39] But the only thing that has changed since General Flynn entered his guilty pleas is that the Government now says it is very unhappy with how the FBI's investigation was conducted. We do not contest that displeasure, but it is irrelevant. The "salient" good faith is not that of the FBI's actions that led to the charge, but whether the Government's efforts to terminate the prosecution

---

[38] It is surprising that the Logan Act, 18 U.S.C. § 953, has not figured more prominently in this controversy. Whether or not this and other administrations have permitted that statute to fall into *de facto* desuetude, *see* Gov't Motion at 15 n.4, it would certainly seem pertinent to whether General Flynn's interaction with Mr. Kislyak implicated a substantial federal interest.

[39] Sadly, it seems clear that for the Department of Justice, the notion of a "federal interest" has become conflated with the notion of what is perceived to be in the *political interest* of President Trump, namely the desire to have the Attorney General shut down investigations that the President does not like. It is no secret that President Trump bridled at former Attorney General Jeff Sessions' entirely justified decision to recuse himself from the investigation into Russian interference in the 2016 election.

are "tainted with impropriety." *Rinaldi*, 434 U.S. at 30. We know of no authority, and the Government points to none, that a failure to follow best practices – if that is what the Government seeks to prove – is a valid basis for dismissal after pleas have been accepted. Any other ruling would mean that a change of administrations or simply a change of heart would be sufficient reason to set aside what the Government and a defendant have already agreed to and the courts have already accepted upon due inquiry.

Any other ruling would also be the antithesis of the rule of law. To accept the Government's shifting views as to whether it should have brought a case in the first instance or the defendant's second thoughts about whether he should have confessed to crimes he previously acknowledged he committed would materially unsettle the federal criminal justice process. Shifts in the Government's position in cases that are complete except for sentencing are inherently suspect and strongly suggest that changing political winds are the explanation. As such, they erode public confidence in the administration of justice.

III

DISMISSAL WITH PREJUDICE IS UNWARRANTED

Even if the Government had made out a case for dismissal, the drastic relief of dismissal with prejudice is completely unwarranted. Granting that relief would be tantamount to saying that the Government's current representatives can change their minds as to whether the Government should have brought the case in the first place but their successors in office may not. Dismissal with prejudice would be no different in effect from granting a pardon, something the Court is not empowered to do.

In any event, the Government's motion asserts no violation of any constitutional or statutory right of General Flynn. Nor does it reveal either entrapment[40] or any other kind of official conduct that might lead a court to consider dismissal of charges.[41] Key elements of the Government's account of the facts, moreover, have been conclusively refuted, including by Mary B. McCord, the respected former acting head of the National Security Division.[42] Even if there were misconduct of some sort on the part of investigators, General Flynn's remedy, if any, is through the appellate process, not by way of a Government motion to dismiss. Dismissal would preclude any appellate review, if one were warranted, of a case that has already been concluded with a knowing guilty plea.

IV

THE ADMINISTRATION HAS AN ALTERNATIVE REMEDY

The Government's attempt to enlist this Court in its effort to wipe clean General Flynn's guilty pleas is particularly inappropriate because if the President wishes to, he can pardon him. Instead, the Government wishes to "'repudiate the whole proceeding it had initiated' rather than to utilize other avenues that were available.'"[43] It is an abuse of the Federal Rules of Criminal Procedure to seek to accomplish indirectly something that should be accomplished directly and forthrightly. The President has spoken highly of General Flynn and apparently now believes he has been treated unfairly. Nothing stands in the way of a pardon, even though nothing about the

---

[40] The Government's motion nowhere refers to entrapment.

[41] The conduct on which the Government relies is not even close to that in *Jacobson v. United States*, 530 U.S. 540 (1992). Additionally, unlike General Flynn, Mr. Jacobson contested the charges against him. General Flynn has moved to dismiss for egregious Government conduct, ECF No. 162, and the Government correctly opposed that motion. ECF No. 169.

[42] *See* Mary B. McCord, *The Truth About the Flynn Case*, N.Y. Times, May 13, 2020, at A27, col. 2. Ms. McCord should be called as a percipient witness if the Court conducts an evidentiary hearing on the Government's motion.

[43] *Salinas*, 693 F.2d at 353 (quoting *Parr v United States*, 225 F.2d 329, 338 (5th Cir. 1955) (Cameron, J., dissenting)).

case remotely suggests that General Flynn meets the Pardon Attorney's criteria.[44] And nothing prevents General Flynn from applying for a pardon if he wishes one. He has apparently yet to do so.[45]

The grounds relied on by the Government are insubstantial. It better preserves the integrity of the judicial process and public confidence in the administration of justice for the official who is responsible for clemency to exercise his discretion and, if warranted, pay the political price for doing so. This is especially true in the case of an individual who has admitted his guilt in open court. There is no reason for the Court to enable an Executive Branch ploy that would permit what is for all practical purposes a pardon to masquerade as the principled judgment of a court of law.

*Conclusion*

For the foregoing reasons, the motion to dismiss should be denied.

Respectfully submitted,

Evan Falchuk (D.C. Bar No. 450299)
429 Wolcott Street
Newton, MA 02466
(617) 564-3482
evan.falchuk@gmail.com

Stanley J. Marcuss (D.C. Bar No. 91363)
4616 29th Place, N.W.
Washington, DC 20008
(202) 256-0470
sjmarcuss@outlook.com

May 21, 2020

/s/ Eugene R. Fidell
Eugene R. Fidell (D.C. Bar No. 112003)
Feldesman Tucker Leifer Fidell LLP
1129 20th St., N.W., Ste. 400
Washington, DC 20036
(202) 466-8960
efidell@ftlf.com

*Attorneys for* Amicus Curiae
*Lawyers Defending American
Democracy, Inc.*

---

[44] Dep't of Justice Manual § 9-140.112.

[45] *See* https://www.justice.gov/pardon search-clemency-case-status-since-1989?last_name=Flynn.