

Leave to file GRANTED

*Emmet G. Sullivan*
United States District Judge
9-28-2020

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 17-cr-00232 (EGS) |
| MICHAEL T. FLYNN, | |
| *Defendant.* | |

## MOTION OF CRIMINAL LAW PROFESSORS FOR LEAVE TO FILE AN *AMICI CURIAE* BRIEF IN SUPPORT OF NEITHER PARTY

Pursuant to this Court's Minute Order of May 19, 2020, *amici curiae* criminal law professors respectfully move for leave to file the attached brief in support of neither party regarding the government's motion to dismiss the criminal information in this case, U.S. Mot. to Dismiss the Criminal Information (Dkt. No. 198). In support of this motion for leave to file, *amici* state:

1. *Amici* are law professors whose teaching and research focus on criminal law and criminal procedure, including the Federal Rules of Criminal Procedure. A full listing of *amici* appears in the Appendix to the attached brief.

2. As subject-matter experts, *amici* have a substantial interest in ensuring that this Court is aware of the role the "leave of court" provision is supposed to play in Federal Rule of Criminal Procedure 48(a). In particular, they have a strong interest in responding to the government's argument that Rule 48(a) was intended primarily to protect defendants from prosecutorial harassment and that this Court has little to no discretion in determining whether to allow the government to dismiss this case. *See* U.S. Mot. to Dismiss 10-11. As *amici* know, the text and history of Rule 48(a) demonstrate that the "leave of court" requirement was in fact designed to prevent corrupt or politically motivated dismissals that would harm the public interest.

1

3. This Court has "broad discretion" in deciding whether to allow the filing of *amicus curiae* briefs. *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007). "The filing of an *amicus* brief should be permitted if it will assist the judge 'by presenting ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs.'" *N. Mariana Islands v. United States*, No. 08-1572, 2009 WL 596986, at *1 (D.D.C. Mar. 6, 2009) (quoting *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003)); *In re Search of Info. Associated with [redacted]@mac.com*, 13 F. Supp. 3d 157, 167 (D.D.C. 2014) (same); *Iacangelo v. Georgetown Univ.*, No. 05-2086, 2009 WL 10693231, at *2 n.4 (D.D.C. June 11, 2009) (same). Courts have permitted third parties to participate as *amici curiae* when they "are of aid to the court and offer insights not available from the parties," *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994), and when they have "relevant expertise and a stated concern for the issues at stake in [the] case," *District of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011). "The primary role of the *amicus* is to assist the Court in reaching the right decision in a case affected with the interest of the general public." *Russell v. Bd. of Plumbing Exam'rs.*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999); *see Nat'l Ass'n of Home Builders*, 519 F. Supp. 2d at 93 (granting leave to file because "the court may benefit from [the amicus]'s input"); *Potomac Elec. Power Co.*, 826 F. Supp. 2d at 237 (same); *United States v. Microsoft Corp.*, No. 98-1232, 2002 WL 319366, at *3 (D.D.C. Feb. 28, 2002) (same).

4. The proposed, attached *amici curiae* brief plainly satisfies these standards. As explained below, the arguments of *amici* will assist this Court in understanding the scope of its authority under Rule 48(a), the parties have not presented these arguments to the Court, and the arguments are highly relevant to the disposition of the government's motion to dismiss in this case. *See* LCvR 7(o)(2).

5. On May 7, 2020, the government filed a motion to dismiss the criminal information against defendant Michael T. Flynn, who had previously pleaded guilty to one count of making false statements in violation of 18 U.S.C. § 1001(a)(2). U.S. Mot. to Dismiss. The government's motion, however, critically mischaracterizes Federal Rule of Criminal Procedure 48(a), which requires that the government obtain "leave of court" to dismiss an indictment, information, or complaint. Specifically, the government states that Rule 48(a)'s "leave of court" provision "serves 'primarily to guard against the prospect that dismissal is part of a scheme of prosecutorial harassment of the defendant' through repeated prosecutions"—a prospect that, the government emphasizes, is not at issue in this case. U.S. Mot. to Dismiss 10-11 (quoting *United States v. Fokker Servs. B.V.*, 818 F.3d 733, 742 (D.C. Cir. 2016)) (internal quotation marks omitted). Accordingly, the government suggests that in this case, where there is no allegation of prosecutorial harassment—indeed, the defendant has consented to the government's motion to dismiss, Notice of Consent to Gov't's Mot. to Dismiss (filed May 12, 2020) (Doc. 202)—the Court's role in granting leave is "'narrow' and circumscribed," U.S. Mot. to Dismiss 10 (quoting *Fokker Servs B.V.*, 818 F.3d at 742).

6. As *amici* know, however, the text and history of Rule 48(a) demonstrate that the Rule's "leave of court" provision was not solely, or even primarily, intended to protect defendants from prosecutorial harassment, as the government contends. Instead, it was designed to protect against corrupt or politically motivated dismissals that might undermine the fairness and integrity of our nation's criminal justice system. *See* Thomas Ward Frampton, *Why Do Rule 48(a) Dismissals Require "Leave of Court"?*, 73 Stan L. Rev. Online, at 2, 11 (forthcoming 2020), https://bit.ly/2WFEwNE. Therefore, *amici* have a substantial interest in ensuring that this

Court take into account the effect dismissal would have on the public interest in considering the government's motion.

7. Counsel for *amici* contacted counsel for the parties to determine whether they would consent to the filing of this brief. Counsel for the government have indicated that the government takes no position. Counsel for the defendant have not responded.

For the foregoing reasons, leave to file the attached *amici curiae* brief should be granted. A proposed order is enclosed with this motion.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: June 2, 2020 | /s/ Brianne J. Gorod |
|  | Brianne J. Gorod |

Elizabeth B. Wydra (DC Bar No. 483298)
Brianne J. Gorod (DC Bar No. 982075)
Dayna J. Zolle*
CONSTITUTIONAL ACCOUNTABILITY CENTER
1200 18th Street NW, Suite 501
Washington, D.C. 20036
(202) 296-6889
brianne@theusconstitution.org

*Counsel for Amici Curiae*

*Not admitted in D.C. (application pending); supervised by principals of the firm; *pro hac vice* motion pending

4

## CERTIFICATE OF SERVICE

I hereby certify that I filed two hard copies of the foregoing and the attached brief and proposed order with the Clerk of the Court for the United States District Court for the District of Columbia on June 2, 2020.

In addition, two copies of the above were sent were sent by FedEx, overnight delivery, postage prepaid, to:

Jesse R. Binnall
HARVEY & BINNALL, PLLC
717 King Street
Suite 300
Alexandria, VA 22314
(703) 888-1943

*Attorney for Michael Flynn*

Zainab Naeem Ahmad
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue NW
Room B-103
Washington, DC 20530
(202) 616-0800

*Attorney for the United States*

Dated: June 2, 2020

/s/ Brianne J. Gorod
Brianne J. Gorod